1  KENT J. SCHMIDT (SBN 195969)
   schmidt.kent@dorsey.com
2  NAVDEEP K. SINGH (SBN 284486) (*admission pending*)
   DORSEY & WHITNEY LLP
3  600 Anton Boulevard, Suite 2000
   Costa Mesa, CA 92626
4  Telephone: (714) 800-1400
   Facsimile: (714) 800-1499
5
6  Attorneys for Defendant KEURIG
   GREEN MOUNTAIN, INC.
7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

| 11 | KATHLEEN SMITH, on behalf of herself and all others similarly situated, | Case No. |
|---|---|---|
| 12 | | [Removal from the Superior Court of the State of California in and for the County of Alameda, Case No. RG18922722] |
| 13 | Plaintiff, | |
| 14 | v. | **NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT KEURIG GREEN MOUNTAIN, INC.** |
| 15 | KEURIG GREEN MOUNTAIN, INC.; and DOES 1 through 100, inclusive, | |
| 16 | Defendants. | **[28 U.S.C. §§ 1332(d) AND 1441]** |
| 17 | | |
| 18 | | [Filed Concurrently with Appendix of State Court Pleadings and Documents; Certificate of Interested Parties; and Civil Cover Sheet] |
| 19 | | |
| 20 | | |
| 21 | | Complaint filed: September 28, 2018
Trial Date: None Set |

22  / / /
23  / / /
24
25
26
27
28

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF KATHLEEN SMITH AND HER COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C §§ 1441, 1446 and 1453, and in accordance with 28 U.S.C. §§ 1332 and 1711, defendant Keurig Green Mountain, Inc. ("Defendant" or "Keurig") hereby removes this action—with reservation of all defenses and rights—from the Superior Court of the State of California for the County of Alameda, Case No. RG18922722, to the United States District Court for the Northern District of California.  Removal is proper on the following grounds:

## BACKGROUND

1. Plaintiff Kathleen Smith ("Plaintiff"), individually and on behalf of others similarly situated, filed a Class Action Complaint ("Complaint") against Keurig in the Superior Court of the State of California, County of Alameda, Case No. RG18922722, on September 28, 2018.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served upon Defendant as of the date of this filing are attached to the concurrently-filed Appendix of State Court Pleadings and Documents ("Appendix").

2. Keurig is the only named defendant in the Complaint.

3. Plaintiff asserts five causes of action against Keurig on behalf of herself and those similarly situated: Breach of Express Warranty (Compl., ¶¶ 41-49); violation of the California Consumer Legal Remedies Act, Cal Civ. Code § 1750 et seq. ("CLRA") (Compl., ¶¶ 50-56); violation of the "fraudulent" prong of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. ("UCL") (Compl., ¶¶ 57-62); violation of the "unlawful" prong of the UCL (Compl., ¶¶ 63-71); and violation of the "unfair" prong of the UCL (Compl., ¶¶ 72-81).

## GROUNDS FOR REMOVAL: CLASS ACTION FAIRNESS ACT

4. Removal is proper pursuant to 28 U.S.C. §§ 1441, 1446 and 1453 because this Court has subject matter jurisdiction over this action and all claims asserted against

/ / /

Defendant pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332(d).

5. CAFA reflects Congress' intent to have federal courts adjudicate substantial class action suits brought against out-of-state defendants. *See Std. Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013) (observing that "CAFA's primary objective [is] . . . ensuring 'Federal court consideration of interstate cases of national importance'") (citation omitted).

6. "Under CAFA, federal courts have original diversity jurisdiction over class actions where the aggregate amount in controversy exceeds $5,000,000, where the putative class size exceeds 100 persons, and where, among other possibilities, 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'" *King v. Great Am. Chicken Corp.*, No. 18-cv-55911, 2018 U.S. App. LEXIS 25300, at *6-7 (9th Cir. Sept. 6, 2018); *see also* 28 U.S.C. §§ 1332(d)(2)(A).

7. This action is a civil class action over which this Court also has original jurisdiction under 28 U.S.C. § 1332(d).

**A.      Defendant Satisfies Its Burden on Removal.**

8. In removing an action to federal court under CAFA, a defendant is not required to submit evidence that the jurisdictional elements are satisfied. To the contrary, a "defendant's notice of removal need include only a plausible allegation" that the CAFA requirements are satisfied. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Baretich v. Everett Fin., Inc.*, No. 18-cv-1327, 2018 WL 4579857, 2018 U.S. Dist. LEXIS 164609, at *6 (S.D. Cal. Sept. 25, 2018) (observing that "[d]efendant provided a 'short and plain statement of the grounds for removal' as required, and was not obligated to submit evidence in support of its notice of removal . . . there is no obligation on Defendant to submit any declarations or 'summary-judgment type evidence' in support of" its allegations that jurisdictional requirements under CAFA are satisfied for purposes of removal) (citation omitted).

