# EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

KEURIG GREEN MOUNTAIN, INC.; and DOES 1 through 100 , inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KATHLEEN SMITH, on behalf of herself and all other similarly situated.

ENDORSED
FILED
ALAMEDA COUNTY

SEP 2 8 2018

CLERK OF THE SUPERIOR COURT
By: ERICA BAKER, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Alameda County Superior Court

**CASE NUMBER:**
*(Número del Caso)* **RG18922722**

1225 Fallon Street
Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Howard Hirsch, Lexington Law Group, 503 Divisadero Street, San Francisco, CA 94117, (415) 913-7800

**DATE:** SEP 2 8 2018
*(Fecha)*

CHAD FINKE
EXECUTIVE OFFICER/CLERK

Clerk, by _____, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

4

# EXHIBIT B

1  LEXINGTON LAW GROUP
   Howard Hirsch, State Bar No. 213209
2  Ryan Berghoff, State Bar No. 308812
   503 Divisadero Street
3  San Francisco, CA 94117
   Telephone: (415) 913-7800
4  Facsimile: (415) 759-4112
   hhirsch@lexlawgroup.com
5  rberghoff@lexlawgroup.com

6  Attorneys for Plaintiff
   KATHLEEN SMITH

7

8

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                          COUNTY OF ALAMEDA

12

13
   KATHLEEN SMITH, on behalf of herself and all     Case No.  **RG18922722**
14 others similarly situated,

15              Plaintiff,                           **CLASS ACTION COMPLAINT**

16       v.

17 KEURIG GREEN MOUNTAIN, INC.; and DOES
   1 through 100, inclusive,
18
                Defendants.
19

20

21

22

23

24

25

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

ENDORSED
FILED
ALAMEDA COUNTY

SEP 2 8 2018

CLERK OF THE SUPERIOR COURT
By: ERICA BAKER, Deputy

Plaintiff Kathleen Smith ("Plaintiff"), on behalf of herself and those similarly situated, based on information, belief and investigation of her counsel, except for information based on personal knowledge, hereby alleges:

## INTRODUCTION

1.    The problems associated with plastic waste management are increasing locally, nationally and globally as the amount of plastic in the ocean, in freshwater lakes and streams, on land, and in landfills continues to grow. Nearly 90% of plastic waste is not recycled, with billions of tons of plastic becoming trash and litter. As consumers become increasingly aware of the problems associated with plastic waste, they are increasingly susceptible to marketing claims reassuring them that the plastic used to make and to package the products that they purchase is recyclable. Many consumers concerned with the proliferation of plastic waste actively seek to purchase products that are either compostable or recyclable to divert such waste from the ocean and landfills. Seeking to take advantage of consumers' concerns, defendant Keurig Green Mountain, Inc. ("Keurig") markets and sells plastic single serve coffee pods as recyclable, when the pods cannot in fact be recycled.

2.    This Complaint seeks to remedy Defendants' unlawful, unfair and deceptive business practices with respect to the advertising, marketing and sales of plastic single serve pods that contain coffee and that are labeled as "recyclable" (the "Products").[1] The Products are advertised, marketed and sold as recyclable. However, even if consumers take the many steps required to place the Products in their recycling bins, they are not in fact recyclable because most municipal recycling facilities are not properly equipped to capture such small materials. Furthermore, even where such facilities exist that are capable of segregating the Products from the general waste stream, the Products usually still end up in landfills anyway as there is no market to recycle the Products.

3.    Despite Defendants' marketing and advertising of the Products as recyclable, Defendants know that the Products typically end up in landfills. Defendants' representations that

---

[1] For example, one popular Product is sold under the brand name K-Cup®.

CLASS ACTION COMPLAINT

DOCUMENT PREPARED ON RECYCLED PAPER

the Products are recyclable are material, false, misleading and likely to deceive members of the public. These representations also violate California's legislatively declared policy against misrepresenting the characteristics of goods and services.

4.      Plaintiff purchased the Products in reliance on Defendants' false representations that the Products are recyclable. Plaintiff viewed Defendants' false representations on the labels and other marketing materials for the Products. If Plaintiff had known that the Products were not recyclable, Plaintiff would not have purchased the Products and would have instead sought out single serve pods or other coffee products that are otherwise compostable, recyclable or reusable. At a minimum, she would not have paid as much as she did if she knew the Products could not be recycled. Defendants thus breached their express warranty under the California Commercial Code § 2313; violated the California Consumers Legal Remedies Act ("CLRA") by making representations that the Products have characteristics, benefits and qualities which they do not have and by advertising the Products without the intent to sell them as advertised; and violated the Business and Profession Code § 17200 based on fraudulent, unlawful and unfair acts and practices.

5.      Plaintiff and the Class seek an order enjoining Defendants' acts of unfair competition and other unlawful conduct, an award of damages to compensate them for Defendants' acts of unfair competition, false and misleading advertising, and breaches of warranty, and restitution to the individual victims of Defendants' fraudulent, unlawful and unfair acts and practices.

## PARTIES

6.      Plaintiff Kathleen Smith is a resident of Lafayette, California. Plaintiff is concerned about the environment and seeks out products that are compostable, recyclable or reusable so that she can minimize her impact on the environment in general and on the country's plastic waste problems in particular. Therefore, Plaintiff specifically selected the Products in reliance on Defendants' representations that the Products are recyclable. The false representations are located on the labels and other marketing materials for the Products. Had

DOCUMENT PREPARED
ON RECYCLED PAPER

Plaintiff known that the Products are not recyclable, she would not have purchased the Products or would not have paid as much as she did for the Products.

7.     Defendant Keurig Green Mountain, Inc. is a Delaware corporation with its principal place of business in Waterbury, Vermont. Defendant Keurig Green Mountain, Inc. manufactures, distributes and sells the Products in California.

