KENT J. SCHMIDT (SBN 195969)
schmidt.kent@dorsey.com
NAVDEEP K. SINGH (SBN 284486)
singh.navdeep@dorsey.com
DORSEY & WHITNEY LLP
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626
Telephone: (714) 800-1400
Facsimile: (714) 800-1499

CREIGHTON R. MAGID (*admitted pro hac vice*)
magid.chip@dorsey.com
DORSEY & WHITNEY LLP
1401 New York Avenue NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 442-3555
Facsimile: (202) 442-3199

Attorneys for Defendant KEURIG GREEN MOUNTAIN, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

KATHLEEN SMITH, on behalf of herself and all others similarly situated,

Plaintiff,

v.

KEURIG GREEN MOUNTAIN, INC.; and DOES 1 through 100, inclusive,

Defendants.

Case No. 4:18-cv-06690-HSG
Assigned to: Hon. Haywood S. Gilliam, Jr.

**DEFENDANT KEURIG GREEN MOUNTAIN, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date: March 21, 2019
Time: 2:00 p.m.
Courtroom: 2, 4th Floor

FAC filed: December 28, 2018
Trial Date: None Set

/ / /

/ / /

**TABLE OF CONTENTS**


A. Plaintiff Lacks Standing to Pursue the Requested Relief. 2

1. Plaintiff Has Not Made Plausible Allegations of Injury-in-Fact. 2

2. Plaintiff Has No Standing to Pursue Injunctive Relief. 3

B. Plaintiff Fails to State Any Actionable Claim Because the Labeling is Truthful and Consistent With the Green Guides. 5

C. The CLRA Claim and "Unfair" and "Fraudulent" Prongs of the UCL Claim Fail the Reasonable Consumer Test. 6

D. Keurig's Qualified Statement of Recyclability Does Not Support an Express Warranty Claim. 7

E. Plaintiff Fails to State an Actionable Claim for Unjust Enrichment. 8

F. Applying the EMCA to Keurig's Recyclability Claims Would Infringe Keurig's First Amendment Free Speech Rights. 8

G. The Class Allegations Should Be Stricken. 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allred v. Kellogg Co.*,
2018 U.S. Dist. LEXIS 38576 (S.D. Cal. Feb. 23, 2018) ........ 1

*American Beverage Association v. City and County of San Francisco*,
No. 16-16072 (9th Cir. Jan. 31, 2019) ........ 9

*Arroyo v. TP-Link USA Corp.*,
2015 WL 5698752 (N.D. Cal. Sept. 29, 2015) ........ 7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........ 1, 6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........ 1

*Branch v. Tunnell*,
14 F.3d 449 (9th Cir. 1994) ........ 3

*City of Los Angeles v. Lyons*,
461 U.S. 95 (1983) ........ 5

*Davidson v. Kimberly-Clark Corp.*,
889 F.3d 956 (9th Cir. 2018) ........ 3, 4, 5

*Herron v. Best Buy Co.*,
924 F. Supp. 2d 1161 (E.D. Cal. 2013) ........ 7

*Kasky v. Nike, Inc.*,
27 Cal. 4th 939 (2002) ........ 9

*Krommenhock v. Post Foods, LLC*,
2018 WL 1335867 (N.D. Cal. Mar. 15, 2018) ........ 6

*Ogden v. Bumble Bee Foods, LLC*,
2014 WL 27527 (N.D. Cal. Jan. 2, 2014) ........ 2

*Pilgrim v. Univ. Health Card, LLC*,
660 F.3d 943 (6th Cir. 2011) ........ 10

*Sanders v. Apple, Inc.*,
672 F. Supp. 2d 978 (N.D. Cal. 2009) ........ 10

*Wilson v. Frito-Lay North Am. Inc.*,
2013 WL 1320468 (N.D. Cal. April 1, 2013) ........ 7

