UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KATHLEEN SMITH, on behalf of herself and all others similarly situated,

Plaintiff,

v.

KEURIG GREEN MOUNTAIN, INC.,

Defendant.

Case No. 4:18-cv-06690-HSG

**STIPULATED PROTECTIVE ORDER**

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order ("Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that the Designating Party believes in good faith contain: (1) trade secrets as that term is defined 18 U.S.C. § 1839(3); (2) non-public

communications with regulators or governmental bodies that are protected from disclosure by statute or regulation; (3) information reflecting non-public business or financial information and/or confidential competitive information that, if disclosed, could result in competitive harm to the Designating Party; (4) information subject to federal or state privacy rights; (5) information provided by a third party to a Designating Party with the understanding that the Designating Party would maintain such information in confidence and that otherwise qualifies for protection under this Order; or (6) any other information that is otherwise protectable under federal or applicable state law.

2.3 Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "CONFIDENTIAL Information or Items," disclosure of which to another Party or Non-Party would cause substantial risk of competitive injury.

2.8 House Counsel: attorneys who are employees of a party to this action (as well as their support staff). House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party.

2.11 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

4. **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. **DESIGNATING PROTECTED MATERIAL**

5.1 *Exercise of Restraint and Care in Designating Material for Protection.* Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection under this Order or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties in writing that it is withdrawing the mistaken designation. Information or items that a Designating Party so identifies in writing as not being subject to protection under this Order shall no longer be treated as Protected Material. Information or items that a Designating Party so identifies in writing as being appropriately designated as "CONFIDENTIAL" rather than "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall thereafter be treated as

"CONFIDENTIAL" rather than as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." In either event, the Designating Party shall produce new copies of the items or information either (a) without any confidentiality designation or (b) with a "CONFIDENTIAL" designation, as appropriate.

Thereafter, the document or information shall no longer be treated as Protected Material under this Order. The Designating Party shall also, at its own expense, produce new copies of the documents or information without any confidentiality designations.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each

page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify in writing no later than five (5) business days after the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may so indicate in writing no later than five (5) business days after the close of the deposition, hearing, or other proceeding, and shall have up to 30 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 30 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." During the five (5) business day designation period set forth above and, if so invoked by the Designating Party, the 30 day designation period, the entire record of the deposition, hearing, or other proceeding shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

A Party shall give the other Parties notice if it reasonably expects a deposition, hearing or other proceeding to include Protected Material, so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. Alternatively, the Designating Party may request that a separately bound transcript be prepared of those portions of the transcript that contain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) <u>for information produced in some form other than documentary and for any other tangible items,</u> that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If the Protected Material is produced in an electronic form with a load file, the Designating Party shall note the degree of confidentiality of the Protected Material in the load file. If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3 <u>Inadvertent Failure to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring within 10 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 15 business days after the later of (a) the conference between the parties; (b) five (5) business days after the Challenging Party has requested a conference if the Designating Party has not agreed to a reasonable date for the conference; or (c) such later period as may be agreed to in writing by the Receiving Party. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within the 15 business period set forth above shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party

- 8 -
STIPULATED PROTECTIVE ORDER – Case No. 4:18-cv-06690-HSG

may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge. To the extent the court rules that any information designated as Protected Material is not entitled to the confidentiality protection asserted by the Designating Party, the Designating Party, at its own expense, shall produce new copies of the documents or information without any confidentiality designations.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, including any related alternative dispute resolution. Such Protected Material may be shown to, discussed with, or otherwise disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the Receiving Party, including any officers, directors, and employees (including House Counsel) of the Receiving Party;

(c) Experts (as defined in this Order) of the Receiving Party, but only if (1) it is reasonable and necessary to disclose the document or information to them for purposes of this litigation; (2) they are not Parties; (3) they are not officers, directors or employees of Parties; (4) they are not affiliated in any way with Parties (except as an expert retained by a Party in this litigation); (5) they are not competitors of Parties; (6) they are not officers, directors or employees of competitors of Parties; (7) they are not affiliated in any way with competitors of Parties; and (8) they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the

Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information for this litigation;

(b) Experts of the Receiving Party to whom disclosure of such reasonable and necessary to disclose the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" document or information for purposes of this litigation, provided (a) that the Party engaging such expert certifies to the Producing Party in writing that the expert (1) is not a Party; (2) is not an officer, director, shareholder, beneficial owner, or employee of a Party; (3) is not affiliated in any way with a Party (other than as a retained expert in this litigation); (4) is not a competitor of of a Party; (6) is not an officer, director, shareholder, beneficial owner, or employee of a competitor of any Party; (7) is not affiliated in any way with a competitor of any Party (including as a consultant); and (b) such expert has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). In complying with this paragraph 7.3(b), the Receiving Party need not identify to the Producing Party the name of the expert to whom the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" document or information is provided if the Receiving Party has not otherwise disclosed the name of such expert.

