United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>KEURIG GREEN MOUNTAIN, INC.,<br><br>    Defendant. | Case No. 18-cv-06690-HSG<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 26 |

Plaintiff Kathleen Smith brings this putative class action against Defendant Keurig Green Mountain, Inc. ("Keurig"), alleging that Defendant's "recyclable" single-serve plastic coffee pods were mislabeled as such because they are not in fact recyclable, due to their size, composition, and a lack of a market to reuse the pods. Dkt. No. 20 ("FAC") ¶ 2. Now pending before the Court is Defendant's motion to dismiss, briefing for which is complete. Dkt. Nos. 26 ("Mot."), 38 ("Opp."), 41 ("Reply"). Having carefully considered the parties' arguments, the Court **DENIES** the motion.

I.     **BACKGROUND**[1]

Keurig sells various single-serve plastic coffee pods ("Pods"), some of which Keurig markets and sells as "recyclable." FAC ¶¶ 1–2. Although the purportedly "recyclable" Pods are made from Polypropylene (#5) plastic—a material currently accepted for recycling in approximately 61% of U.S. communities—domestic municipal recycling facilities ("MRFs") are not equipped to capture materials as small as the Pods and separate them from the general waste stream. *Id*. ¶¶ 22, 36. Keurig's instructions further impede the Pods' recyclability by advising

---

[1] Facts are taken from the complaint and presumed to be true at the motion to dismiss stage. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

users that they need not remove the Pods' paper filter, which ensures contamination. *Id.* ¶ 24. And due to the Pods' design, their foil lids are difficult to remove, posing another risk of contamination. *Id.* ¶ 23.

Plaintiff is a California resident who purchased Pods "in reliance on [Keurig]'s false representations that the [Pods] are recyclable" and followed Keurig's recycling instructions. *Id.* ¶¶ 37–38. Had Plaintiff known the Pods were not recyclable, she neither would have purchased them, nor would have paid the amount she did for them. *Id.* Plaintiff desires to continue purchasing recyclable single-serve coffee pods and would purchase such products properly manufactured and labeled by Keurig in the future. *Id.* ¶ 39.

Plaintiff brings six causes of action against Keurig, on behalf of herself and the putative class: (1) breach of express warranty, (2) violation of the California Consumers Legal Remedies Act ("CLRA"), (3) violation of California's Unfair Competition Law ("UCL") based on fraudulent acts and practices, (4) violation of the UCL based on commission of unlawful acts, (5) violation of the UCL based on unfair acts and practices, and (6) unjust enrichment. *Id.* ¶¶ 50–99.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek*, 519 F.3d at 1031. Nonetheless, Courts do not "accept as true allegations that are

2

merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). And even where facts are accepted as true, "a plaintiff may plead herself out of court" if she "plead[s] facts which establish that [s]he cannot prevail on [her] . . . claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quotation marks and citation omitted).

Rule 9(b) heightens these pleading requirements for all claims that "sound in fraud" or are "grounded in fraud." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (citation omitted); Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). "[The Ninth Circuit] has interpreted Rule 9(b) to require that allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993) (quotation marks and citation omitted). In short, a fraud claim must state the "who, what, when, where, and how" of the alleged conduct, *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997), and "set forth an explanation as to why [a] statement or omission complained of was false or misleading," *In re GlenFed, Inc. Secs. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc), *superseded by statute on other grounds as stated in Ronconi v. Larkin*, 253 F.3d 423, 429 & n.6 (9th Cir. 2001). "Malice, intent, knowledge and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

## III. DISCUSSION

Keurig raises seven grounds for dismissing all or some of Plaintiff's causes of action, none of which are persuasive.

### A. Standing

Keurig first argues that Plaintiff has failed to plead facts to establish standing, for four reasons: (1) she has not plausibly alleged an injury-in-fact, (2) she has not pled an injury fairly traceable to Keurig's conduct, (3) she has not pled a redressable injury, and (4) she lacks standing to pursue injunctive relief. *See* Mot. at 7–11.

