UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN SMITH,<br><br>  Plaintiff,<br><br>v.<br><br>KEURIG GREEN MOUNTAIN, INC.,<br><br>  Defendant. | Case No. 18-cv-06690-HSG (KAW)<br><br>**ORDER REGARDING DISCOVERY LETTER NO. 2**<br><br>Re: Dkt. No. 122 |

Plaintiff Kathleen Smith filed the instant class action against Defendant Keurig Green Mountain, Inc., asserting that Defendant falsely labels certain single-serve plastic coffee pods ("K-Cups" or "Pods") as "recyclable" when they are not ("Products"). (*See* Class Cert. Order at 1, Dkt. No. 96.) On August 31, 2021, the parties filed a discovery letter concerning Request for Production ("RFP") Nos. 105-110.[1] (Discovery Letter, Dkt. No. 122.) RFP Nos. 105-110 seek documents regarding the sale of Defendant's Brewers, *i.e.*, the appliances used to brew coffee, tea, or hot beverages in pods. (*Id.* at 2.)

Plaintiff contends that this information will go to her "theory" that some consumers purchased Brewers in response to Defendant labeling the Products as recyclable. (Discovery Letter at 2-3.) Defendant responds that these requests seek irrelevant information because Plaintiff does not assert a claim related to Brewers and has never claimed damages attributable to Brewers. (*Id.* at 3.)

---

[1] The parties did not comply with the undersigned's standing order, which requires that the meet and confer "in person or by video conference," as parties state that they met and conferred telephonically. (Discovery Letter at 1; Judge Westmore Standing Order ¶ 13.) Additionally, it is unclear if the joint letter was filed within five business days of the lead trial counsels' meet and confer. (*See* Judge Westmore Standing Order ¶ 14.) Going forward, failure to comply with the undersigned's standing order may result in the Court summarily terminating discovery letters.

1       The Court agrees with Defendant.  This case does not concern the sale of Brewers, but of the Products.  Indeed, the operative complaint and Plaintiff's class certification motion do not appear to mention Brewers at all.  (*See* Dkt. Nos. 20, 65.)  Likewise, the class certification order certified a class of persons who bought the Products and held that Plaintiff had a plausible damages model based "on increased sales for the Challenged Products as a result of the recyclable claims."  (Class Cert. Order at 15-17, 21.)  Again, Brewers were not mentioned.  To the extent Plaintiff believes Defendant obtained new customers from labeling its Products as recyclable, the increased sales would be reflected in the number of Products sold.  Thus, there is no apparent connection between the sale of Brewers and the instant case, whether on its merits or as damages.  Accordingly, Defendant is not required to produce documents regarding the sale of Defendant's Brewers.

      IT IS SO ORDERED.

Dated: September 15, 2021

*Kandis Westmore*
KANDIS A. WESTMORE
United States Magistrate Judge