/ / /

9. Additionally, "under CAFA, the jurisdictional allegations in the complaint can be taken as a sufficient basis, on their own, to resolve questions of jurisdiction where no party challenges the allegations." *Mondragon v. Capital One Auto Fin.*, 736 F. 3d 880, 886 (9th Cir. 2013).

10. Defendant satisfies its burden. Specifically, while Defendant expressly reserves all of its rights, and for purposes of meeting the jurisdictional requirements for removal only, Defendant submits that this action meets all requirements for federal jurisdiction under CAFA.

**B.     This Case is a Putative Class Action.**

11. CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8).

12. This case is a putative "class action" under CAFA because it was brought under a state statute or rule, namely California Code of Civil Procedure § 382, authorizing an action to be brought by one or more representative persons as a class action. *See* 28 U.S.C. § 1332(d)(1)(B); *see also* Compl., ¶ 34 ("Plaintiff brings this suit individually and as a class action pursuant to [Cal. Code Civ. Proc.] § 382 on behalf of herself and the following Class of similarly situated individuals . . .").

**C.     The Proposed Class Consists of More Than 100 Members.**

13. Plaintiff asserts that she "brings this suit . . . as a class action pursuant to [Cal. Code Civ. Proc.] § 382" and seeks to represent a class of "[a]ll persons who purchased [Keurig's] Products[1] for personal, family, or household purposes in California (either directly or through an agent) during the applicable period of statute of limitations." *See* Compl., ¶ 34.

14. Plaintiff asserts that she "is unable to state the precise number of potential members of the proposed class because that information is in the possession of Defendants. However, the number of class Members is so numerous that joinder would

---

[1] The Complaint defines the "Products" as "plastic single serve pods that contain coffee and that are labeled as 'recyclable'", and that are "advertised, marketed, and sold" by Keurig. *See* Compl., ¶ 2.

be impracticable.  The exact size of the Class and the identity of its members will be readily ascertainable from the business records of Defendants and Defendants' retailers as well as Class members' own records and evidence."  *See id.*, ¶ 35.

15. On information and belief, Keurig avers that the purported class contains well over 100 putative members.

16. Accordingly, while Defendant denies that class treatment is permissible or appropriate, for jurisdictional purposes, the proposed class consists of more than 100 members.

**D. Minimal Diversity Exists Because Defendant and Plaintiff (and other Putative Class Members) Are Not Citizens of the Same State.**

17. The minimum diversity of citizenship criteria under CAFA requires that the plaintiff or any member of the putative class is a citizen of a state that is different from that of any defendant.  *See* 28 U.S.C. § 1332(d)(2)(A).

18. Plaintiff "is a resident of Lafayette, California."  *See* Compl., ¶ 6.

19. The putative class also necessarily includes individuals who are citizens of California.  *See id.*, ¶ 34 (defining the class as "all persons who purchased the Products for personal, family, or household purposes ***in California***") (emphasis added).

20. Plaintiff alleges Keurig to be "a Delaware corporation, with its principal place of business in Waterbury, Vermont."  *See id..*, ¶ 7.  Plaintiff is correct that Keurig is incorporated in Delaware, but mistaken as to Keurig's principal place of business. Keurig's principal place of business and corporate headquarters is located in, at all relevant times has been located in, Burlington, Massachusetts.

21. Accordingly, Keurig is and has been at all relevant times a citizen of the states of Delaware and Massachusetts.  *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."); *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (recognizing that a corporation's principal place of business is where its "high level

1  officers direct, control, and coordinate" its operations and will "typically be found at its
2  corporate headquarters").

3      22.    Defendant is not and has never been a citizen of the State of California.

4      23.    Defendant is not aware that any Doe Defendants have been served with a
5  copy of the Summons and Complaint or been named as parties to the state court action.
6  The Court may disregard unidentified Doe Defendants for purposes of determining
7  whether jurisdiction exists. *See McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th
8  Cir. 1987).

9      24.    Because the proposed class representative – to say nothing of the putative
10 class members – is a citizen of a state different from that of Defendant, the minimum
11 diversity requirement is satisfied. *See* 28 U.S.C. § 1332(d)(2)(A).

12 **E.    The Amount Placed in Controversy by the Class Claims Exceeds $5 million.**

13     25.    The inquiry for determining if the amount in controversy requirement is
14 satisfied turns upon what the plaintiff puts in controversy, not what the defendant may
15 ultimately owe. *See Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal.
16 2005).

17     26.    Although Keurig denies that Plaintiff's claims have any merit, Keurig avers,
18 for the purposes of meeting the jurisdictional requirements for removal only, that the
19 requested monetary recovery exceeds $5 million.

20     27.    While the Complaint does not quantify a sum certain of damages sought, it
21 asks for various forms of relief, including injunctive relief, requesting a "corrective
22 advertising and information campaign", restitution, disgorgement, compensatory
23 damages, punitive damages, and reasonable attorney's fees and costs. (*See* Compl., p. 23
24 ("Prayer")).