8.     DOES 1 through 100 are persons or entities whose true names and capacities are presently unknown to Plaintiff and members of the Class, and who therefore are sued by such fictitious names. Plaintiff and members of the Class are informed and believe, and on that basis allege, that each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged herein and are responsible in some manner for the matters alleged herein. Plaintiffs will amend this Complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

9.     Defendant Keurig Green Mountain, Inc. and DOES 1-100 are collectively referred to herein as "Defendants."

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over all causes of action asserted herein pursuant to the California Constitution, Article VI, Section 10, because this case is a cause not given by statute to other trial courts. This Court also has jurisdiction over certain causes of action asserted herein pursuant to Business & Professions Code §§ 17203 and 17204, which allow enforcement in any Court of competent jurisdiction.

11.     This Court has jurisdiction over Defendants because each is a corporation or other entity that has sufficient minimum contacts in California, is a citizen of California, or otherwise intentionally avails itself of the California market either through the distribution, sale or marketing of the Products in the State of California or by having a facility located in California so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

12.     Venue in the County of Alameda is proper under Business & Professions Code § 17203, Code of Civil Procedure §§ 395 and 395.5, and Civil Code § 1780, because this Court is

a court of competent jurisdiction and the Products are sold throughout this County. Concurrently with filing this Complaint, Plaintiff is filing an affidavit pursuant to Civil Code § 1780(c) regarding the propriety of venue in Alameda County.

## BACKGROUND FACTS

13.     In the past decade humans across the globe have produced 8.3 billion metric tons of plastic, most of it in disposable products that end up as trash. Of the 8.3 billion tons produced, 6.3 billion tons have become plastic waste and only nine percent of that has been recycled. The Environmental Protection Agency estimates that Americans alone disposed of more than 33 million tons of plastic in 2014, most of which was not recycled. While California has a goal to achieve a 75% recycling rate by 2020, California's recycling rate is actually in decline. In 2015, California's recycling rate was 50%, dropping to 47% in 2015 and down to 44% in 2017.

14.     The staggering amount of plastic waste accumulating in the environment is accompanied by an array of negative side effects. For example, plastic debris is frequently ingested by marine animals and other wildlife, which can be both injurious and poisonous. Floating plastic is also a vector for invasive species, and plastic that gets buried in landfills can leach harmful chemicals into ground water that is absorbed by humans and other animals. Plastic litter on the streets and in and around our parks and beaches also degrades the quality of life for residents and visitors. More recently, scientists have discovered that, as it degrades, plastic waste releases large amounts of methane, a powerful greenhouse gas. Thus, plastic waste is also thought to be a significant potential cause of global climate change. Consumers, including Plaintiff, actively seek out products that are compostable, recyclable or reusable to prevent the increase in global waste and to minimize their environmental foot print.

15.     The Products have received extensive criticism for their contribution to the plastic waste crisis. For instance, on January 7, 2015, an anonymous person posted a YouTube video entitled "Kill the K-Cup," which portrays an apocalyptic scene in which giant alien monsters who are themselves composed of K-Cups® invade a city and fire missile and bullet-like K-Cups® at terrified citizens. The video concludes with the message "Kill The K-Cup Before It Kills Our Planet," and provides statistics to drive home the point that the Products have dire consequences

to the environmental health of the planet. Nearly 1 million people viewed the video, which spawned the popular hashtag #KillTheKCup and the killthekcup.org website.

16. According to online estimates, in 2014 alone over 9.7 billion K-Cups® were produced, enough to circle the globe 12.4 times. As consumer backlash for the Products have increased over the years, even the inventor of single serve coffee pods, John Sylvan, has publicly stated his regret for inventing the Products and expressed doubts about whether they could ever be recycled.

17. In an attempt to counter negative publicity regarding the Products' impacts and to take advantage of consumers' concerns with respect to the environmental consequences caused by the Products, Defendants advertise, market and sell their Products as recyclable. More specifically, the packaging of Defendants' Products state that consumers can "[h]ave [their] cup and recycle it, too," in large green font. Adjacent to that statement on Defendants' packaging are instructions for how to recycle, including illustrations with the terms "PEEL," "EMPTY," and "RECYCLE," accompanied by the chasing arrow symbol that is commonly used and understood to mean that a product is recyclable. These claims are uniform, consistent and prominently displayed on each of the Products' labels. Following is a representative example of a Product label:



18.     Defendants' marketing, advertising and promotional materials for the Products, including Keurig's website, also uniformly represent that the Products are recyclable.  For instance, Keurig's website advertises the Products as recyclable as follows:

DOCUMENT PREPARED
ON RECYCLED PAPER





## Keurig Recyclable K-Cup® Pods

Today's popular varieties...with more to come!

   

   



CLASS ACTION COMPLAINT

Document Prepared
on Recycled Paper

13



Keurig® Recyclable K-Cup® pods are here and by the end of 2020, 100% of our K-Cup® pods will be recyclable.

To learn more about recycling, or the many other ways Keurig is making a difference in the environment, visit KeurigRecycling.com

The road to recyclability

19. The claims made by Defendants that the Products are recyclable are uniform, consistent and material. Because the claims are false and misleading, ordinary consumers, including members of the Class, are likely to be deceived by such representations.

20. The Legislature of the State of California has declared that "it is the public policy of the state that environmental marketing claims, whether explicit or implied, should be substantiated by competent and reliable evidence to prevent deceiving or misleading consumers about the environmental impact of plastic products." Cal. Pub. Res. Code § 42355.5. The policy is based on the Legislature's finding that "littered plastic products have caused and continue to cause significant environmental harm and have burdened local governments with significant environmental cleanup costs." *Id.* § 42355(a).