*Zauderer v. Office of Disciplinary Counsel of Supreme Court of Ohio*,
471 U.S. 626 (1985) .......... 9

**Other Authorities**

16 C.F.R. § 260.12(a) .......... 1, 4, 5

16 C.F.R. § 260.12(b) .......... 1

16 C.F.R. § 260.12(b)(2) .......... 6

Plaintiff Kathleen Smith asserts wholly conclusory assertions that Keurig recyclable single use coffee pods (the "Recyclable Pods") are not recyclable. It is telling that Plaintiff, while citing to data concerning earlier versions of single serving coffee pods not designed to be (and not labeled as) recyclable, points to nothing in her First Amended Complaint ("FAC") supporting this assertion. Although it is certainly true that a plaintiff is entitled to *reasonable* inferences that can be drawn from a complaint, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Here, Plaintiff offers only *ipse dixit* assertions regarding the recyclability of the Recyclable Pods – assertions that are at odds with the observable practices of many recycling programs. New York City, for example, makes plain on its recycling website that it accepts Recyclable Pods for recycling, a practice wholly inconsistent with the notion that the Recyclable Pods are "too small" to be recycled. *See* Exhibit 1 to the accompanying Request for Judicial Notice.[1]

Moreover, Plaintiff does not point to any data as to the percentage of MRFs *nationwide* that are *capable* of recycling the Recyclable Pods. This is a critical omission, as the Federal Trade Commission "Green Guides" upon which Plaintiff relies for her claims makes plain (a) that a product is not mislabeled as recyclable if "it *can be* collected, separated, or otherwise recovered from the waste stream through an established recycling program for reuse or use in manufacturing or assembling another item," 16 C.F.R. § 260.12(a) (emphasis added), and (b) that whether a recycling claim must be qualified – and, if so, the extent to which it must be qualified, depends upon the availability of recycling facilities in the product's market area. *See* 16 C.F.R. § 260.12(b).

[1] Keurig has provided Plaintiff with extensive testing data from a variety of materials recovery facilities ("MRFs") demonstrating not only that the Recyclable Pods are recyclable in a variety of conditions, including full and crushed pods, but that over 90 percent of the Recyclable Pods made it past the size screens to the materials recovery line. Judge Battaglia of the Southern District has suggested that Keurig's recourse for avoiding expensive litigation based on factually baseless assertions in a complaint lies in Rule 11. *See Allred v. Kellogg Co.*, 2018 U.S. Dist. LEXIS 38576, *4 (S.D. Cal. Feb. 23, 2018). That should be unnecessary, given the facially baseless claims in the FAC.

**A. Plaintiff Lacks Standing to Pursue the Requested Relief.**

**1. Plaintiff Has Not Made Plausible Allegations of Injury-in-Fact.**

The FAC is devoid of any plausible allegations that Plaintiff has suffered a concrete and particularized "injury in fact" caused by Keurig's labeling that will be redressed by a ruling in her favor in this action.

As discussed above, Plaintiff does not plausibly allege that the Recyclable Pods are not recyclable in at least 60 percent of the communities in which they are sold – meaning that the labeling was not deceptive as a matter of law.

Second, Plaintiff does not plausibly allege that she was deceived at all, since the very website from which she purchased her Recyclable Pods expressly advised Plaintiff that the Recyclable Pods were not recyclable in all communities and to "*check with your local community to confirm*." (FAC at ¶ 36 (emphasis added).) Plaintiff either *ignored* Keurig's qualified statements regarding recyclability or did not find them material to her purchasing decision. In either case, Plaintiff cannot show that different qualifiers would have made a difference in her purchasing decisions. As *Ogden v. Bumble Bee Foods, LLC*, 2014 WL 27527, *7 (N.D. Cal. Jan. 2, 2014), a case cited by Plaintiff in her Opposition, makes clear, a showing of materiality is required to establish standing: "While a plaintiff need not demonstrate that the defendant's misrepresentations were 'the sole or even the predominant or decisive factor influencing his conduct,' *the misrepresentations must have 'played a substantial part' in the plaintiff's decisionmaking*.'" *Id*. (emphasis added).