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, mock jurors and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4 Discussion of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information with Clients. In the event that a Receiving Party's counsel believes in good faith that it is reasonable to consult with its client (or in the case of a corporate client, an officer or employee thereof), who would not be permitted access under the provisions of Section 7.3

above, about a document or information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that directly identifies such client, officer or employee, counsel may consult with such client, officer or employee about the portion of such document or information that directly identifies such client, officer or employee, so long as: (a) the consultation does not disclose specifically "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, but only the general subject matter of the document or information, (b) the document or information itself or any other portion thereof is not given or disclosed to such client, officer or employee, and (c) such client, officer or employee has signed a "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.5  Additional Protections. Should additional protections of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" become necessary, any party may move the Court for additional protection.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify the Designating Party in writing. Such notification shall include a copy of the subpoena or other process or order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order and gives the Party served with the subpoena or court order notice of the same, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In order to provide the Parties an adequate opportunity to designate information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," all information produced in this litigation by a Non-Party shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," whether or not stamped with that legend, for a period of 15 days following production. Furthermore, the inadvertent failure by any Party to designate information produced by Non-Parties as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" within that 15-day period shall not waive a Party's right to later so designate such information with prospective effect, so long as the designation correction is made in a timely fashion, consistent with Section 5.3 of this Order. The Receiving Party may challenge the designation of the information as provided in Section 6 of this Order.

(c) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement

with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    3.    make the information requested available for inspection by the Non-Party.

(d)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. **INADVERTENT PRODUCTION OF <u>PRIVILEGED OR OTHERWISE PROTECTED</u> MATERIAL**

If a Party inadvertently or mistakenly produces privileged material, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppels as to, any claim of privilege, work-product immunity, protection pursuant to the joint defense or common interest doctrine, or any other applicable privilege for the inadvertently produced document or any other document covering the same or a similar subject matter under applicable law, including Federal Rule of Evidence 502. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

12. **MISCELLANEOUS**

12.1 <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Redaction of Irrelevant Material.</u> A Disclosing Party may redact from Disclosure or Discovery Material that it considers to be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" but not relevant to the subject matter of the lawsuit. Any Disclosure or Discovery Material so redacted shall have "REDACTED" stamped on each page from which material or information has been redacted. Within ten (10) days of the production of such documents with redacted information, the Disclosing Party shall produce a log describing the nature of the redacted information with sufficiently specific information to enable the Receiving Party to evaluate the basis for the redaction.

12.4 <u>Filing Protected Material.</u> Without written permission from the Designating

Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(f) unless otherwise instructed by the court.

12.5 <u>Use at Trial or Hearing.</u> Notwithstanding any other provision of this Order, if the need arises during trial or at any hearing before the court for any Party to disclose Protected Material, the Parties shall confer and attempt to agree before any court trial or hearing regarding the procedures for which Protected Material may be used or introduced into evidence at such trial or hearing. Upon reaching agreement, the Parties shall give notice of the terms of such agreement to the Court and to each third party producing Protected Material that may be used or introduced at such trial or hearing. Any such agreement will be effective only upon Court approval. Absent agreement of the Parties, any Party upon reasonable notice to the Designating Party may move the Court to issue an order governing the use of Protected Material at a trial or hearing.

- 16 -
STIPULATED PROTECTIVE ORDER – Case No. 4:18-cv-06690-HSG

13. **FINAL DISPOSITION**

    13.1    Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

    13.2    Protected Material that resides on Parties' and Counsel's respective firms' electronic disaster recovery systems that are overwritten in the normal course of business is excluded from the provisions of Section 13.1, provided that the Receiving Party on whose disaster recovery systems such Protected Material resides agrees to maintain the confidentiality of such Protected Material and provides a written certification to that effect.

    13.3    Notwithstanding this Section 13, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

| | |
|---|---|
| Dated: 5/29/2019 | **LEXINGTON LAW GROUP**<br><br>_____<br>Howard Hirsch<br>*Attorneys for Plaintiff Kathleen Smith* |
| Dated: 5.29.19 | **DORSEY & WHITNEY LLP**<br><br>_____<br>Creighton Magid<br>Kent Schmidt<br>*Attorneys for Defendant Keurig Green Mountain, Inc.* |

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 6/6/2019

_____
Hon. Haywood S. Gilliam, Jr.
United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Kathleen Smith, et al. v. Keurig Green Mountain, Inc.*, Case No. 4:18-cv-06690-HSG. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
[printed name]

Signature: _____
[signature]