A plaintiff seeking relief in federal court bears the burden of establishing "the irreducible

3

constitutional minimum" of standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). First, the plaintiff must have "suffered an injury in fact." *Id.* This requires "an invasion of a legally protected interest" that is concrete, particularized, and actual or imminent, rather than conjectural or hypothetical. *Lujan*, 504 U.S. at 560 (internal quotation marks omitted). Second, the plaintiff's injury must be "fairly traceable to the challenged conduct of the defendant." *Spokeo*, 136 S. Ct. at 1547. Third, the injury must be "likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan*, 504 U.S. at 560–61).

Standing requirements are more stringent for UCL claims. *See Kwikset Corp. v. Superior Court*, 246 P.3d 877, 886 (Cal. 2011). To establish economic injury, a party must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury*, and (2) show that that economic injury was the result of, i.e., *caused by*, the unfair business practice or false advertising that is the gravamen of the claim." *Id.* at 885. Plaintiffs can establish economic injury by showing that they surrendered more or acquired less in a transaction than they otherwise would have, by having a present or future property interest diminished, by being deprived of money or property to which they have a cognizable claim, or by being required to enter into a transaction that would otherwise be unnecessary. *Id.* at 885–86.

### 1. Injury-in-Fact

Keurig contends that Plaintiff has not suffered a concrete and particularized injury-in-fact caused by Defendant's labeling. Mot. at 7. It contends that because advertising for the Pods contained the disclaimer "check locally" regarding recyclability, Plaintiff either ignored the qualifying statements or bought the Pods knowing that they may not be recyclable at her local MRF. *Id*. Defendant also contends that Plaintiff relies on statements from MRFs stating that single-serve coffee pods generally are not recyclable, without specifically deeming *its* Pods non-recyclable. *Id*. at 7–8. Last, Defendant argues that because its recyclable Pods are priced the same as its nonrecyclable pods, Plaintiff cannot allege a compensable injury based on a price premium. *Id*. at 9.

The Court finds Plaintiff has sufficiently alleged an injury-in-fact. Defendant's argument

4

that Plaintiff's injury is not compensable wrongly assumes that Plaintiff's only choice was between Keurig's recyclable and non-recyclable pods. Plaintiff, however, had other available alternatives at the time of her purchase. The complaint alleges that if Plaintiff knew the Pods were not recyclable, she would have sought "other coffee products that are otherwise compostable, recyclable or reusable." FAC ¶ 4. Thus, that Keurig's recyclable and non-recyclable pods cost the same does not negate Plaintiff's alleged injury, as the price of Keurig brand substitutes does not change that Plaintiff alleges she paid more for the Pods than she otherwise would have because she thought they were recyclable. *See Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1104–05 (9th Cir. 2013) (finding the issue of economic injury for standing purposes is merely a threshold matter, so a specific measure of loss is not required). And Keurig's argument that Plaintiff failed to allege an injury because of the "check locally" disclaimer on advertising material for the Pods similarly fails. The complaint alleges that the disputed Pods are not recyclable at any MRF. *See* FAC ¶¶ 31, 38. If that is true, a "check locally" disclaimer could be misleading, as the disclaimer would falsely lead customers to believe that there was any point in "checking locally."

At this stage, the complaint's allegations that Plaintiff paid more than she would have in reliance on the labels are sufficient for both federal standing requirements and the heightened standing requirements for UCL claims.

### 2. Causation

Defendant next contends that even if Plaintiff sustained an injury, that injury is not fairly traceable to Defendant's labeling of its Pods. Mot. at 8. Defendant asserts that Plaintiff's inability to recycle is more appropriately attributable to a third party—namely, her local recycling facility—which Plaintiff alleges does not recycle the Pods. *Id.* But Keurig here mischaracterizes Plaintiff's injury: Plaintiff does not allege that she was injured by her inability to recycle the Pods, but rather that she suffered economic injury due to Defendant's mislabeling because she paid more than she would have paid had she known the Pods were not recyclable. *See* FAC ¶¶ 37–39. As the Supreme Court of California has explained, "a presumption, or at least an inference, of reliance [for purposes of causation] arises wherever there is a showing that a misrepresentation is material," and a misrepresentation is material if "a reasonable [consumer]

5

would attach importance to its existence or nonexistence in determining [their] choice of action in the transaction in question." *In re Tobacco II Cases*, 207 P.3d 20, 39 (Cal. 2009). The complaint here adequately alleges both materiality and that the mislabeling altered Plaintiff's course of action. *See* FAC ¶¶ 37–38.