25     28.    In class actions, "where the 'potential cost to defendants of complying with
26 [an] injunction exceeds [the jurisdictional minimum],' then the cost of compliance is 'the
27 amount in controversy for jurisdictional purposes.'" *Fefferman v. Dr Pepper Snapple*

*Grp., Inc.*, No. 13-cv-00160, 2013 U.S. Dist. LEXIS 193961, at *8 (S.D. Cal. Mar. 12, 2013) (citation omitted).

29. The cost to Keurig of complying with the requested injunction would significantly exceed $5 million. These costs include, but are not limited to, lost sales of the Products (which totaled approximately $4.1 million during the putative class period), approximately $9 million in lid inventory that would be rendered obsolete by the requested injunction, more than $1 million in lost value for the plates used to print the Products' lids (which would be rendered unusable by the proposed injunction), a minimum of $400,000 in recall costs (excluding penalties and vendor chargebacks owed to retailers, which would increase recall costs), more than $350,000 in Product inventory that would have to be destroyed, and additional sums for the corrective advertising requested in the Complaint.

30. Additionally, attorneys' fees expected to be requested by the Plaintiff are included in determining the amount in controversy. *See, e.g.*, *Fefferman*, 2013 U.S. Dist. LEXIS 193961, at *7, *9 – 10.

31. Although the amount of attorneys' fees that Plaintiff or the putative class might request is unknown at this point, it is likely to be substantial.

32. Even apart from attorneys' fees, the costs of compliance with the requested injunction would be, at a minimum, in excess of $5 million. Accordingly, this action meets the jurisdictional minimum amount in controversy, and removal to this Court is proper under CAFA.

F.   **TIMELINESS OF REMOVAL**

33. The Proof of Service of Summons indicates that the Complaint was served by mail to Keurig's Waterbury, Vermont, facility with a return acknowledgement of receipt, pursuant to Cal. Code Civ. Proc. § 415.40, on October 1, 2018. Under California law, "[s]ervice of a summons by this form of mail is deemed complete on the 10th day after such mailing." *See id*. Accordingly, service was complete on or about October 11,

2018.  *See also Student A. v. Metcho*, 710 F. Supp. 267, 268 (N.D. Cal. 1989) (recognizing that "state law determines when service is made") (citations omitted).

34. Because Defendant filed this notice of removal within thirty days of October 11, 2018, this notice of removal is timely.  This is because the notice of removal has been "filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  *See* 28 U.S.C. § 1446(b)(3); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) ("[W]e hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.").

## THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

35. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

    A. This is a civil action that is a class action;

    B. This action involves a putative class of more than 100 class members;

    C. The amount in controversy exceeds $5 million, exclusive of interest and costs; and

    D. Plaintiff and other putative class members are citizens of a state that is different from the states in which Keurig may be deemed a citizen.

Accordingly, removal of this action is proper under 28 U.S.C. § 1441.

36. The United States District Court for the Northern District of California is the appropriate venue for removal pursuant to 28 U.S.C. § 1441(a) because it embraces the County of Alameda, where Plaintiff originally filed the Complaint.  *See* 28 U.S.C. § 84(a).

/ / /

/ / /

37. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being provided to all adverse parties, and a copy of this Notice will be filed with the Clerk of the Superior Court of the State of California for the County of Alameda. The proof of service of this Notice to Adverse Party of Removal will be filed with this Court.

38. Defendant denies the allegations contained in Plaintiffs' Complaint and files this Notice of Removal without waiving any applicable defenses, objections or rights.

Respectfully submitted,

DATED: November 2, 2018      **DORSEY & WHITNEY LLP**

By: */s/ Kent J. Schmidt*
KENT J. SCHMIDT
NAVDEEP K. SINGH

Attorneys for Defendant KEURIG GREEN MOUNTAIN, INC.

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Costa Mesa, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 600 Anton Boulevard, Suite 2000, Costa Mesa, CA 92626. On November 2, 2018, I served the documents named below on the parties in this action as follows:

DOCUMENT(S) SERVED: **NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT KEURIG GREEN MOUNTAIN, INC.**

SERVED UPON:  Howard Hirsch
Ryan Berghoff
Lexington Law Group
503 Divisadero Street
San Francisco, CA 94117
Telephone: (415) 913-7800
Facsimile: (415) 759-4112
hhirsch@lexlawgroup.com
rberghoff@lexlawgroup.com
*Attorneys for Plaintiff Kathleen Smith*

☒ (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Costa Mesa, California. I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

☐ (BY FEDERAL EXPRESS) I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☒ (BY ELECTRONIC MAIL – COURTESY COPY) The above-referenced document was transmitted in "pdf" format by electronic mail ("e-mail") to each of the e-mail addresses listed, and no errors were reported.

☐ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court, at whose direction this service was made.

Executed on November 2, 2018, at Costa Mesa, California.

*/s/ Maria Santos*
Maria Santos