21. The California Business and Professions Code § 17580.5 makes it "unlawful for any person to make any untruthful, deceptive, or misleading environmental marketing claim, whether explicit or implied." Pursuant to that section, the term "environmental marketing claim" includes any claim contained in the Guides for use of Environmental Marketing Claims published by the Federal Trade Commission (the "Green Guides"). *Ibid; see also* 16 C.F.R. § 260.1, *et seq.* Under the Green Guides, "[i]t is deceptive to misrepresent, directly or by implication, that a product or package is recyclable. A product or package shall not be marketed as recyclable unless it can be collected, separated, or otherwise recovered from the waste stream through an

DOCUMENT PREPARED
ON RECYCLED PAPER

established recycling program for reuse or use in manufacturing or assembling another item." 16 C.F.R. § 260.12(a).

22. The majority of municipal recycling facilities in the United States, including California, are not properly equipped to capture materials as small as the Products or to segregate such small items from the general waste stream. Even in the rare instance where segregation is possible, the Products still end up in landfills anyway as there is no market to recycle the Products.

23. Defendants' recycling instructions require consumers to go through a number of time-consuming and cumbersome steps before recycling the Products, including separating the foil lid and removing the pod's contents. Unbeknownst to consumers, they are wasting their time and efforts since, even when they meticulously follow Defendants' instructions, the Products cannot be collected, separated or recovered from the waste stream due to their size and, even if they can be, the Products will ultimately end up in landfills anyway. Defendants' representations that the Products are recyclable are therefore per se deceptive under the Green Guides.

24. The Green Guides are clear: "if any component significantly limits the ability to recycle the item, any recyclable claim would be deceptive. An item that is made from recyclable material, but because of its shape, size or some other attribute is not accepted in recycling programs, should not be marketed as recyclable." 16 C.F.R. § 260.12(d). Here, the small size of the Products significantly limits the ability of recycling facilities to recycle them. Even where a recycling facility accepts the Products from consumers, recycling facilities are not actually capable of segregating the Products from the general waste stream due to their small size. The Products are also not recyclable as there is no market to recycle them.

25. Most consumers believe that if their Products are accepted into a recycling program, then those Products are recyclable. However, because the majority of recycling facilities cannot segregate such small waste from the general waste stream, and because there is no market to recycle the Products, the recycling facilities send the Products to landfills. Defendants' marketing of the Products as recyclable is thus a direct violation of the Green Guides.

DOCUMENT PREPARED ON RECYCLED PAPER

26.     Because the Products are not recyclable, Defendants cannot make any recycling claims as to the Products.  However, at a minimum, Defendants are required to clearly and prominently qualify recyclable claims to avoid deception about the availability of recycling programs and collection sites to consumers if consumers do not have access to facilities that can recycle their products.  16 C.F.R. § 260.12(b).  A marketer may only make an unqualified recyclable claim if a substantial majority of consumers or communities have access to recycling facilities capable of recycling the items.[2]  *Id.* § 260.12(b)(1).  Because a substantial majority of consumers do not have access to recycling facilities capable of recycling the Products, Defendants must at a minimum qualify any recyclability claim about the Products.

27.     According to the Green Guides, marketers may qualify recyclable claims by stating the percentage of consumers or communities that have access to facilities that recycle the item.  16 C.F.R. § 260.12(b)(2).  In the alternative, marketers may use qualifications that vary in strength depending on facility availability.  *Ibid.*  Thus, the strength of the qualification depends on the level of access to an appropriate facility.  For example, if recycling facilities are available to slightly less than a substantial majority of consumers or communities where the item is sold, the Green Guides recommend that a marketer should qualify the recyclable claim by stating "this product may not be recyclable in your area," or "recycling facilities for this product may not exist in your area."  *Ibid.*  If recycling facilities are available only to a few consumers, the Green Guides recommend a marketer to qualify its recyclable claim by stating "this product is recyclable only in a few communities that have appropriate recycling facilities."  *Ibid.*  Under these guidelines, to the extent Defendants can make any recycling claim at all for the Products, Defendants must provide an unequivocally strong qualification for its recyclability claim because a majority of recycling facilities are not capable of recycling the Products.

28.     Defendants' labeling and marketing materials for the Products state: "[c]heck locally."  This statement does not comply with the Green Guides.  The Green Guides specifically state that this type of qualification is deceptive.  In Green Guide Example 4, the qualification

---

[2] A "substantial majority" means at least 60 percent.  16 C.F.R. § 260.12(b)(1).

DOCUMENT PREPARED ON RECYCLED PAPER

"[c]heck to see if recycling facilities exist in your area" is considered deceptive because it does not adequately disclose the limited availability of recycling programs. 16 C.F.R. § 260.12, Example 4. Defendants' qualification is nearly identical to the deceptive statement identified in Example 4 because it advises the consumer to check for the availability of recycling programs, rather than inform the consumer of the extremely limited chance that the Products will ultimately be recycled.

29. Not only does this qualification violate the Green Guides, it is also not likely to be understood by a reasonable consumer. Plaintiff and most other consumers believe that if their municipality offers recycling services, then all products marketed as "recyclable" can be recycled. Thus, most consumers will place the Products in the recycling bin under the false impression that the Products can be recycled, when the Products cannot in fact be recycled in their area. In addition, most consumers will follow Defendants' cumbersome recycling instructions despite the fact that the Products cannot be recycled. Defendants' labeling, advertising and marketing claims that the Products are recyclable are therefore likely to deceive a reasonable consumer.

30. Plaintiff places a high priority on environmental concerns in general, and on the negative consequences regarding the proliferation of plastic waste in particular. In shopping for coffee products for her home, Plaintiff was particularly concerned about the recyclability of single serve pods that contain coffee. Based on the labeling and advertising of Defendants' Products, Plaintiff believed that the Products are recyclable in all locations, including Lafayette, California, where Plaintiff resides. Defendants' representations that the Products are recyclable are thus material to Plaintiff.