Nor does Plaintiff explain how a ruling in her favor will alleviate her alleged injury. In her Opposition, Plaintiff argues that "there is no practical difference from a recycling standpoint between the [Recyclable Pods] and non-recyclable single serve coffee pods." Opposition at 8. Precisely. Even if Plaintiff were correct that the Recyclable Pods are not recyclable (and she is not), she has admitted that the alternative would no better serve her objective of environmental stewardship. Plaintiff's alternative argument – that she would not have paid as much for the Recyclable Products as she did had she known that they were (allegedly) not recyclable[2] – fares no better. As was clear from the website on

[2] It is telling with respect to the plausibility of the assertions in the FAC that Plaintiff can't say whether she would not have purchased the product or whether she would somehow have paid less for it. *See* FAC ¶38.

which Plaintiff purchased her Recyclable Pods, *there was no price difference between regular pods and Recyclable Pods*.[3] Plaintiff has no response to this apart from the circular argument that "she would not have paid as much as she did had she known they were not recyclable." But how can that be? The alternative products for her Keurig coffeemaker cost the same, and Plaintiff cannot plausibly claim that she simply would have paid less for the pods on Keurig's website.

**2. Plaintiff Has No Standing to Pursue Injunctive Relief.**

Plaintiff also lacks standing to pursue injunctive relief. Plaintiff does not dispute that she is fully familiar with the extent to which the Recyclable Pods may be recycled, and is therefore incapable of being deceived by the Recyclable Pods' labeling in the future. Rather, Plaintiff claims that the mere incantation of a phrase from *Davidson v. Kimberly-Clark Corp*., 889 F.3d 956 (9th Cir. 2018) ("*Davidson II*") gives her standing to pursue injunctive relief. It does not.

Merely parroting *Davidson II* by asserting that Plaintiff "would like to buy recyclable single serve coffee pods from Defendants in the future, but is unable to determine with confidence, based on the labeling and other marketing materials, whether the Products are truly recyclable" does not confer standing. As Keurig explained in its opening brief, there is a critical distinction between this case and *Davidson II*. *Davidson II* and its progeny refer to a plaintiff's inability to rely on packaging statements regarding *changes in the product itself*. *See Davidson II*, 889 F.3d at 970 ("the threat of future harm may be the consumer's plausible allegations that she might purchase the product in the future, despite the fact that it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume *the product was improved*") (emphasis added). Further, the Ninth Circuit in *Davidson II* emphasized that standing would exist because any such product changes would not be readily apparent to the consumer. *See Davidson II*, 889 F.3d at 971 ("Davidson's alleged harm is her *inability to rely on the validity of the information advertised* on Kimberly-Clark's wipes") (emphasis added). In other words, standing to pursue injunctive relief might exist where a plaintiff makes a *plausible* allegation that

[3] Plaintiff asserts that although she may reference the Keurig website in her FAC, Keurig may not reference the same website in its motion to dismiss. The Plaintiff cites undercuts her position and makes clear that "a document is not 'outside' the complaint if the complaint specifically refers to the document'" and may be considered on a motion to dismiss. *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).

she would purchase a product in the future *if the product itself changed in a way, imperceptible to the consumer*, that made it comport with labeling claims previously deemed inaccurate and misleading.

Here, by contrast, the dimensions of the Recyclable Pods are fixed (so as to fit into Keurig coffee makers) and readily knowable: a consumer can easily determine the dimensions of the Recyclable Pods. Plaintiff's claim is that the Recyclable Pods are "too small" to be recycled – not that imperceptible changes unknowable to the consumer might make the pods more recyclable. Any changes to the recyclability of the Recyclable Pods, therefore, would be entirely in the hands of third parties (the MRFs), who would either realize that the Recyclable Pods, unlike their forebears, are recyclable using existing equipment or would utilize equipment capable of recycling the Recyclable Pods. The entire rationale for the *Davidson II* rule is missing here.