### 3. Redressability

Keurig next argues that a judgment in Plaintiff's favor would not alleviate her injury. Mot. at 8–9. But again, Keurig wrongly assumes that Plaintiff's injury is merely the inability to recycle. As discussed above, however, Plaintiff's alleged injury is not that she was unable to recycle the Pods, but instead that she was misled to believe they were recyclable due to Defendant's mislabeling. FAC ¶¶ 4, 37–39. Accordingly, Plaintiff's injury would be redressed not by enabling her to recycle, but by making her whole and preventing Defendant's alleged mislabeling.

### 4. Standing for Injunctive Relief

In its last argument concerning standing, Keurig contends that Plaintiff lacks standing for injunctive relief because there is no risk of future deception to Plaintiff. Mot. at 10–11. A "previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an 'actual and imminent, not conjectural or hypothetical' threat of future harm." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969 (9th Cir. 2018) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). This threat of future harm may be shown by "the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to." *Id.* at 969–70.

In *Davidson*, the Ninth Circuit found a plaintiff adequately pled a risk of deception by the defendant in the future because design changes made to defendant's wipes to make them more flushable would be imperceptible to the consumer, and thus there would be no way to assess whether such changes improved the wipes' flushability. *Id*. at 970–71. Defendant argues that the informational injury in *Davidson* is not present here, because the Pods would have to be enlarged to make them recyclable. Mot. at 11. As a result, Plaintiff would never be deceived because she

6

1  could readily ascertain how recyclable the Pods are by looking at them. *Id*.

Keurig's reliance on *Davidson* is misplaced. Keurig could plausibly make recyclable Pods without changing their size: MRFs could evolve to be able to capture small plastics such as Pods, such that all Keurig would need to do is make it easier to clean out the Pods and remove their foil lids.

For all of these reasons, the Court finds Plaintiff has adequately pled facts to establish standing.

### B. Failure to State a Claim

Keurig's next overarching challenge is that the amended complaint fails to state any actionable claim because Keurig's labeling is truthful and consistent with what is known as the "Green Guides." *See* Mot. at 11–13. Defendant asserts that (1) the complaint failed to provide factual support for the allegation that MRFs are not properly equipped to capture the Pods; (2) plastic #5 is recyclable and Defendant made the proper qualifying statements along with its "Recyclable" labels; and (3) Plaintiff failed to support her allegation that less than 60 percent of MRFs can recycle the Pods, such that even if Defendant had not had any qualifying statements, its labels would not be deceptive under the Green Guides. *Id*. at 11–13.

Title 16, Section 260.12 of the Code of Federal Regulations ("the Green Guides") establishes commercial practices regarding recyclability claims. It states that "[a] product or package should not be marketed as recyclable unless it can be collected, separated, or otherwise recovered from the waste stream through an established recycling program for reuse or use in manufacturing or assembling another item." 16 C.F.R. § 260.12(a). It further states that "[i]f any component significantly limits the ability to recycle the item, any recyclable claim would be deceptive. An item that is made from recyclable material, but, because of its shape, size, or some other attribute, is not accepted in recycling programs, should not be marketed as recyclable." *Id*. § 260.12(d). The Green Guides also state that when recycling facilities are available to less than 60% of consumers where the item is sold, all recyclability claims should be properly qualified. *Id*. § 260.12(b)(1).

Keurig's reliance on the Green Guides at this stage proves too much. Setting aside the

7

adequacy of Keurig's qualifying statements, the Green Guides state that if a product is rendered non-recyclable because of its size or components—even if the product's composite materials are recyclable—then labeling the product as recyclable would constitute deceptive marketing. *See id.* § 260.12(d). And, among other things, the complaint alleges that the size and design of the Pods render them non-recyclable. *See* FAC ¶¶ 22–30. Thus, even following Keurig's logic that the Green Guides might operate as a liability shield, the allegations in the complaint are not precluded based on the Green Guides's plain text.