31. Plaintiff purchased the Products numerous times over the course of the past couple years directly from Keurig's website believing the recycling claims both on the Product's packaging as well as the website. Plaintiff purchased the Products in reliance on Defendants' representations that the Products are recyclable, when they are not in fact recyclable. To the contrary, the Products cannot be recycled. Defendants know that the Products end up in landfills, but Defendants fail to clearly make that qualification, leading Plaintiff and other members of the Class to believe that the Products are generally recyclable. Had Plaintiff and the other members

1    of the Class known that the Products are not recyclable — contrary to Defendants'

2    representations — they would not have purchased the Products or would not have paid as much

3    as they did for the Products.

4         32.    Plaintiff continues to desire to purchase recyclable single serve coffee pods.

5    Plaintiff would purchase single serve coffee pods manufactured by Defendants in the future if

6    Defendants' representations that the Products were recyclable were true.  Plaintiff would like to

7    buy recyclable single serve coffee pods from Defendants in the future, but is unable to determine

8    with confidence, based on the labeling and other marketing materials, whether the Products are

9    truly recyclable.  Plaintiff would not have purchased the Products, or would not have paid as

10   much as she did for the Products, if Defendants had disclosed that the Products were not

11   recyclable.

12        33.    Defendants are aware that the Products are not recyclable, yet Defendants have not

13   undertaken any effort to notify their end use customers of the problem.  Defendants' failure to

14   disclose that the Products are not recyclable is an omission of fact that is material to Plaintiff and

15   the other members of the Class.

16                              **CLASS ACTION ALLEGATIONS**

17        34.    Plaintiff brings this suit individually and as a class action pursuant to C.C.P § 382,

18   on behalf of herself and the following Class of similarly situated individuals:

19                     All persons who purchased the Products for personal, family or

20                     household purposes in California (either directly or through an

21                     agent) during the applicable statute of limitations period (the

22                     "Class").  Specifically excluded from the Class are Defendants; the

23                     officers, directors or employees of Defendants; any entity in which

24                     Defendants have a controlling interest; and any affiliate, legal

25                     representative, heir or assign of Defendants.  Also excluded are any

26                     judicial officer presiding over this action and the members of

27                     his/her immediate family and judicial staff, and any juror assigned

28                     to this action.

35.     Plaintiff is unable to state the precise number of potential members of the proposed Class because that information is in the possession of Defendants. However, the number of Class members is so numerous that joinder would be impracticable. The exact size of the proposed Class and the identity of its members will be readily ascertainable from the business records of Defendants and Defendants' retailers as well as Class members' own records and evidence. Thus, joinder of such persons in a single action or bringing all members of the Class before the Court is impracticable. The disposition of the claims of the members of the Class in this class action will substantially benefit both the parties and the Court.

36.     There is a community of interest among the members of the proposed Class in that there are questions of law and fact common to the proposed Class that predominate over questions affecting only individual members. Proof of a common set of facts will establish the liability of Defendants and the right of each member of the Class to relief. These common legal and factual questions, which do not vary among Class members and which may be determined without reference to the individual circumstances of any Class member include, but are not limited to the following:

      a.  whether Defendants advertise and market the Products by representing that the Products are recyclable;

      b.  whether the Products are recyclable as advertised and labeled by Defendants;

      c.  whether Defendants' marketing, advertising and labeling claims regarding the recyclability of the Products are likely to deceive a reasonable consumer;

      d.  whether Defendants know the Products cannot be recycled;

      e.  whether Defendants' representations regarding the recyclability of the Products are likely to be read and understood by a reasonable consumer;

      f.  whether Defendants' representations regarding the recyclability of the Products are in compliance with the Green Guides;

      g.  whether Defendants' claims regarding the recyclability of the Products would be material to a reasonable consumer of the Products;

      h.  whether Defendants' conduct in advertising, marketing and labeling of the

DOCUMENT PREPARED
ON RECYCLED PAPER

Products constitutes a violation of California consumer protection laws;

    i.   whether Defendants' representations concerning the Products constitute express warranties with regard to the Products;

    j.   whether Defendants breached the express warranties they have made with regard to the Products;

    k.   whether Defendants' representations regarding recycling constitute representations that the Products have characteristics, benefits or qualities which they do not have;

    l.   whether Defendants' advertised their Products without an intent to sell them as advertised;

    m.   whether punitive damages are warranted for Defendants' conduct and, if so, an appropriate amount of such damages; and

    n.   whether Plaintiff and the Class members are entitled to injunctive and other equitable relief and to monetary relief.

37.    Defendants utilize marketing, advertisements and labeling that include uniform misrepresentations that misled Plaintiff and the other members of the Class. Defendants' claims regarding the recyclability of the Products are one of the most prominent features of Defendants' marketing, advertising and labeling of the Products. Nonetheless, the Products are not in fact recyclable. Thus, there is a well-defined community of interest in the questions of law and fact involved in this action and affecting the parties.

38.    Plaintiff asserts claims that are typical of the claims of the entire Class. Plaintiff and all members of the Class have been subjected to the same wrongful conduct because they have purchased the Products that are labeled and sold as single serve coffee pods that are recyclable, when they are not in fact recyclable.

39.    Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has no interests antagonistic to those of other members of the Class. Plaintiff is committed to the vigorous prosecution of this action and has retained counsel

DOCUMENT PREPARED ON RECYCLED PAPER

1  experienced in complex litigation of this nature to represent her. Plaintiff anticipates no difficulty
2  in the management of this litigation as a class action.