Plaintiff's attempts to wedge the square peg of this case's facts into the round hole of *Davidson II* are unavailing. Contrary to Plaintiff's argument, the plaintiff in *Davidson II* could *not* tell whether the wipes were flushable merely by looking in her toilet. The *Davidson II* plaintiff came to learn that the Kimberly-Clark wipes there at issue were not "truly flushable" after she "investigated the matter" and "learned that flushable wipes caused widespread damage to home plumbing and municipal sewer systems" – something that would not be readily apparent. *See Davidson II*, 889 F.3d at 962. Equally infirm is Plaintiff's claim that the Recyclable Pods might be crushed and otherwise have their dimensions changed by the time they reach a MRF. Plaintiff's (unfounded) claim, however, is that the Recyclable Pods are "too small" to be recycled in *any* condition. They are not going to get larger on their way to the MRF. Plaintiff's alternative argument – that the Recyclable Pods might not be recycled because of an alleged weakness in the market for recycled polypropylene – offers no help to Plaintiff, because (1) the market for recycled products is not controlled or controllable by Keurig; (2) market demand for recycled polypropylene is not an intrinsic characteristic of the Recyclable Pods; and (3) whether a product is properly labeled as "recyclable" depends upon whether it *can be* recycled, not whether it *is* recycled. *See* 16 C.F.R. § 260.12(a) (a product is not mislabeled as recyclable if "it *can be* collected, separated, or otherwise recovered from the waste stream through an established recycling program for reuse or use in manufacturing or assembling another item") (emphasis added). Finally, Plaintiff's claim that "many" MRFs "are unwilling to answer detailed consumer inquiries about their recycling

capabilities" is meaningless. Not only does Plaintiff not quantify how many (or what percentage) of MRFs are unwilling to answer "detailed questions," she does not explain whether such MRFs are unwilling to say whether they accept Recyclable Pods – a dubious proposition, since Plaintiff listed several MRF websites in her FAC – or merely that they are reluctant to reveal trade secrets involving their operations.

Unlike *Davidson II*, where the plaintiff had no way of determining whether "the product was improved," *Davidson II*, 889 F.3d at 970, all pertinent information regarding the Recyclable Pods is known to the Plaintiff. The single variable subject to change is wholly outside Keurig's control. (If injunctive relief could be granted on the basis of changes extrinsic to the product itself, whether a product's labeling was misleading could vary from week to week based on factors wholly unknown to and uncontrolled by the product's seller – an absurd result that would eviscerate the rationale for *Davidson II*'s holding.) Plaintiff cannot claim, as the plaintiff did in *Davidson II*, that she will continue to suffer continuing harm as a result of "her inability to rely upon the validity of the information" provided by Keurig. *See Davidson II*, 889 F.3d at 971. As a result, Plaintiff cannot make the constitutionally required showing of "a sufficient likelihood that [she] will again be wronged in a similar way." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). Plaintiff lacks standing to assert a claim for injunctive relief.

### B. Plaintiff Fails to State Any Actionable Claim Because the Labeling is Truthful and Consistent With the Green Guides.

Plaintiff claims that Keurig's labeling of the Recyclable Pods constitutes a "deceptive" environmental marketing claim under the FTC's Green Guides. As noted above, whether a product is properly labeled as "recyclable" depends upon whether it *can be* recycled, not whether it *is* recycled. *See* 16 C.F.R. § 260.12(a). Further, the Green Guides make it clear that whether a recycling claim needs to be qualified, and what type of qualification may be needed, depends upon the availability of recycling facilities throughout a product's market area. *See* 16 C.F.R. § 260.12(a). The FAC, however, offers only naked assertions that the Recyclable Pods can't be recycled – citing anecdotal evidence from a few communities in California – rather than plausible allegations of nonrecyclability. Such pleadings are

insufficient to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678 (a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (citation omitted).