### C. CLRA and UCL Claims

Plaintiff brings claims under the California Consumer Legal Remedies Act ("CLRA") and the "fraudulent," "unlawful," and "unfair" prongs of the Unfair Competition Law ("UCL"). FAC ¶¶ 59–90. To bring CLRA and UCL causes of action for environmental mismarketing, a plaintiff must allege that the marketing was untruthful, deceptive, or misleading to "reasonable consumers." *See Hill v. Roll Int'l Corp.*, 128 Cal. Rptr. 3d 109, 114–15 (Ct. App. 2011).[2] Put another way, the reasonable consumer test requires a plaintiff to show that a reasonable consumer would find the disputed advertising false or misleading. Plaintiffs must "show potential deception of consumers acting reasonably in the circumstances—not just any consumers." *Hill*, 128 Cal. Rptr. at 114. In *Hill*, for example, the court found that no reasonable consumer would believe that a green water drop symbol on a bottle represented that the water it contained was environmentally superior. *Id*.

Defendant moves to dismiss all but Plaintiff's claim under the "unlawful" prong of the UCL on the grounds that the complaint does not show how a reasonable consumer under the circumstances would find the representation of recyclability untruthful, deceptive, or misleading. *See* Mot. at 13–14. Defendant contends it is implausible that a reasonable consumer under the circumstances—*i.e.* a consumer who wants to preserve the environment—would not understand the recyclability of the Pods in light of the disclaiming language that they are "[n]ot recyclable in

---

[2] Because the parties agree that both the CLRA claim and the disputed UCL claims should be assessed under the "reasonable consumer test," *see, e.g.*, *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008), the Court addresses these claims together. *See* Mot. at 13; Opp. at 14–15.

8

all communities" and the directive for consumers to "check locally" to determine recyclability at their local MRFs. Mot. at 14–15. Defendant points to several cases in which courts have found that advertising is not false or misleading because the terms of the advertisement were clarified in disclaimers and labeling. Mot. at 15 (citing *Girard v. Toyota Motor Sales, U.S.A., Inc.*, 316 F. App'x 561, 563 (9th Cir. 2008) (dismissing UCL and CLRA claims because a reasonable consumer would not be misled based on adequate disclaimers); *Freeman v. Time, Inc.*, 68 F.3d 285, 289–90 (9th Cir. 1995) (finding that a reasonable consumer would not be deceived by a sweepstakes mailer because of its disclaimer)). Defendant further relies on cases where common sense elucidated the truth behind the advertisements such that only an unreasonable consumer would find them false or misleading. *Id.* (citing *Stuart v. Cadbury Adams USA, LLC*, 458 F. App'x 689, 690–91 (9th Cir. 2011) (finding that only an unreasonable consumer would be deceived by defendant's failure to clarify that Trident White chewing gum only works if users continue to brush and floss regularly); *Barrett v. Milwaukee Elec. Tool, Inc.*, No. 14-cv-1804 JAH(DHB), 2016 WL 4595947, at *11–12, 15 (S.D. Cal. Jan. 26, 2016) (explaining that dismissal is warranted where a consumer disregards "well-known facts of life")).

Keurig fails to show how Plaintiff's claims do not satisfy the reasonable consumer test, for two reasons. First, Keurig again ignores that the complaint avers that the disputed Pods are not recyclable at all. *See* Opp. at 14. As a result, Defendant's purportedly analogous cases where disclaimers were sufficient to render an advertisement not false or misleading are irrelevant. *See Girard*, 316 F. App'x 561; *Freeman*, 68 F.3d 285. Similarly, cases where courts have found that a modicum of common sense would reveal the truth behind advertising are also inapplicable: common sense would not so clearly lead a person to believe that a package labeled "recyclable" is not recyclable anywhere. *See Stuart*, 458 F. App'x 689; *Barrett*, 2016 WL 4595947. Second, although Keurig argues that its labeling is sufficient under the Green Guides, as discussed above, the complaint alleges facts that indicate the opposite, facts which this Court must accept as true at this stage.