3        40.      Proceeding as a class action provides substantial benefits to both the parties and
4  the Court because this is the most efficient method for the fair and efficient adjudication of the
5  controversy. Class members have suffered and will suffer irreparable harm and damages as a
6  result of Defendants' wrongful conduct. Because of the nature of the individual Class members'
7  claims, few, if any, could or would otherwise afford to seek legal redress against Defendants for
8  the wrongs complained of herein, and a representative class action is therefore appropriate, the
9  superior method of proceeding, and essential to the interests of justice insofar as the resolution of
10  Class members' claims are concerned. Absent a representative class action, members of the Class
11  would continue to suffer losses for which they would have no remedy, and Defendants would
12  unjustly retain the proceeds of their ill-gotten gains. Even if separate actions could be brought by
13  individual members of the Class, the resulting multiplicity of lawsuits would cause undue
14  hardship, burden and expense for the Court and the litigants, as well as create a risk of
15  inconsistent rulings which might be dispositive of the interests of the other members of the Class
16  who are not parties to the adjudications or may substantially impede their ability to protect their
17  interests.

18                          <u>**FIRST CAUSE OF ACTION**</u>

19        **(Plaintiff, on Behalf of Herself and the Class, Alleges Breach of Express Warranty)**

20        41.      Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 40 of
21  this Complaint.

22        42.      The Uniform Commercial Code § 2-313 provides that an affirmation of fact or
23  promise made by the seller to the buyer which relates to the goods and becomes part of the basis
24  of the bargain creates an express warranty that the goods shall conform to the promise.

25        43.      As detailed above, Defendants marketed and sold the Products as recyclable.
26  Defendants' representations that the Products are recyclable constitute affirmations of fact made
27  with regard to the Products as well as descriptions of the Products.

28

DOCUMENT PREPARED
ON RECYCLED PAPER

-15-

44. Defendants' representations regarding the recyclability of the Products are uniformly made in the Products' advertising, internet sites and other marketing materials, and on the Products' labeling and packaging materials, and are thus part of the basis of the bargain between Defendants and purchasers of the Products.

45. California has codified and adopted the provisions of the Uniform Commercial Code governing the express warranty of merchantability (Cal. Com. Code § 2313).

46. At the time that Defendants designed, manufactured, sold and distributed the Products, Defendants knew that the Products were not recyclable.

47. As set forth in the paragraphs above, the Products are not recyclable and thus do not conform to Defendants' express representations to the contrary. Defendants have thus breached their express warranties concerning the Products.

48. On July 23, 2018, Plaintiff sent a pre-suit demand letter to Defendants notifying Defendants that the Products are not recyclable. Defendants therefore have actual and constructive knowledge that the Products are not recyclable and were thus not sold as marketed and advertised.

49. As a direct and proximate result of Defendants' breach of express warranties, Plaintiff and Class members have suffered damages.

Wherefore, Plaintiff prays for judgment against Defendants, as set forth hereafter.

## SECOND CAUSE OF ACTION

**(Plaintiff, on Behalf of Herself and the Class, Alleges Violations of the California Consumers Legal Remedies Act – Injunctive Relief and Damages)**

50. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 49 of this Complaint.

51. Plaintiff and the Class members purchased the Products for personal, family or household purposes.

52. The acts and practices of Defendants as described above were intended to deceive Plaintiff and the Class members as described herein and have resulted and will result in damages

to Plaintiff and the Class members. These actions violated and continue to violate the CLRA in at least the following respects:

      a.    In violation of Section 1770(a)(5) of the CLRA, Defendants' acts and practices constitute representations that the Products have characteristics, uses or benefits which they do not;

      b.    In violation of Section 1770(a)(7) of the CLRA, Defendants' acts and practices constitute representations that the Products are of a particular quality, which they are not; and

      c.    In violation of Section 1770(a)(9) of the CLRA, Defendants' acts and practices constitute the advertisement of the Products without the intent to sell them as advertised.

53.    By reason of the foregoing, Plaintiff and the Class members have suffered damages.

54.    By committing the acts alleged above, Defendants violated the CLRA.

55.    In compliance with the provisions of California Civil Code § 1782, on July 23, 2018, Plaintiff provided written notice to Defendants of her intention to seek damages under California Civil Code § 1750, *et seq.*, and requested that Defendants offer an appropriate consideration or other remedy to all affected consumers. As of the date of this complaint, Defendants have not done so. Accordingly, Plaintiff seeks damages pursuant to California Civil Code §§ 1780(a)(1) and 1781(a).

56.    Plaintiff and the Class members are entitled to, pursuant to California Civil Code § 1780(a)(2), an order enjoining the above-described wrongful acts and practices of Defendants, providing actual and punitive damages and restitution to Plaintiff and the Class members, and ordering the payment of costs and attorneys' fees and any other relief deemed appropriate and proper by the Court under California Civil Code § 1780.

Wherefore, Plaintiff prays for judgment against Defendants, as set forth hereafter.

DOCUMENT PREPARED ON RECYCLED PAPER

CLASS ACTION COMPLAINT

## THIRD CAUSE OF ACTION

**(Plaintiff, on Behalf of Herself, the Class and the General Public,
Alleges Violations of California Business & Professions Code § 17200,
*et seq*. Based on Fraudulent Acts and Practices)**

57.     Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 56 of this Complaint.

58.     Under Business & Professions Code § 17200, any business act or practice that is likely to deceive members of the public constitutes a fraudulent business act or practice.

59.     Defendants have engaged and continue to engage in conduct that is likely to deceive members of the public. This conduct includes, but is not limited to, representing that the Products are recyclable.

60.     Plaintiff purchased the Products in reliance on Defendants' representations that the Products are recyclable. Defendants' claims that the Products are recyclable are material, untrue and misleading. These recyclable claims are prominent on all of Defendants' marketing, advertising and labeling materials, even though Defendants are aware that the claims are false and misleading. Defendants' claims are thus likely to deceive both Plaintiff and a reasonable consumer. Plaintiff would not have purchased the Products, or would not have paid as much for the Products, but for Defendants' false representations that the Products are recyclable. Plaintiff has thus suffered injury in fact and lost money or property as a direct result of Defendants' misrepresentations and material omissions.