*Krommenhock v. Post Foods, LLC*, 2018 WL 1335867 (N.D. Cal. Mar. 15, 2018), does not hold to the contrary. In fact, *Krommenhock* makes Keurig's point. Judge Orrick, in *Krommenhock*, held that "*[b]ecause plaintiffs have cited significant evidence* linking consumption of excessive sugar to significant health problems, they survive the motion to dismiss." *Id*. at *4 (emphasis added).[4] Here, by contrast, Plaintiff has pointed to *no* evidence or basis for her assertion that the Recyclable Pods cannot be recycled. This falls far short of the pleading requirements in *Iqbal* or the evidentiary basis required by *Krommenhock*.

Plaintiff, furthermore, fails to indicate in her FAC whether her assertions pertain only to certain cities, only to California, or to some undefined, larger area. Because the FAC contains no reference to the percentage of MRFs in Keurig's market area are capable of recycling the Recyclable Pods, Plaintiff wholly fails to make out a plausible misrepresentation claim based on the Green Guides.

### C. The CLRA Claim and "Unfair" and "Fraudulent" Prongs of the UCL Claim Fail the Reasonable Consumer Test.

It is not plausible that a reasonable consumer – particularly one who, like Plaintiff, is concerned about the environment – would not read and understand the Recyclable Pod's clear labeling that the pods are "[n]ot recyclable in all communities" and the label's directive to "check locally" to determine whether the pods are recyclable in the consumer's community.

To argue that such qualifications are insufficient to inform a reasonable consumer that the Recyclable Pods cannot be recycled everywhere is to suggest that the qualifications outlined in the Green Guides (upon which the Plaintiff relies) are inadequate for the task. *See, e.g.*, 16 C.F.R. § 260.12(b)(2) ("if recycling facilities are available to slightly less than a substantial majority of consumers or communities where the item is sold, a marketer may qualify a recyclable claim by stating: "This product [package] may not be recyclable in your area," or "Recycling facilities for this product [package] may not exist in your area."). As the Green Guides suggest, a reasonable consumer is presumed to read

[4] Plaintiff is correct that she does not have to *prove* her claims at the motion to dismiss stage, but she does have to provide a sufficient factual basis to find that her claims are more than mere assertions.

qualifications of recycling claims – particularly where, as here, the qualifications are prominent and repeated.

The cases cited by Plaintiff do not compel a different result. *Wilson v. Frito-Lay North Am. Inc*., 2013 WL 1320468 (N.D. Cal. April 1, 2013), holds nothing more than that fine print in an ingredient list on a back panel cannot, as a matter of law, be said to suggest that a reasonable consumer would understand a "natural" claim on the front panel to mean something other than "all natural." *Herron v. Best Buy Co*., 924 F. Supp. 2d 1161 (E.D. Cal. 2013), says no more than the words "up to" have long been held inadequate to render claims of battery life, maximum speed, and the like nondeceptive. Neither case suggests that a reasonable consumer would ignore specific statements consistent with the Green Guides qualifying a product's recyclability claims.

### D. Keurig's Qualified Statement of Recyclability Does Not Support an Express Warranty Claim.

Identifying the Recyclable Pods as "recyclable" cannot give rise to a claim for breach of an express warranty because the recyclability claim is qualified and is therefore a non-actionable equivocal claim. The "recyclable" claim is accompanied by the statement that the Recyclable Pods are "[n]ot recycled by all communities" and by a directive that the consumer check the capabilities of local recycling facilities. This renders the express warranty equivocal. As set forth in Keurig's opening brief, such qualifications negate or limit an express warranty under California law.