For these reasons, the Court finds that Plaintiff's claims are adequately pled under the reasonable consumer test.

9

**D.      Express Warranty Claim**

Plaintiff identifies the label "recyclable" as an express warranty and alleges that Keurig breached this warranty because the Pods are not recyclable. FAC ¶¶ 52–53, 56. Keurig moves to dismiss this claim, contending that the purported statement of warranty is so equivocal as to be inactionable. Mot. at 16. Defendant further contends that the qualifying statements on the Pods' packaging that say "check locally to recycle empty cup" preclude a breach of express warranty claim. *Id*.

For a breach of express warranty claim under California law, a plaintiff must allege (1) the exact terms of the warranty, (2) reasonable reliance thereon, and (3) that the breach of that warranty proximately caused plaintiff's injury. *See T & M Solar & Air Conditioning, Inc. v. Lennox Int'l, Inc.*, 83 F. Supp. 3d 855, 875 (N.D. Cal. 2015). To allege the exact terms of a warranty, a plaintiff must identify a "specific and unequivocal written statement" about the product that constitutes a guarantee. *Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1092 (N.D. Cal. 2017). In California, qualifying language may negate or limit an express warranty, but "negation or limitation is inoperative to the extent that such construction is unreasonable." Cal. Com. Code § 2316(1).

Plaintiff has sufficiently alleged a breach of express warranty claim. To start, although Keurig argues that the statement "recyclable" is equivocal because there is a qualifying statement that the Pods are "not recycled by all communities," Plaintiff disputes that this language is anywhere on the relevant packaging. *Compare* Mot. at 16, *with* Opp. at 16 ("As an initial matter, Defendant mischaracterizes the packaging. The labels on the Products purchased by Plaintiff do not say 'not recycled by all communities,' nor is there a directive that the consumer 'check the capabilities' of local recycling facilities."). Second, Plaintiff disputes the meaning Defendant attributes to the other qualifying statement to "check locally to recycle empty cup." *See* Opp. at 16. Although Defendant characterizes this language as advising consumers to check with their local MRFs to find out *if* they can recycle the Pods, Plaintiff maintains that the more reasonable interpretation of this language is as a directive telling consumers to check with local MRFs to learn *how* to recycle the Pods. *Compare* Mot. at 16, *with* Opp. at 16. This dispute of fact is

central to this claim, and Defendant has not proven that its interpretation is the only reasonable interpretation, which means the Court cannot resolve this dispute at the dismissal stage. *See Astiana v. Ben & Jerry's Homemade, Inc.*, Nos. C 10-4387 PJH, C 10-4937 PJH, 2011 WL 2111796, at *4 (N.D. Cal. May 26, 2011). Moreover, even if the Court were to accept Defendant's interpretation, the warranty could still be misleading because it would indicate that the Pods are recyclable somewhere, whereas the complaint alleges that the Pods are not recyclable at all.

For these reasons, and because Defendant does not contest Plaintiff's satisfaction of the other elements of a breach of express warranty claim, the Court finds dismissal of Plaintiff's express warranty claim is unwarranted.

### E. Unjust Enrichment Claim

Plaintiff brings a claim of unjust enrichment, claiming that she and other similarly situated buyers would not have bought the Pods at the price they did had they known the Pods were not recyclable and that Defendant was wrongly enriched by those purchases. FAC ¶¶ 91–99. Defendant contends that Plaintiff's unjust enrichment claim must fail because California law does not recognize unjust enrichment as a standalone cause of action. Mot. at 16–17.