61.     By committing the acts alleged above, Defendants have engaged in fraudulent business acts and practices, which constitute unfair competition within the meaning of Business & Professions Code § 17200.

62.     An action for injunctive relief and restitution is specifically authorized under Business & Professions Code § 17203.

Wherefore, Plaintiff prays for judgment against Defendants, as set forth hereafter.

DOCUMENT PREPARED
ON RECYCLED PAPER

## FOURTH CAUSE OF ACTION

**(Plaintiff, on Behalf of Herself, the Class and the General Public,
Alleges Violations of California Business & Professions Code § 17200, *et seq*.
Based on Commission of Unlawful Acts)**

63.     Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 62 of this Complaint.

64.     The violation of any law constitutes an unlawful business practice under Business & Professions Code § 17200.

65.     As detailed more fully in the preceding paragraphs, the acts and practices alleged herein were intended to or did result in the sale of the Products in violation of the CLRA, California Civil Code §1750, *et seq*., and specifically California Civil Code § 1770(a)(5), § 1770(a)(7) and § 1770(a)(9).

66.     Defendants' conduct also violates Section 5 of the FTC Act, 15 U.S.C. § 45, which prohibits unfair methods of competition and unfair or deceptive acts or practices in or effecting commerce.  By misrepresenting that the Products are recyclable, Defendants are violating Section 5 of the FTC Act.

67.     Defendants' conduct also violates California Business & Professions Code § 17500, which prohibits knowingly making, by means of any advertising device or otherwise, any untrue or misleading statement with the intent to sell a product or to induce the public to purchase a product.  By misrepresenting that the Products are recyclable, Defendants are violating Business & Professions Code § 17500.

68.     Defendants' conduct also violates California Business & Professions Code § 17580.5, which makes it unlawful for any person to make any untruthful, deceptive or misleading environmental marketing claim.  Pursuant to § 17580.5, the term "environmental marketing claim" includes any claim contained in the Green Guides.  16 C.F.R. § 260.1, *et seq*. Under the Green Guides, "[i]t is deceptive to misrepresent, directly or by implication, that a product or package is recyclable.  A product or package shall not be marketed as recyclable unless it can be collected, separated, or otherwise recovered from the waste stream through an

DOCUMENT PREPARED
ON RECYCLED PAPER

-19-

established recycling program for reuse or use in manufacturing or assembling another item." 16 C.F.R. § 260.12(a). By misrepresenting that the Products are recyclable as described above, Defendants are violating Business & Professions Code § 17580.5.

69.     Defendants' conduct is also a breach of warranty. Defendants' representations that the Products are recyclable constitute affirmations of fact made with regard to the Products, as well as descriptions of the Products, that are part of the basis of the bargain between Defendants and purchasers of the Products. Because those representations are material, false and misleading, Defendants have breached their express warranty as to the Products and have violated California Commercial Code § 2313.

70.     By violating the CLRA, the FTC Act, Business & Professions Code §§ 17500 and 17580.5, and California Commercial Code § 2313, Defendants have engaged in unlawful business acts and practices which constitute unfair competition within the meaning of Business & Professions Code § 17200. Plaintiff would not have purchased the Products, or would not have paid as much for Products, but for Defendants' unlawful business practices. Plaintiff has thus suffered injury in fact and lost money or property as a direct result of Defendants' misrepresentations and material omissions.

71.     An action for injunctive relief and restitution is specifically authorized under Business & Professions Code § 17203.

Wherefore, Plaintiff prays for judgment against Defendants, as set forth hereafter.

## FIFTH CAUSE OF ACTION

**(Plaintiff, on Behalf of Herself, the Class and the General Public,
Alleges Violations of California Business & Professions Code § 17200, *et seq.*
Based on Unfair Acts and Practices)**

72.     Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 71 of this Complaint.

73.     Under California Business & Professions Code § 17200, any business act or practice that is unethical, oppressive, unscrupulous or substantially injurious to consumers, or that violates a legislatively declared policy, constitutes an unfair business act or practice.

74. Defendants have engaged and continue to engage in conduct which is immoral, unethical, oppressive, unscrupulous and substantially injurious to consumers. This conduct includes, but is not limited to, advertising and marketing the Products as recyclable when they are not. By taking advantage of consumers concerned about the environmental impacts of plastic waste, Defendants' conduct, as described herein, far outweighs the utility, if any, of such conduct.

75. Defendants have engaged and continue to engage in conduct that violates the legislatively declared policy of the CLRA against misrepresenting the characteristics, uses, benefits and quality of goods for sale. Defendants have further engaged, and continue to engage, in conduct that violates the legislatively declared policy of Cal. Pub. Res. Code § 42355.5 against deceiving or misleading consumers about the environmental impact of plastic products.

76. Defendants' conduct also violates the policy of the Green Guides. The Green Guides mandate that "[a] product or package shall not be marketed as recyclable unless it can be collected, separated, or otherwise recovered from the waste stream through an established recycling program for reuse or use in manufacturing or assembling another item." 16 C.F.R. § 260.12(a). It further states that "[a]n item that is made from recyclable material, but because of its shape, size or some other attribute is not accepted in recycling programs, should not be marketed as recyclable." 16 C.F.R. § 260.12(d). As explained above, the Products cannot be separated from the waste stream due to their size. Nonetheless, some recycling facilities accept the Products even though they must eventually send the Products to a landfill because they cannot separate such materials and because there is no market to recycle the Products. It is unfair for Defendants to make a recyclable claim based on the fact that some recycling facilities will accept the Products, despite the recycling facilities' inability to actually recycle the Products. Moreover, consumers believe that products are recyclable when they are accepted by a recycling program, even if the recycling facilities end up sending the products to a landfill. Taking advantage of consumer perception of recycling programs violates the policy of the Green Guides.