*Arroyo v. TP-Link USA Corp*., 2015 WL 5698752 (N.D. Cal. Sept. 29, 2015), does not, as Plaintiff implies, say otherwise. In *Arroyo*, the defendant claimed that its network adapter could transmit data at speeds "up to 500 Mbps." The issue in *Arroyo* was not whether the "up to" language limited the warranty, but whether it was even possible for the adapter to transmit data, under any circumstances, at 500 Mbps. The court held that the defendant had warranted that "the technology was, in some capacity, capable of performing at the advertised speed." *Id*. at *10. *Arroyo* is therefore inapposite to the question of whether the plain statement that the Recyclable Pods are "[n]ot recycled by all communities" and the directive that consumers check the capabilities of local recycling facilities renders the express warranty equivocal and non-actionable.

Because any warranty here is equivocal, it cannot serve as the basis for a breach of warranty claim under California law.

**E. Plaintiff Fails to State an Actionable Claim for Unjust Enrichment.**

Plaintiff's attempt to avoid the fact that she has not suffered any injury by seeking restitution under an "unjust enrichment" theory should be denied. Plaintiff admits that, under California law, there is no standalone cause of action for "unjust enrichment" in a false or misleading advertising or labeling action. Although Plaintiff is correct that restitution can be asserted as an alternative measure of damages in certain situations in which a purchase based on false representations confers an unjust benefit on the seller, such a remedy is unavailable where, as here, Plaintiff's alternative was to purchase a different Keurig single use pod at the same price. Keurig therefore received no additional benefit. Plaintiff's "unjust enrichment" claim should be dismissed.

**F. Applying the EMCA to Keurig's Recyclability Claims Would Infringe Keurig's First Amendment Free Speech Rights.**

Plaintiff contends that free speech concerns are not triggered because, unlike other cases in which speech is unconstitutionally "compelled," here the Green Guides "do not mandate specific language" but are only "recommendations." (Opp. 18:4-5.) Plaintiff states that the Green Guides "merely provide *advice* to marketers to avoid making environmental marketing claims that are unfair or deceptive" and "*recommend* that marketers 'should qualify all recyclable claims." (Opp. 18:23-25, citing 16 C.F.R. § 260.1(a), (d) (emphasis added).) While this characterization of the Green Guides is accurate when viewed in isolation (and in the 49 other states), such is not the case in California. By enacting the EMCA, the California Legislature has converted advisory guidance into a legal mandate—*i.e.*, specifically, mandating speech. The constitutional challenge is thus directed, not to the Green Guides alone, but the EMCA, which incorporates and transformed those recommendations into mandated speech. (It is interesting, too, that Plaintiff now construes the Green Guides as merely advisory. This is wholly inconsistent with Plaintiff's position throughout the FAC, in which she portrays the Green Guides as a definitive standard and the examples of qualifying language as mandatory.)

Plaintiff next contends that Keurig's "attempt to profit" is relevant to the constitutionality of the EMCA's mandated speech and these regulations are indistinguishable from regulations requiring accuracy concerning advertising statements about where or how a product was manufactured. Plaintiff is incorrect. The EMCA-mandated speech is readily distinguishable from garden-variety claims of consumer deception involving information within the seller's unique or exclusive knowledge, such as

the location of production, the ingredients used, or the working conditions at manufacturing facilities. The Court in *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 962 (2002), for example, expressly premised its holding on the fact that those representations—the manner in which its shoes are manufactured—are typically "matters within the personal knowledge of the speaker or the person whom the speaker is representing." *Kasky*, 27 Cal. 4th at 962. In contrast, Keurig is *not* in a position superior to that of the consumer to ascertain the current and evolving capabilities of particular local recycling facilities. It is precisely for that reason that Keurig transfers this responsibility to the consumer—"check locally." Such a qualifying statement is appropriate because the recyclability of the product depends on the capabilities of the facilities.