There is generally "no cause of action in California for unjust enrichment." *Ib Melchior v. New Line Prods., Inc.*, 131 Cal. Rptr. 2d 347, 357 (Ct. App. 2003); *see also Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (same). Unjust enrichment is not a "theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so." *Ib Melchior*, 131 Cal. Rptr. 2d at 357 (quoting *Lauriedale Assocs., Ltd. v. Wilson*, 9 Cal. Rptr. 2d 774, 780 (Ct. App. 1992)). "It is synonymous with restitution," *id.*, and "is typically sought in connection with a 'quasi-contractual' claim in order to avoid unjustly conferring a benefit upon a defendant where there is no valid contract," *Lorenzo v. Qualcomm Inc.*, 603 F. Supp. 2d 1291, 1307 (S.D. Cal. 2009). But a court may also take a further step: "When a plaintiff alleges unjust enrichment, a court may construe the cause of action as a quasi-contract claim seeking restitution." *Astiana*, 783 F.3d at 762 (internal quotation marks omitted).

Plaintiff asks this Court to apply the principle set forth in *Astiana* and construe its unjust

11

enrichment claim as one in quasi-contract seeking restitution for the money wrongly earned by Defendant. Opp. at 17. At this stage, the Court will construe the cause of action accordingly, as it has done before. *See Monk v. North Coast Brewing Co., Inc.*, No. 17-cv-05015-HSG, 2018 WL 646679, at *5 (N.D. Cal. Jan. 31, 2018).

### F.     First Amendment Affirmative Defense

Defendant contends that Plaintiff's invocation of the Green Guides is tantamount to compelling speech by requiring Defendant to change its labeling of the Pods, and that such compelled speech violates the First Amendment. Mot. at 17. Defendant argues that *National Institute of Family & Life Advocates v. Becerra*, 138 S. Ct. 2361 (2018), stands for the principle that strict scrutiny should apply to this compelled commercial speech, and argues that California does not have a compelling governmental interest in mandating the wording of Keurig's qualifying statements. *Id*. at 18–19. Defendant further contends that it would be unduly burdensome to require Keurig to constantly monitor the number of MRFs at which the Pods are recyclable and revise its labeling accordingly. *Id*. at 21. Keurig also argues that the compelled speech is both over- and under-inclusive because the proportion of MRFs able to recycle the Pods in California does not reflect the proportion of MRFs able to recycle the Pods nationwide. *Id*.

Keurig again advances arguments that are unwarranted when taking all facts alleged in the complaint as true. The complaint alleges that the Pods are not recyclable at all. *See* Opp. at 14. Taking that allegation as true, it does not follow that Plaintiff seeks to compel Defendant to finetune its qualifying statement; rather, Plaintiff seeks to stop Defendant from mislabeling the Pods as "recyclable," because it alleges that statement is false. And Keurig cites to no persuasive case law for the principle that a prohibition against deceiving consumers constitutes compelled speech.

### G.     Class Allegations

Defendant last moves to strike Plaintiff's class allegations, claiming that the class definition is overbroad. Mot. at 21–23. Defendant contends that because the putative class does not exclude people whose local recycling facilities accept the Pods or people who did not rely on the "recyclable" label in choosing to buy the Pods, the class allegations would require

12

individualized inquiries to move forward, and thus should be stricken. *Id*. at 22.

The decision to strike a portion of the pleadings is within the sound discretion of the court. *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000). "While a Rule 12(f) motion provides the means to excise improper materials from pleadings, such motions are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits." *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010). And although district courts have authority to strike class allegations at the motion to dismiss stage, courts generally refrain from doing so because such motions are usually premature before the issue of class certification is before the court. *See, e.g.*, *Ben & Jerry's Homemade, Inc.*, 2011 WL 2111796, at \*14–15; *Rosales v. FitFlop USA, LLC*, 882 F. Supp. 2d 1168, 1179 (S.D. Cal. 2012).

In keeping with the general disfavor of motions to strike in this context, and because Defendant's motion is based on a misreading of the complaint, the Court finds the class allegations should not be stricken. Plaintiff alleges that the Pods are not recyclable anywhere, *see* Opp. at 14; unless this dispute of fact is resolved in Defendant's favor, a proposed class of people who purchased the Pods does not seem overbroad, as everyone who purchased the Pods, regardless of the capabilities of their local MRFs, would be affected. Thus, because this motion depends on a disputed question of fact, it is denied. Class allegations may be addressed at the class certification stage.

**IV. CONCLUSION**

For the foregoing reasons, Defendant's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: 6/28/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

13