77. Defendants' conduct, including failing to disclose that the Products will end up in landfills and not be recycled, is substantially injurious to consumers. Such conduct has and continues to cause substantial injury to consumers because consumers would not have purchased

the Products but for Defendants' representations that the Products are recyclable. Consumers are concerned about environmental issues in general and plastic waste in particular and Defendants' representations are therefore material to such consumers. Misleading consumers — and instructing them to follow cumbersome instructions in order to recycle the Products even though the Products will end up in a landfill despite those efforts — causes injury to such consumers that is not outweighed by any countervailing benefits to consumers or competition. Indeed, no benefit to consumers or competition results from Defendants' conduct. Defendants gain an unfair advantage over their competitors, whose advertising must comply with the CLRA, Cal. Pub. Res. Code § 42355.5, the Federal Trade Commission Act ("FTC Act"), Cal. Business & Professions Code § 17508, and the Green Guides. Since consumers reasonably rely on Defendants' representations of the Products and injury results from ordinary use of the Products, consumers could not have reasonably avoided such injury.

78.     Although Defendants know that the Products are not ultimately recycled, Defendants failed to disclose that fact to Plaintiff and the Class.

79.     By committing the acts alleged above, Defendants have engaged in unfair business acts and practices which constitute unfair competition within the meaning of California Business & Professions Code § 17200.

80.     An action for injunctive relief and restitution is specifically authorized under California Business & Professions Code § 17203.

81.     Plaintiff would not have purchased the Products, or would not have paid as much for Products, but for Defendants' unfair business practices. Plaintiff has thus suffered injury in fact and lost money or property as a direct result of Defendants' misrepresentations and material omissions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and relief against Defendants as follows:

A.     That the Court declare this a class action;

CLASS ACTION COMPLAINT

DOCUMENT PREPARED ON RECYCLED PAPER

B.     That the Court preliminarily and permanently enjoin Defendants from conducting their business through the unlawful, unfair or fraudulent business acts or practices, untrue and misleading advertising, and other violations of law described in this Complaint;

C.     That the Court order Defendants to conduct a corrective advertising and information campaign advising consumers that the Products do not have the characteristics, uses, benefits and quality Defendants have claimed;

D.     That the Court order Defendants to cease and refrain from marketing and promotion of the Products that state or imply that the Products are recyclable;

E.     That the Court order Defendants to implement whatever measures are necessary to remedy the unlawful, unfair or fraudulent business acts or practices, untrue and misleading advertising and other violations of law described in this Complaint;

F.     That the Court order Defendants to notify each and every Class member of the pendency of the claims in this action in order to give such individuals an opportunity to obtain restitution and damages from Defendants;

G.     That the Court order Defendants to pay restitution to restore all Class members all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair or fraudulent business act or practice, untrue or misleading advertising, plus pre- and post-judgment interest thereon;

H.     That the Court order Defendants to disgorge all monies wrongfully obtained and all revenues and profits derived by Defendants as a result of their acts or practices as alleged in this Complaint;

I.     That the Court award damages to Plaintiff and the Class to compensate them for the conduct alleged in this Complaint;

J.     That the Court award punitive damages pursuant to California Civil Code § 1780(a)(4);

K.     That the Court grant Plaintiff her reasonable attorneys' fees and costs of suit pursuant to California Code of Civil Procedure § 1021.5, California Civil Code § 1780(d), the common fund doctrine, or any other appropriate legal theory; and

DOCUMENT PREPARED ON RECYCLED PAPER

CLASS ACTION COMPLAINT

1    L.    That the Court grant such other and further relief as may be just and proper.

2

3

4    Dated:   September 28, 2018                    Respectfully submitted,

5

6                                                  LEXINGTON LAW GROUP

7

8                                                  Howard Hirsch (State Bar No. 213209)
                                                   Ryan Berghoff (State Bar No. 308812)
9                                                  LEXINGTON LAW GROUP
                                                   503 Divisadero Street
10                                                 San Francisco, CA 94117
                                                   Telephone: (415) 913-7800
11                                                 Facsimile: (415) 759-4112
                                                   hhirsch@lexlawgroup.com
12                                                 rbergoff@lexlawgroup.com
                                                   Attorneys for Plaintiff
13                                                 KATHLEEN SMITH

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

# EXHIBIT C

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Howard Hirsch (SBN 213209)
Lexington Law Group
503 Divisadero Street
San Francisco, CA 94117

TELEPHONE NO.: (415) 913-7800  FAX NO.: (415) 759-4112
ATTORNEY FOR (Name): Center for Environmental Health

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
Kathleen Smith v. Keurig Green Mountain, Inc., et al.

FOR COURT USE ONLY

ENDORSED
FILED
ALAMEDA COUNTY

SEP 2 8 2018

CLERK OF THE SUPERIOR COURT
By: ERICA BAKER, Deputy

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: RG18922722 |
|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☑ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify): Five
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 28, 2018
Howard Hirsch
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 9.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

# EXHIBIT D



# Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

---

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:

- Indicating your preference on Case Management Form CM-110;

- Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or

- Agree to ADR at your Initial Case Management Conference.

**QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
Or visit the court's website at http://www.alameda.courts.ca.gov/adr

### What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program:** Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

- o **Private Mediation:** This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

  - o **Judicial Arbitration Program (non-binding):** The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

  - o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

## Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
1968 San Pablo Avenue, Berkeley, CA 94702-1612
Telephone: (510) 548-2377    Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – <u>S</u>ervices that <u>E</u>ncourage <u>E</u>ffective <u>D</u>ialogue and <u>S</u>olution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephone: (925) 373-1035    Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607
Telephone: (510) 768-3100    Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:          FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | CASE NUMBER: |
|---|---|

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1. Date complaint filed: _____. An **Initial Case Management Conference** is scheduled for:

   Date:                  Time:                  Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process *(check one)*:

   ☐ Court mediation      ☐ Judicial arbitration

   ☐ Private mediation     ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:

   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____   ▶ _____

(TYPE OR PRINT NAME)             (SIGNATURE OF PLAINTIFF)

Date:

_____   ▶ _____

(TYPE OR PRINT NAME)             (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

Page 1 of 2

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

36

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____        ▶ _____
        (TYPE OR PRINT NAME)                          (SIGNATURE OF DEFENDANT)

Date:

_____        ▶ _____
        (TYPE OR PRINT NAME)                          (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

# EXHIBIT E

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Howard Hirsch (SBN 213209)<br>Lexington Law Group<br>503 Divisadero Street<br>San Francisco, CA 94117<br>TELEPHONE NO.: (415) 913-7800  FAX NO. *(Optional):* (415) 759-4112<br>E-MAIL ADDRESS *(Optional):* hhirsch@lexlawgroup.com<br>ATTORNEY FOR *(Name):* Center for Environmental Health | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda
STREET ADDRESS:   1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE:  Oakland, CA 94612
BRANCH NAME:   Rene C. Davidson Courthouse

| PLAINTIFF/PETITIONER: Kathleen Smith | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Keurig Green Mountain, Inc., et al. | RG 18922722 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☑ summons

   b. ☑ complaint

   c. ☑ Alternative Dispute Resolution (ADR) package

   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*

   e. ☐ cross-complaint

   f. ☑ other *(specify documents):*  please see Additional Page.

3. a. Party served *(specify name of party as shown on documents served):*

   Keurig Green Mountain, Inc.

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   33 Coffee Lane, Waterbury, VT 05676

5. I served the party *(check proper box)*

   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*  (2) at *(time):*

   b. ☐ **by substituted service.** On *(date):*  at *(time):*  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*  from *(city):*  or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: Kathleen Smith | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Keurig Green Mountain, Inc., et al. | RG 18922722 |

5. c. [✓] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* October 1, 2018        (2) from *(city):* San Francisco, CA

    (3) [ ] with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) [✓] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. [ ] **by other means** *(specify means of service and authorizing code section):*

    [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. [ ] as an individual defendant.
  b. [ ] as the person sued under the fictitious name of *(specify):*
  c. [ ] as occupant.
  d. [✓] On behalf of *(specify):* Keurig Green Mountain, Inc.
    under the following Code of Civil Procedure section:

| | |
|---|---|
| [✓] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
| | [ ] other: |

7. **Person who served papers**
  a. Name: Nick Redfield
  b. Address: 503 Divisadero Street, San Francisco, CA 94117
  c. Telephone number: (415) 913-7800
  d. **The fee** for service was: $
  e. I am:
    (1) [✓] not a registered California process server.
    (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
    (3) [ ] a registered California process server:
      (i) [ ] owner [ ] employee [ ] independent contractor.
      (ii) Registration No.:
      (iii) County:

8. [✓] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: October 1, 2018

Nick Redfield
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE )

1 | Affidavit Regarding Proper Venue Pursuant to Cal. Civil Code § 1780 (d)
2 |
3 |
4 |
5 |
6 |
7 |
8 |
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 | *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers)*:
27 | This page may be used with any Judicial Council form or any other paper filed with the court.

Page ___3___

1 LEXINGTON LAW GROUP
Howard Hirsch, State Bar No. 213209
2 Ryan Berghoff, State Bar No. 308812
503 Divisadero Street
3 San Francisco, CA 94117
Telephone: (415) 913-7800
4 Facsimile: (415) 759-4112
hhirsch@lexlawgroup.com
5 rberghoff@lexlawgroup.com

6 Attorneys for Plaintiff
KATHLEEN SMITH

ENDORSED
FILED
ALAMEDA COUNTY

SEP 2 8 2018

CLERK OF THE SUPERIOR COURT
By: ERICA BAKER, Deputy

7

8

9

10                SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                          COUNTY OF ALAMEDA

12

13

14   KATHLEEN SMITH, on behalf of herself and all        Case No.  **RG18922722**
     others similarly situated,

15                                                        **AFFIDAVIT REGARDING PROPER**
                    Plaintiff,                            **VENUE PURSUANT TO CAL. CIVIL**
16                                                        **CODE § 1780(d)**
            v.

17   KEURIG GREEN MOUNTAIN, INC.; and DOES
     1 through 100, inclusive,
18
                    Defendants.
19

20

21

22

23

24

25

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

AFFIDAVIT RE: VENUE – KATHLEEN SMITH V. KEURIG GREEN MOUNTAIN, INC.

42

# <u>PROOF OF SERVICE</u>

## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Costa Mesa, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 600 Anton Boulevard, Suite 2000, Costa Mesa, CA 92626. On November 2, 2018, I served the documents named below on the parties in this action as follows:

| DOCUMENT(S) SERVED: | **APPENDIX OF STATE COURT PLEADINGS AND DOCUMENTS** |
|---|---|

SERVED UPON:
Howard Hirsch
Ryan Berghoff
Lexington Law Group
503 Divisadero Street
San Francisco, CA 94117
Telephone: (415) 913-7800
Facsimile: (415) 759-4112
hhirsch@lexlawgroup.com
rberghoff@lexlawgroup.com
*Attorneys for Plaintiff Kathleen Smith*

☒ (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Costa Mesa, California. I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

☐ (BY FEDERAL EXPRESS) I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☒ (BY ELECTRONIC MAIL – COURTESY COPY) The above-referenced document was transmitted in "pdf" format by electronic mail ("e-mail") to each of the e-mail addresses listed, and no errors were reported.

☐ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court, at whose direction this service was made.

Executed on November 2, 2018, at Costa Mesa, California.

*/s/ Maria Santos*
_____
Maria Santos