Finally, Plaintiff misreads the Ninth Circuit's recent decision in *American Beverage Association v. City and County of San Francisco*, No. 16-16072 (9th Cir. Jan. 31, 2019), in summarily concluding that, because that court applied *Zauderer v. Office of Disciplinary Counsel of Supreme Court of Ohio*, 471 U.S. 626, 651 (1985), a "more deferential test," this Court must apply *Zauderer* to the EMCA's mandated speech. (Opp. 21:20-24.) Plaintiff does not address Keurig's argument that strict scrutiny applies because what is mandated by EMCA is not "factual and uncontroversial" (*See* Mtn. at 19-20, citing *National Institute of Family & Life Advocates v. Becerra*, 138 S. Ct. 2361, 2372 (2018) ("*NIFLA*"), quoting *Zauderer*, 471 U.S. at 650-53.) But even if this Court applies *Zauderer* to this challenge to the EMCA, the law fails to pass that more deferential test.

Like the regulation in *American Beverage Association*, the EMCA is "unjustified and unduly burdensome" because it is broader than reasonably necessary. In that case, the Ninth Circuit concluded that the objectives of the challenged ordinance could be accomplished with a smaller warning and San Francisco's mandate that that the warning occupy 20% of the space on the beverage was unconstitutional for that reason alone. (*American Beverage Association*, at p. 14.) Similarly, Keurig's method of qualifying its recyclability claims is clearly sufficient to inform the consumer that it should check locally to ensure that its recycling facility accepts the pods.

In support of its argument that the *Zauderer* standard is satisfied, Plaintiff returns to the notion that the Green Guides only "recommend" certain statements and are thus not onerous. (Opp. 19:26-20:8 ("the examples set forth in the Green Guides only *recommend* disclosing pertinent information"

(emphasis added).) The Green Guides cannot be viewed isolation without their incorporation into the EMCA. Moreover, if the collective effect of the Green Guides and the EMCA were only "recommendations" to Keurig, Plaintiff would not be filing this lawsuit.

**G. The Class Allegations Should Be Stricken.**

The putative class is overbroad because it does not exclude (a) persons whose local recycling programs accept and recycle Recyclable Pods or (b) persons who did not see or rely on the labeling or advertising at issue when deciding to purchase the Recyclable Pods. It is appropriate to strike such defective class allegations at this stage because no "discovery or . . . factual development would alter the central defect in [the] class claim," *Pilgrim v. Univ. Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011), and because the proposed definition does not exclude persons who did not actually rely on the recyclability claims. *See, e.g.*, *Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978, 990-991 (N.D. Cal. 2009). It is no answer simply to repeat, as Plaintiff does, that "labels matter." A given label may matter to some purchasers, but clearly does not to those who do not rely on the label in making a purchasing decision.

**CONCLUSION**

For the reasons set forth above, Keurig respectfully requests that this Court issue an order dismissing Plaintiff's FAC without leave to amend. Should the Court not dismiss the FAC, Keurig respectfully requests that the Court strike the strike the class allegations of the FAC.

Respectfully submitted,

DATED: March 8, 2019

**DORSEY & WHITNEY LLP**

By: *\/s/ Kent J. Schmidt*
KENT J. SCHMIDT
NAVDEEP K. SINGH
CREIGHTON R. MAGID
Attorneys for Defendant KEURIG GREEN MOUNTAIN, INC.

**CERTIFICATE OF SERVICE**

All Case Participants are registered for the USDC CM/ECF System

***Kathleen Smith v. Keurig Green Mountain, Inc.***
***Northern District of California Case Number 3:18-cv-06690-JSC***

**DEFENDANT KEURIG GREEN MOUNTAIN, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

I hereby certify that on March 8, 2019, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of California by using the court's CM/ECF system.

Participants in the case who are registered CM/ECF users will be automatically served by the CM/ECF system.

Dated: March 8, 2019

DORSEY & WHITNEY LLP

By: */s/ Kent J. Schmidt*
Kent J. Schmidt