LEXINGTON LAW GROUP
Howard Hirsch, State Bar No. 213209
Meredyth Merrow, State Bar No. 328337
503 Divisadero Street
San Francisco, CA 94117
Telephone: (415) 913-7800
Facsimile: (415) 759-4112
hhirsch@lexlawgroup.com
mmerrow@lexlawgroup.com

SHAPIRO HABER & URMY LLP
Edward F. Haber
Ian J. McLoughlin
Patrick J. Valley
2 Seaport Lane
Boston, MA 02210
Telephone: (617) 439-3939
Facsimile: (617) 439-0134
ehaber@shulaw.com
imcloughlin@shulaw.com
pvallely@shulaw.com

*Attorneys for Plaintiffs*

DORSEY & WHITNEY LLP
Creighton R. Magid *admitted pro hac vice*
1401 New York Avenue NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 442-3555
Facsimile: (202) 442-3199
magid.chip@dorsey.com

DORSEY & WHITNEY LLP
Kent J. Schmidt (State Bar No. 195969)
Navdeep K. Singh (State Bar No. 284486)
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626
Telephone: (714) 800-1400
Facsimile: (714) 800-1499
schmidt.kent@dorsey.com
singh.navdeep@dorsey.com

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

KATHLEEN SMITH and MATTHEW
DOWNING, on behalf of themselves and all
others similarly situated,

Plaintiffs,

v.

KEURIG GREEN MOUNTAIN, INC.,

Defendant.

Case No. 4:18-cv-06690-HSG

<u>CLASS ACTION</u>

**STIPULATED FINAL JUDGMENT**

Judge:   Hon. Haywood S. Gilliam, Jr.

IT IS HEREBY ADJUDGED AND DECREED THAT:

1.     This Judgment incorporates by reference the definitions in the Stipulation of Settlement dated February 24, 2022 ("Stipulation"), attached as Exhibit 1, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation unless set forth differently herein.  The terms of the Stipulation are fully incorporated in this Judgment as if set forth fully here.

2.     The Court has jurisdiction over the subject matter of this action and all Parties to the action, including all Class Members who do not timely and validly exclude themselves from the Class.  The list of excluded Class Members is attached as Exhibit 2.

3.     Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court hereby amends the class previously certified by order dated September 21, 2020 by certifying the following Class for settlement purposes:

> All Persons in the United States who purchased the Challenged Products for personal, family or household purposes within the Class Period.  Specifically excluded from the Class are (a) Defendant, (b) Defendant's Affiliates, (c) the officers, directors, or employees of Defendant and its Affiliates and their immediate family members, (d) any legal representative, heir, or assign of Defendant, (e) all federal court judges who have presided over this Action and their immediate family members; (f) the Hon. Morton Denlow (Ret.) and his immediate family members; (g) all persons who submit a valid and timely Request for Exclusion from the Class; and (h) those who purchased the Challenged Products for the purpose of resale.

4.     Pursuant to Federal Rule of Civil Procedure 23(c)(3), all such persons or entities who satisfy the Class definition above, except those Class Members who timely and validly excluded themselves from the Class, are Class Members bound by this Judgment.

5.     Persons or entities that are listed on Exhibit 2 are not bound by this Judgment or the terms of the Stipulation and may pursue their own individual remedies against Defendant. However, such excluded parties are not entitled to any rights or benefits provided to Class Members by the terms of the Stipulation.

6.     Upon the Effective Date, as defined in the Stipulation, the named Plaintiffs and each Class Member other than those listed on Exhibit 2 shall be deemed to have, and by operation of this Final Settlement Order and Judgment shall have released, waived and discharged with

1

STIPULATED
FINAL JUDGMENT

prejudice Defendant and the other Released Parties from any and all Released Claims as set forth in Section IV of the Stipulation.

7.     All Class Members who have not timely and validly submitted requests for exclusion are bound by this Judgment and by the terms of the Stipulation.

8.     Plaintiff Smith is entitled to an incentive award of $5,000.  Plaintiff Downing is entitled to an incentive award of $1,000.  Class Counsel is entitled to reasonable attorneys' fees of $3,000,000 and reasonable expenses of $568,180.

9.     The Court hereby dismisses the Action with prejudice, and the Released Parties are hereby released from all further liability for the Released Claims.

10.     Without affecting the finality of this Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Judgment and the Stipulation, and all matters ancillary thereto.

11.     The Court finding that no reason exists for delay in ordering final judgment pursuant to Federal Rule of Civil Procedure 54(b), the clerk is hereby directed to enter this Judgment forthwith.

12.     The Parties are hereby authorized without needing further approval from the Court to agree to and adopt such modifications and expansions of the Stipulation, including without limitation the claim review procedure, that are consistent with this Judgment and do not limit the rights of Class Members under the Stipulation.

STIPULATED FINAL
JUDGMENT

1    **IT IS SO STIPULATED.**

2

3    Dated: March 16, 2023                     LEXINGTON LAW GROUP

4

5                                              */s/ Howard Hirsch*
                                              Howard Hirsch (State Bar No. 213209)
6                                              Meredyth Merrow (State Bar No. 328337)
                                              LEXINGTON LAW GROUP
7                                              503 Divisadero Street
                                              San Francisco, CA 94117
8                                              Telephone: (415) 913-7800
                                              Facsimile: (415) 759-4112
9                                              hhirsch@lexlawgroup.com
10                                             mmerrow@lexlawgroup.com

11                                             Attorneys for Plaintiffs
                                              KATHLEEN SMITH and MATTHEW DOWNING
12                                             and the Class

13   DATED:  March 16, 2023                    DORSEY & WHITNEY LLP

14                                             */s/ Howard Hirsch*  for
                                              Kent J. Schmidt (State Bar No. 195969)
15                                             Navdeep K. Singh (State Bar No. 284486)
                                              DORSEY & WHITNEY LLP
16                                             600 Anton Boulevard, Suite 2000
                                              Costa Mesa, CA 92626
17                                             Telephone: (714) 800-1400
                                              Facsimile: (714) 800-1499
18                                             schmidt.kent@dorsey.com
19                                             singh.navdeep@dorsey.com

20                                             Creighton R. Magid (admitted *pro hac vice*)
                                              DORSEY & WHITNEY LLP
21                                             1401 New York Avenue NW, Suite 900
                                              Washington, D.C. 20005
22                                             Telephone: (202) 442-3555
                                              Facsimile: (202) 442-3199
23                                             magid.chip@dorsey.com
24

25                                             Attorneys for Defendant
                                              KEURIG GREEN MOUNTAIN, INC.
26

27

28
                                                 3              STIPULATED FINAL
                                                                       JUDGMENT

1      **IT IS SO ORDERED.**

2

3    DATED:   3/17/2023

4                                                    HONORABLE HAYWOOD GILLIAM, JR.
                                                     UNITED STATES DISTRICT COURT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED FINAL
                                                                                        JUDGMENT

# Exhibit 1

LEXINGTON LAW GROUP
Howard Hirsch, State Bar No. 213209
hhirsch@lexlawgroup.com
Ryan Berghoff, State Bar No. 308812
rberghoff@lexlawgroup.com
503 Divisadero Street
San Francisco, CA 94117
Telephone: (415) 913-7800
Facsimile: (415) 759-4112

Attorneys for Plaintiffs

(Additional counsel listed below)

DORSEY & WHITNEY LLP
Kent J. Schmidt, State Bar No. 195969
schmidt.kent@dorsey.com
Navdeep K. Singh, State Bar No. 284486
singh.navdeep@dorsey.com
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626
Telephone:  (714) 800-1400
Facsimile:  (714) 800-1499

DORSEY & WHITNEY LLP
Creighton R. Magid (*admitted Pro Hac Vice*)
magid.chip@dorsey.com
1401 New York Avenue NW, Suite 900
Washington, D.C. 20005
Telephone:  (202) 442-3000
Facsimile:  (202) 442-3199

Attorneys for Defendant
KEURIG GREEN MOUNTAIN, INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN SMITH, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KEURIG GREEN MOUNTAIN, INC.,<br><br>Defendant. | Case No. 4:18-cv-06690-HSG<br><br>CLASS ACTION<br><br>**STIPULATION OF SETTLEMENT**<br><br>Judge:   Hon. Haywood S. Gilliam, Jr. |

1

**TABLE OF CONTENTS**

2

**Page**

3

I.      DEFINITIONS ................................................................................................... 1

4

II.     RECITALS .......................................................................................................... 5

III.    SETTLEMENT RELIEF .................................................................................... 7

5

IV.     RELEASES ......................................................................................................... 8

6

V.      CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY ............ 12

7

VI.     CLASS NOTICE AND COURT APPROVAL .................................................. 13

VII.    CONDITIONS; TERMINATION ...................................................................... 15

8

VIII.   COSTS, FEES AND EXPENSES ...................................................................... 16

9

IX.     COVENANTS AND WARRANTIES................................................................. 17

X.      MISCELLANEOUS .......................................................................................... 18

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

This Stipulation of Settlement is made and entered into by Plaintiff Kathleen Smith, on behalf of herself, and all others similarly situated, and Defendant Keurig Green Mountain, Inc.

**I.      DEFINITIONS**

A.      As used in this Stipulation, the following capitalized terms have the meanings specified below:

1.      "Action" means the case entitled *Smith v. Keurig Green Mountain, Inc.* removed from the Alameda County Superior Court on November 2, 2018, to the United States District Court for the Northern District of California and assigned Case No. 4:18-CV-06690-HSG.

2.      "Affiliate" means, with respect to any Person, any other Person that directly, or indirectly through one or more intermediaries, controls, is controlled by, or is under common control with such Person.  For purposes of the definition, "control" means (a) with respect to any corporation or other entity having voting shares or the equivalent and elected directors, managers, or Persons performing similar functions: (i) the ownership or power, directly or indirectly, to vote more than fifty percent (50%) of shares or the equivalent having the power to vote in the election of such directors, managers or Persons performing similar functions, or (ii) the ability, directly or indirectly, to direct its business and affairs, and (b) with respect to any other Person: the ability, directly or indirectly, to direct its business and affairs.

3.      "Approved Claim(s)" means the claims of Class Members approved by the Claim Administrator.

4.      "Cash Payment" means the $10 million to be paid by Defendant to be used for payment of the following: (1) Class Members' claims; (2) notice and administration costs, including expenses related to maintaining the Cash Payment Account (such as taxes that may be owed by the Cash Payment Account), if any; (3) attorneys' fees and costs; and (4) incentive awards to Plaintiffs.  The Cash Payment Account shall be administered by the Claim Administrator.

5.      "Cash Payment Account" means a bank account to be selected and administered by the Claim Administrator that shall hold the Cash Payment.

6.    "Cash Payment Balance" means the balance of the Cash Payment at the end of the Claim Review Period, consisting of the $10 million paid as the Cash Payment minus: (i)  up to $500,000 for Claim Administrator's notice and administration costs, including expenses related to maintaining the Cash Payment (such as taxes that may be owed on the Cash Payment), if any; (ii) attorneys' fees and costs; and (iii) incentive awards to Plaintiffs.

7.    "Challenged Products" shall mean any and all single serve coffee pods designed for use in Keurig® single serve coffee makers or brewing systems that are (a) labeled as recyclable; (b) sold in the United States; and (c) produced, sold, or distributed by Defendant or its Affiliates or produced by Defendant or its Affiliates for third parties, a non-exhaustive list of which is provided in Exhibit I.

8.    "Claim Administrator" means the independent company agreed upon by the Parties to provide the Class and Publication Notice and administer the claims process, the Request for Exclusion process, the Settlement Website, and other responsibilities as outlined herein.  The Parties agree that Kroll Business Services will be retained as the Claim Administrator.

9.    "Claim Form" means the form that is substantially in the form of Exhibit F hereto.

10.    "Claim Review Period" means the three-month period beginning no later than 10 days after the Effective Date.

11.    "Claim Submission Period" means the period beginning on the date notice to the Class is first published, and continuing until 30 days after the date of the Final Approval Hearing. Claim Forms must be postmarked via United States First Class Mail or submitted to the Settlement Website by 11:59 p.m. Pacific time on the last day of the Claim Submission Period to be considered timely.

12.    "Class" and/or "Class Members" means all Persons in the United States who purchased the Challenged Products for personal, family or household purposes within the Class Period.  Specifically excluded from the Class are (a) Defendant, (b) Defendant's Affiliates, (c) the officers, directors, or employees of Defendant and its Affiliates and their immediate family

members, (d) any legal representative, heir, or assign of Defendant, (e) all federal court judges who have presided over this Action and their immediate family members; (f) the Hon. Morton Denlow (Ret.) and his immediate family members; (g) all persons who submit a valid and timely Request for Exclusion from the Class; and (h) those who purchased the Challenged Products for the purpose of resale.

13.     "Class Counsel" means the attorneys of record for Plaintiffs in the Action.

14.     "Class Notice" means the "Notice of Class Action Settlement" substantially in the same form as Exhibit E attached hereto.

15.     "Class Notice Package" means the information as approved in form and content by Class Counsel and Defendant's Counsel and to be approved by the Court.  Class Notice Packages will include (a) the Class Notice and (b) the Claim Form.

16.     The "Class Period" is the period from June 8, 2016, to the date notice to the Class is first published.

17.     "Court" means the U.S. District Court for the Northern District of California.

18.     "Defendant" means Keurig Green Mountain, Inc., also referred to herein as "Keurig."

19.     "Defendant's Counsel" or "Keurig's Counsel" means Creighton Magid and Kent Schmidt of Dorsey & Whitney, LLP.

20.     "Distribution Plan" means a written declaration regarding the final accounting and plan of distribution prepared by the Claim Administrator, identifying (a) each claimant whose claim was approved, including the dollar amount of the payment awarded to each such claimant, and the dollar amount of any pro rata reduction required by Section III.B.5; (b) each claimant whose claim was rejected; (c) the average and median recovery per claimant and the largest and smallest amounts paid to claimants, (d) the number and value of checks not cashed, (e) the dollar amount of the Cash Payment Balance to be disbursed to the recipient(s) as provided in Section III.B.6; and (f) a final accounting of all administration fees and expenses incurred by the Claim Administrator.

21.     "Downing" means Matthew Downing, plaintiff in the Massachusetts Action.

22.     "Email Notice" means information as approved in form and content by Class Counsel and Defendant's Counsel and to be approved by the Court, substantially in the form of Exhibit C.

23.     "Effective Date" means the date described in Section VII.A.

24.     "Final Approval Hearing" means the hearing to be held by the Court to consider and determine whether the proposed settlement of the Action as contained in this Stipulation should be approved as fair, reasonable, and adequate, and whether the Final Settlement Order and Judgment approving the settlement contained in this Stipulation should be entered.

25.     "Final Settlement Order and Judgment" means an order and judgment entered by the Court:

(a)     Giving final approval to the terms of this Stipulation as fair, adequate, and reasonable;

(b)     Providing for the orderly performance and enforcement of the terms and conditions of the Stipulation;

(c)     Dismissing the Action with prejudice;

(d)     Discharging the Released Parties of and from all further liability for the Released Claims to the Releasing Parties; and

(e)     Permanently barring and enjoining the Releasing Parties from instituting, filing, commencing, prosecuting, maintaining, continuing to prosecute, directly or indirectly, as an individual or collectively, representatively, derivatively, or on behalf of them, or in any other capacity of any kind whatsoever, any action in the California Superior Courts, any other state court, any federal court, before any regulatory authority, or in any other court, tribunal, forum, or proceeding of any kind, against the Released Parties that asserts any Released Claims that would be released and discharged upon final approval of the Settlement as provided in Sections IV.A and B of this Stipulation.

1          (f)      The actual form of the Final Settlement Order and Judgment

2    entered by the Court will be substantially in the form attached hereto as Exhibit G.

3          26.    "Household" means any number of Persons cohabitating and related by

4    blood or marriage in the same dwelling unit or physical address.

5          27.    "Massachusetts Action" means the case entitled *Downing v. Keurig Green*

6    *Mountain, Inc.*, Case No. 1:20-cv-11673, filed in the United States District Court for the District

7    of Massachusetts on September 9, 2020.

8          28.    "Noncompliant Partner Brand" means a Partner Brand whose Challenged

9    Products do not comply with Section III.A herein after the compliance dates set forth in said

10    Section III.A.

11          29.    "Noncompliant Partner Brand Products" means the Challenged Products of

12    a Noncompliant Partner Brand.

13          30.    "Notice Plan" or "Notice Program" means the plan for dissemination of the

14    Publication Notice and Class Notice Package as described in Section VI developed by the Claims

15    Administrator to notify the Class of the Settlement and to command the Class Members' attention

16    about their rights under the Settlement.

17          31.    "Parties" means Plaintiffs and Defendant.

18          32.    "Partner Brand" means an entity (a) other than Defendant or an Affiliate of

19    Defendant for whom Defendant or an Affiliate of Defendant manufactures Challenged Products

20    but (b) that has a right to approve or disapprove package labeling for Challenged Products and

21    that has rights to sell and/or distribute Challenged Products in one or more distribution channels.

22          33.    "Person" means any natural person, corporation, partnership, business

23    organization or association, or other type of legal entity.

24          34.    "Plaintiff" means Kathleen Smith and, subject to the Court's approval of

25    Section V herein, "Plaintiffs" means Kathleen Smith and Matthew Downing.

26          35.    "Preliminary Approval Order" means the "Order Granting Preliminary

27    Approval of Class Action Settlement," substantially in the form of Exhibit A, granting

28    preliminary approval to this Settlement consistent with Rule 23(e)(1); approving Class Notice to

the Class Members as described herein; and setting a hearing to consider final approval of the Settlement and any objections thereto.

36.    "Publication Notice" means information as approved in form and content by Class Counsel and Defendant's Counsel and to be approved by the Court, substantially in the form of Exhibit B.

37.    "Recycling Representation" means any representation to any third party (in any labeling, marketing, advertising or otherwise) that the Challenged Products are recyclable (through use of the word "Recycling" or any variation thereof or through the conspicuous use of the Chasing Arrow symbol or any variation thereof).

38.    "Rejected Claims" means all claims of Class Members rejected by the Claims Administrator.

39.    "Released Claims" means those claims released pursuant to Section IV.A and B of this Stipulation.

40.    "Released Parties" means Defendant, Defendant's Affiliates, Partner Brands, Defendant's licensors, suppliers, distributors, wholesalers, and retailers, and each of their parents, affiliated and subsidiary companies and all of their agents, employees, partners, predecessors, successors, assigns, insurers, attorneys, officers, directors, managers, members, shareholders, and insurers.  For the avoidance of doubt, Released Parties shall include all Persons in the stream of commerce for the labeling, marketing, sale, and/or distribution of the Challenged Products.

41.    "Releasing Parties" means Plaintiffs, individually and as representatives of all those similarly situated, and all Class Members other than those Class Members who properly and timely exclude themselves through a Request for Exclusion pursuant to Section VI.D., and including any Person claiming derivative rights of such a Releasing Party as their parent, child, heir, guardian, associate, co-owner, attorney, agent, administrator, executor, devisee, predecessor, successor, assignee, assigns, representative of any kind, shareholder, partner, director, employee or affiliate.

42.     "Request for Exclusion Deadline" means 45 days prior to the Final Approval Hearing.

43.     "Request for Exclusion" means a request by a Class Member to be excluded from this Settlement made on the Request for Exclusion Form and delivered to the Claims Administrator by the Request for Exclusion Deadline in accordance with the terms of this Stipulation.

44.     "Request for Exclusion Form" means the form to be used for a Request for Exclusion in the form attached as Exhibit J.

45.     "Settlement Recycling Representation" means any representation made to any third party (in any labeling, marketing, advertising or otherwise) in accordance with the terms set forth in Section III.A herein.

46.     "Settlement Website" means the website established by the Claim Administrator that will contain documents relevant to the settlement, including the Class Notice Package.  Claim Forms may be submitted by Class Members via the Settlement Website as provided in the Class Notice Package.

47.     "Stipulation of Settlement,""Stipulation" and/or "Settlement" means this Stipulation of Settlement, including its attached exhibits (which are incorporated herein by reference), duly executed by Plaintiffs, Class Counsel, Defendant and Defendant's Counsel.

48.     "United States" means all of the United States of America, including all states, the District of Columbia, and its territories and possessions.

B.     Capitalized terms used in this Stipulation, but not defined above, shall have the meaning ascribed to them in this Stipulation and the exhibits attached hereto.

## II.     RECITALS

A.     On September 28, 2018, Plaintiff Smith filed an initial complaint in the Alameda County Superior Court.  Smith alleged claims under California consumer protection statutes for injunctive and monetary relief on behalf of a class of similarly situated consumers who purchased the Challenged Products based on purported representations that such products were "recyclable" when they were allegedly not recyclable.  Specifically, Plaintiff Smith's complaint alleged that

CLASS ACTION
STIPULATION OF SETTLEMENT
CASE NO. 4:18-CV-06690-HSG

1    Keurig misleadingly represented the Challenged Products as recyclable in violation of: (1) the

2    unlawful, unfair, and fraudulent prongs of California's Unfair Competition Law ("UCL"), Cal.

3    Bus. & Prof. Code §§ 17200 *et seq.*; (2) the California Consumers Legal Remedies Act

4    ("CLRA"), Cal. Civil Code §§ 1750 *et seq.*; (3) the express-warranty provisions of California's

5    Commercial Code, Cal. Com. Code § 2313; and (4) California unjust enrichment law.  Class

6    Counsel confirm that before commencing the Action, they conducted an examination and

7    evaluation of the relevant law and facts to assess the merits of the claims and to determine how to

8    best serve the interests of the members of the Class.

9         B.     On November 2, 2018, Defendant removed Plaintiff Smith's action to this Court.

10        C.     On December 7, 2018, Defendant moved to dismiss Plaintiff Smith's complaint.

11        D.     On December 28, 2018, Plaintiff Smith filed a First Amended Complaint to

12   address some of the arguments raised in Defendant's initial motion to dismiss.

13        E.     On January 28, 2019, Defendant moved to dismiss Plaintiff Smith's First

14   Amended Complaint for lack of standing, for failure to state a claim, and on First Amendment

15   grounds.  Defendant also argued that Plaintiff Smith's class claims should be stricken.  On June

16   28, 2019, the Court denied Defendant's motion in its entirety.

17        F.     On September 21, 2020, the Court granted Plaintiff Smith's motion for class

18   certification.  The Court certified a class consisting of "All persons who purchased the

19   [Challenged] Products for personal, family or household purposes in California (either directly or

20   through an agent) from June 8, 2016 through the present."  The Court's September 21, 2020,

21   order granting class certification limited the types of damages that Plaintiff Smith and the Class

22   could seek to recover in the Action, and specifically rejected certain of Plaintiff Smith's proposed

23   methods for measuring damages and restitution.

24        G.     In addition, on September 9, 2020, Downing filed a complaint in the United States

25   District Court for the District of Massachusetts alleging violations of Massachusetts General

26   Laws, Chapter 93A, Section 2 based on the same allegedly misleading recycling labels on the

27   Challenged Products.  Downing pled his complaint on behalf of a national class and a

28   Massachusetts class.

H.      On December 18, 2020, Defendant moved to dismiss Downing's complaint for lack of standing and for failure to state a claim.  Defendant also argued that Downing's claims on behalf of a national class should be stricken, and that the case should be limited to Massachusetts purchasers of the Challenged Products.  On June 11, 2021, the Court denied Defendant's motion as to standing and failure to state a claim, but granted Defendant's request to strike the claims to the extent they were asserted on behalf of a putative national class.

I.      On June 25, 2021, Downing filed a Petition for Permission to Appear pursuant to Fed. R. Civ. P. 23(f) with the United States Court of Appeals for the First Circuit regarding the district court's decision to strike claims on behalf of a putative national class, which Defendant opposed.  Downing's Petition has not yet been ruled upon by the First Circuit, but the First Circuit has granted the parties' joint motion to stay the review of that petition pending final approval of this Settlement.

J.      In addition to the motion practice described above, the Parties conducted an extensive amount of discovery.  The Plaintiffs served five sets of requests for production of documents (collectively comprising over one hundred separate requests), three sets of interrogatories and two sets of requests for admissions.  Defendant served one set of requests for admissions and requests for production of documents and two sets of interrogatories.  The Parties engaged in numerous meet and confer sessions, resulting in two discovery dispute letter submissions to the Court for resolution.  Plaintiffs subpoenaed over a dozen third parties including materials recovery facilities, waste management companies, lobbying firms, and industry trade associations.  Hundreds of thousands of documents were produced and reviewed by the Parties, and approximately seven depositions were conducted of Plaintiff Smith, senior Keurig personnel, and third parties.

K.      Since the Action was filed, Keurig has made changes to some of the business practices at issue in the Action, including changing the design of the Challenged Products to make it easier for consumers to remove the foil lid prior to placing the remaining beverage pods in their recycling bin.

L.      Since the Action was filed, the Parties have engaged in periodic settlement discussions, including participating in two full days of mediation with the Honorable Morton Denlow (Ret.) of JAMS on May 11 and September 21, 2021.  Although full settlement was not reached in these mediation sessions, the Parties continued their negotiations and ultimately reached an agreement in principle to resolve the Action on October 26, 2021.  At the time the parties reached an agreement in principal to resolve the Action, Plaintiff had yet to serve an expert report addressing the existence or non-existence of class-wide damages.

M.      Keurig has denied and continues to deny each and all of the claims and contentions alleged by Plaintiffs.  Keurig has expressly denied and continues to deny all charges of wrongdoing or liability against it arising out of any of the conduct, labels, statements, acts or omissions alleged, or that could have been alleged, in the Action, and denies that consumers suffered any harm or injury, and states that its labeling, advertising and marketing of the Challenged Products was not false or misleading.

N.      Nonetheless, Keurig has concluded that further defense of the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.  Defendant also has taken into account the uncertainty and risks inherent in any litigation.  Keurig, therefore, has determined that it is desirable and beneficial to it that the Action be settled in the manner and upon the terms and conditions set forth in the Stipulation.

O.      Class Counsel have concluded, after extensive litigation, investigation of the facts, consultation with their experts, extensive discovery, and careful consideration of the circumstances of the Action and the possible legal and factual defenses thereto, that it would be in the best interests of the Class to enter into this Stipulation to avoid the uncertainties of litigation and to assure that the benefits reflected herein are obtained for the Class herein defined. Class Counsel considers the Settlement set forth in this Stipulation to be fair, reasonable and adequate and in the best interests of the Class.

III.    **SETTLEMENT RELIEF**

In consideration of the covenants set forth herein, the Parties agree as follows:

CLASS ACTION
STIPULATION OF SETTLEMENT
CASE NO. 4:18-CV-06690-HSG

A.      <u>Injunctive Relief</u>

1.      Keurig and its Affiliates shall not use a Recycling Representation without clearly and prominently including the qualifying statement, "Check Locally – Not Recycled in Many Communities."  This obligation shall be subject to the terms detailed in Sections III.A.2-8 below and the other terms of this Stipulation.

2.      Wherever on boxes or cartons of Challenged Products a Recycling Representation shall appear, the Recycling Representation shall be followed immediately by an asterisk, which asterisk shall reference the qualifying statement,  "Check Locally – Not Recycled in Many Communities."  The qualifying statement shall appear in close proximity to, and in a font size no smaller than 55% of the font size of, the Recycling Representation.  The requirement of a qualifying statement shall not apply to a resin identification code (whether a number, a number within "chasing arrows," a number within a triangle, or otherwise) in an inconspicuous location (such as on the bottom of a package).  A representative example of the new qualifying language and font size ratio compliant with this Section on a box of the Challenged Products is attached hereto as Exhibit H.

3.      Notwithstanding Sections III.A.1. and IIII.A.2. above, Keurig, its Affiliates and its Partner Brands will be permitted to use the How2Recycle tile on the Challenged Products' packaging with such standard language as How2Recycle (part of GreenBlue, a 501(c)(3) nonprofit) shall direct for all products determined by How2Recycle to qualify for a "limited recycling" How2Recycle tile (currently "Check Locally") so long as such tile appears in an inconspicuous location (such as on the bottom of a package) and so long as the total height of the tile shall not exceed 0.85 inches on paperboard packaging or 1.0 inch on corrugate packaging.  Nothing in this paragraph shall preclude Keurig, its Affiliates and its Partner Brands from complying with How2Recycle's Guidelines for Use as they may be modified from time to time.

4.      Notwithstanding any other term of this Settlement, Keurig, its Affiliates and their Partner Brands, licensors, licensees, packaging suppliers, distributors, customers, wholesalers and retailers may continue to sell-through all remaining stock of existing Challenged Products, and their packaging and labels, and continue to produce the existing labeled products

1  until they begin printing the new labels as set forth in Section III.A.5 below, and continue to sell

2  through then existing stock of the prior label after the printing transition dates in Section III.A.5.

3  Nothing in this Stipulation shall require the withdrawal or destruction of any existing labels or

4  recall of Challenged Products.

5          5.      For boxes and cartons, the new qualification language and relative font

6  sizes will be introduced as new packaging is introduced. The transition will be rolling across

7  stock-keeping units ("SKUs").  The first SKU graphics with the new qualification language and

8  fonts will be transmitted to Keurig's packaging printer no later than sixty (60) days after the

9  Effective Date; all packaging for the first SKU printed after that date will utilize the new

10  qualification language and fonts.  SKUs that comprise at least twenty-five percent (25%) of the

11  unit sales volume of the Challenged Products, excluding Noncompliant Partner Brand Products

12  ("Phase 1 SKUs") will have graphics with the new qualification language and fonts transmitted to

13  the printer no later than five (5) months after the Effective Date (the "25% Conversion Date"),

14  and all packaging for the Phase 1 SKUs printed after the 25% Conversion Date will utilize the

15  new qualification language and fonts.  SKUs that comprise at least 50% of the unit sales volume

16  of the Challenged Products, excluding Noncompliant Partner Brand Products ("Phase 2 SKUs")

17  will have graphics with the new qualification language and fonts transmitted to the printer no later

18  than nine (9) months after the Effective Date (the "50% Conversion Date"), and all packaging for

19  Phase 2 SKUs printed after the 50% Conversion Date will utilize the new qualification language

20  and fonts.  SKUs that comprise at least 80% of the unit sales volume of the Challenged Products,

21  excluding Noncompliant Partner Brand Products ("Phase 3 SKUs") will have graphics with the

22  new qualification language and fonts transmitted to the printer no later than twelve (12) months

23  after the Effective Date (the "80% Conversion Date"), and all packaging for Phase 3 SKUs

24  printed after the 80% Conversion Date will utilize the new qualification language and fonts. All

25  SKUs, excluding Noncompliant Partner Brand Products, will have graphics with the new

26  qualification language and fonts transmitted to the printer no later than 15 months after the

27  Effective Date (the "Graphics Transition End Date"), and all Challenged Product packaging

28  printed after the Graphics Transition End Date will utilize the new qualification language and

1    fonts.

2    6.     Nothing in this Settlement shall obligate Keurig or its Affiliates to destroy

3    finished goods or existing packaging inventory.

4    7.     Recycling Representations made by Keurig and its Affiliates in electronic

5    advertising and promotional material for the Challenged Products that are directed to consumers

6    (including website content) will include the revised qualifier no later than 90 days after the

7    Effective Date or, with respect to images for individual SKUs offered for sale on Keurig.com, no

8    later than 90 days after the date on which the packaging for such SKU is first printed with the

9    revised qualifier.  Recycling Representations made by Defendant and its Affiliates and Partner

10   Brands in printed advertising and promotional material for the Challenged Products that are

11   directed to consumers and printed after 90 days from the Effective Date will include the revised

12   qualifier.  In all of Keurig's and its Affiliates' written or printed promotional or advertising

13   material for the Challenged Products that are directed to consumers, as well as in-store displays

14   for the Challenged Products, the revised qualifier shall appear in close proximity to the Recycling

15   Representation and in either (a) 26 point font or (b) a font size no smaller than 55% of the font

16   size of the Recycling Representation, whichever is smaller. In any video content referencing the

17   recyclability of the Challenged Products, the revised qualifier will appear at the same time as the

18   Recycling Representations in such video content at the bottom of the screen, in a sufficiently

19   large font, and for a sufficient duration, as to make it capable of being read by a reasonable

20   viewer.  For clarification, Keurig, its Affiliates and its Partner Brands shall not be obligated to

21   modify or replace existing materials or content in the hands of third parties, but any new materials

22   supplied thereafter by Keurig or its Affiliates shall comply with the above.  Nothing in this

23   paragraph shall apply to materials not directed at consumers, such as materials directed at

24   recycling programs, material recovery facilities, recyclers, reclaimers, governmental entities, or

25   commercial or non-profit entities; nor shall anything in this paragraph apply to text or footnotes in

26   internal reports, white papers, regulatory filings, investor relations materials, annual reports, or

27   securities filings of Keurig and its Affiliates.  In Keurig's and its Affiliates' publicly-available

28   corporate responsibility and sustainability reports, generic references to "RKCs" (using the

CLASS ACTION
STIPULATION OF SETTLEMENT
CASE NO. 4:18-CV-06690-HSG

acronym) will not require qualifiers, but on any page containing a statement referring to the Challenged Products as recyclable, the first such statement on the page will require the qualifier described above to appear on the same page, which qualifier may be referenced by a footnote, an asterisk, or a similar reference mark.

8.      No later than 90 days after the Effective Date, subject to Sections III.A.4 and III.A.5 above, Keurig will not make the following statements (or any substantially similar representations) in any of its labeling, advertising, or promotional material for the Challenged Products that are directed to consumers (including but not limited to its website), in the absence of the indicated qualifying statements:

(a)      "Our new pods are made of polypropylene #5 plastic, which is accepted for recycling in the majority of communities across the United States." Must include the qualifying statement set forth in Section III.A.1. above, or context indicating that not all communities that accept #5 plastic currently accept coffee pods or small format items.

(b)      "Recyclable K-Cup® pods can be recycled in communities that accept #5 plastics."  Must include the qualifying statement set forth in Section III.A.1. above or context indicating that not all communities that accept #5 plastic currently accept coffee pods or small format items.

Nothing in this paragraph shall apply to materials not directed at consumers, such as materials directed at recycling programs, MRFs, recyclers/reclaimers, governmental entities, or commercial or non-profit entities.

9.      At any point after the expiration of 24 months from the Effective Date, Keurig may seek to modify or eliminate the qualifying language set forth in Section III.A.1. above if (a) a material change in applicable law or Federal Trade Commission guidance (such as the Green Guides), as applicable to the Challenged Products, requires a different qualifier or no longer requires (explicitly or tacitly) qualifying language similar to the agreed language in Section III.A.1. above; or (b) if Keurig can demonstrate that recycling facilities serving at least 60% of American consumers or communities where the Challenged Products are sold accept for recycling (i) the Challenged Products, (ii) polypropylene single serving coffee pods, or (iii)

polypropylene items smaller than 2 inches in two dimensions.  Prior to modifying or eliminating the qualifying language set forth in Section III.A.1. above, Keurig must inform Plaintiffs through counsel of the proposed modification or elimination.  Plaintiffs, through Plaintiffs' counsel, shall within thirty (30) days either approve the proposed modification or elimination or require Keurig to submit proof that the conditions in (a) or (b) above have been met in an arbitration conducted by JAMS, pursuant to JAMS Comprehensive Arbitration Rules & Procedures (including the arbitrator selection process set forth in Rule 15 thereof).  In the arbitration, Plaintiffs may submit any proof that the conditions in (a) or (b) have not been met.  Unless approved by Plaintiffs through Plaintiffs' counsel or otherwise agreed by the Parties, the arbitrator will determine if Keurig may modify or eliminate the qualifying language set forth in Section III.A.1. above.   The arbitration proceeding shall take place no more than 90 days after Keurig has submitted its proof that the conditions in (a) or (b) above have been met. Discovery in the arbitration shall be limited to understanding the methodology and veracity of the data presented by either Party.  Keurig shall be responsible for the arbitration fees (both administrative fees and arbitrator fees), but the Parties shall otherwise be responsible for their own attorneys' fees and costs.

B.   <u>Monetary Payment</u>

Keurig primarily sells the Challenged Products to retailers, not directly to consumers, and thus has no way to identify all individual Class Members.  Additionally, an individual Class Member's recovery may be too small to make traditional methods of proof economically feasible. In order to assure that Class Members have access to the proceeds of this settlement, a Cash Payment Account is proposed to be established and administered as follows:

1.   Keurig shall pay, as its sole, total, and exclusive financial obligation with respect to the Settlement (other than funds expended to comply with the Injunctive Relief in Section III.A. above), a total of $10 million in cash for payment of Class Member claims, attorneys' fees and costs in accordance with Section VIII.A below, Plaintiffs' incentive awards in accordance with Section VIII.B below, and for the payment of certain notice and administration costs and expenses, on the following schedule:

1          (a)     Not more than 5 days after the Court's order granting Preliminary

2 Approval, Keurig shall pay $500,000 to the Cash Payment Account to cover any notice and/or

3 administration costs of the Class Administrator.

4          (b)     Within 30 days after the Effective Date, Keurig shall pay the

5 remaining $9.5 million into the Cash Payment Account.

6         2.     The Cash Payment shall be applied as follows:

7          (a)     To reimburse or pay up to, but not to exceed, $500,000 of the total

8 costs reasonably and actually incurred by the Claim Administrator in connection with providing

9 notice and administering claims submitted by the Class and pay for expenses associated with

10 maintaining the Cash Payment Account (including taxes that may be owed by the Cash Payment

11 Account);

12          (b)     To pay attorneys' fees and costs in accordance with Section VIII.A;

13          (c)     To pay incentive awards to Plaintiffs in accordance with Section

14 VIII.B;

15          (d)     To distribute to Class Members who submit Approved Claims to

16 the Claim Administrator; and

17          (e)     To distribute, as applicable pursuant to Section III.B.6 below, to the

18 Ocean Conservancy (75%) and Consumer Reports, Inc. (25%).

19

20

21

22

23

24

25

26

27

28

CLASS ACTION
STIPULATION OF SETTLEMENT
CASE NO. 4:18-CV-06690-HSG

3.        Class Members shall have the opportunity to submit a claim to the Claim Administrator during the Claim Submission Period by mail or via a web form on the Settlement Website.  Class Members must fill out a Claim Form substantially in the form of Exhibit F and submit it as described in Exhibits B and F.  Class Members must submit the Claim Form under penalty of perjury and must provide the following information: (1) the identity and contact information for the claimant (including mailing address and, if submitted by means of the Settlement Website, email address); (2) the Challenged Product(s) and the approximate number of pods of the Challenged Products they purchased; (3) the approximate purchase date(s); and (4) if available, proof of purchase in the form of receipt(s) or email order, or shipping confirmation(s).

4.        Class Members who properly and timely submit a valid and approved Claim Form are eligible to receive a cash payment as follows:

(a)        For Class Members without proof of purchase: five dollars ($5.00) per Household;

(b)        For Class Members with proof of purchase:

(1)        Thirty-five cents ($0.35) per ten (10) pods (rounded up to the nearest ten (10) pod increment), up to thirty-six dollars ($36.00) maximum per Household; or

(2)        If the amount in (b)(1) above does not exceed six dollars ($6.00), six dollars ($6.00) minimum per Household regardless of quantity purchased.

Only one claim shall be allowed per Household (whether with or without proof). If more than one claim is submitted per Household, all such claims shall be combined and treated as a single claim for purposes of the limits set forth herein.

5.        If the cash amounts to be paid for Approved Claims from the Cash Payment Account under Section III.B.4 exceed the Cash Payment Balance, the cash payments for all Approved Claims will be reduced pro rata, based on the respective dollar amounts of the Approved Claims, until the total aggregate cash payments for all Approved Claims equals the Cash Payment Balance.

6.      If the amounts to be paid for Approved Claims from the Cash Payment Account under Section III.B.4 do not equal or exceed the Cash Payment Balance, seventy-five percent (75%) of the remainder shall be distributed to the Ocean Conservancy and twenty-five percent (25%) of the remainder shall be distributed to Consumers Reports, Inc. for use in a manner that each of those entities determines will provide the next best use of compensation to the Class arising out of claims that have been made by Plaintiffs in the Action and as consideration for the extinguishment of those claims.

7.      The claim process will be administered by the Claim Administrator, and neither Class Counsel nor Keurig shall participate in resolution of such claims.

8.      All expenses of the Claim Administrator shall be paid as provided in Section III.B.2(a).

9.      The Claim Administrator shall approve or reject all claims.  The determination of claims shall occur during the Claim Review Period.  The decision of the Claim Administrator shall be final and binding on Plaintiffs, Keurig and all Class Members submitting Claims, and neither Plaintiffs, Keurig nor such Class Members shall have the right to challenge or appeal the Claim Administrator's decision.  Nothing in this Stipulation or the claims process hereunder creates a claim by any Person against Plaintiffs, Class Counsel, Defendant, Defendant's counsel, or the Claims Administrator based on any determination of the validity or invalidity or amount of any claims, distributions, or awards made in accordance with this Stipulation, and all relief shall be solely as provided in this Stipulation and by its Claims process. Neither Plaintiffs nor Defendant, nor their counsel, shall have any liability whatsoever for any act or omission of the Claim Administrator.

10.     Within 15 days after conclusion of the Claim Review Period, the Claim Administrator shall provide to Keurig and Class Counsel the Distribution Plan.  No sooner than 20 days, but not later than 45 days after delivering the Distribution Plan, the Claim Administrator shall disburse the remaining amounts in the Cash Payment Account according to the Distribution Plan and mail or email letters to all claimants with Rejected Claims explaining the rejection.  In no event shall a Class Member's claim be paid until the conclusion of the Claim Review Period.

11.     If any distribution checks mailed to Class Members are returned as non-deliverable, or are not cashed within 180 days, or are otherwise not payable, such checks shall no longer be negotiable and any such funds shall be disbursed to the recipients ordered by the Court as provided in Section III.B.6.  Any Class Member whose check is returned as non-deliverable, is not cashed within 180 days, or is otherwise not payable, shall not be entitled to any further payment under this Settlement.  The return or failure to cash checks shall have no effect on a Class Member's release of claims, obligations, representations, or warranties as provided herein, which shall remain in full effect.

12.     No deductions for taxes will be taken from any amounts paid to Class Members for claims at the time of distribution.  Class Members are responsible for paying all taxes due on such payments.  All distribution checks to Class Members shall be deemed to be paid solely in the year in which payments are actually issued.  The Parties do not purport to provide legal advice on tax matters to each other or Class Members.  To the extent this Stipulation, or any of its exhibits or related materials, is interpreted to contain or constitute advice regarding any U.S. Federal or any state tax issue, such advice is not intended or written to be used, and cannot be used, by any Person for the purpose of avoiding penalties under the Internal Revenue Code or any state's tax laws.

13.     No interest will accrue on amounts payable hereunder to Class Counsel for fees and expenses, for class representative awards, or for claim distribution amounts payable to Class Members.

**IV.     RELEASES**

A.     As of the Effective Date, and except as to such rights or claims as may be created by this Stipulation, in consideration of the settlement obligations set forth herein, all Releasing Parties, whether individual, class, representative, legal, equitable, administrative, direct or indirect, or any other type or in any other capacity, release and forever discharge all Released Parties from any and all claims, demands, rights, causes of action, suits, petitions, complaints, damages of any kind, liabilities, debts, punitive or statutory damages, penalties, losses, and issues of any kind or nature whatsoever, asserted or unasserted, known or unknown, suspected or

1   unsuspected (including, but not limited to, any and all claims relating to or alleging deceptive or

2   unfair business practices, false or misleading advertising, intentional or negligent

3   misrepresentation, negligence, concealment, omission, unfair competition, promise without intent

4   to perform, unsuitability, unjust enrichment, and any and all claims or causes of action arising

5   under or based upon any statute, act, ordinance, or regulation governing or applying to business

6   practices generally), existing now or in the future, arising out of or related to (1) Recycling

7   Representations made with respect to the Challenged Products prior to the Graphics Transition

8   End Date and/or (2) Settlement Recycling Representations made with respect to the Challenged

9   Products, provided, however, that this release shall not apply to claims or causes of action arising

10   from a final determination or regulation made by a governmental entity pursuant to statute (such

11   as California S.B. 343) that the Challenged Products, polypropylene products, or polypropylene

12   products of the Challenged Products' dimensions (with such dimensions specified by such

13   governmental entity) are not recyclable under such statute and are not otherwise permitted to

14   make a qualified statement substantially similar to the Settlement Recycling Representation.  For

15   the purposes of this paragraph, a Recycling Representation shall be considered to have been

16   "made," with respect to printed materials, as of the date of printing.

17       B.       No Released Party that complies with the terms set forth in Section III.A herein

18   shall be liable for another party's failure to comply with such terms, nor shall the failure of any

19   entity to comply with the terms set forth in Section III.A herein void or limit in any way the

20   release provided to the Released Parties that comply with such terms.  A Noncompliant Partner

21   Brand shall be solely responsible for the failure of any Noncompliant Partner Brand Products to

22   comply with the terms set forth in Section III.A herein, and Defendant's manufacture, sale or

23   distribution of Noncompliant Partner Brand Products shall not be deemed noncompliance with

24   the terms set forth in Section III.A herein and shall not void or limit in any way the release

25   otherwise provided to Defendant and the other Released Parties.

26       C.       With respect to the Released Claims, each Class Member shall be deemed to have

27   waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits

28   conferred by any law of any state of the United States, or principle of common law or otherwise,

CLASS ACTION
STIPULATION OF SETTLEMENT
CASE NO. 4:18-CV-06690-HSG

which is similar, comparable, or equivalent to section 1542 of the California Civil Code, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Class Members understand and acknowledge the significance of these waivers of California Civil Code section 1542 and any other applicable federal, state or other statute, case law, rule or regulation relating to limitations on releases.  In connection with such waivers and relinquishment, the Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally, and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the release of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

D.      The Parties shall be deemed to have agreed that the release set forth herein will be and may be raised as a complete defense to and will preclude any action or proceeding against any of the Released Parties based on the Released Claims.

E.      As of the Effective Date, by operation of entry of judgment, the Released Parties shall be deemed to have fully released and forever discharged Plaintiffs, all other Class Members and Class Counsel from any and all claims of abuse of process, malicious prosecution, or any other claims arising out of the initiation, prosecution, or resolution of the Action, including, but not limited to, claims for attorneys' fees, costs of suit or sanctions of any kind, or any claims arising out of the allocation or distribution of any of the consideration distributed pursuant to this Stipulation of Settlement.

CLASS ACTION
STIPULATION OF SETTLEMENT
CASE NO. 4:18-CV-06690-HSG

1

## V.    AMENDMENT AND CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY

2

3

On September 21, 2020, the Court granted Plaintiff Smith's motion for class certification,

4

which certified a class of all Persons who purchased the Challenged Products for personal, family

5

or household purposes in California during the Class Period.  For purposes of this settlement

6

only, the Parties agree to modify the Class to include all persons or entities in the United States

7

who purchased the Challenged Products during the Class Period (the "Modified Class"), to add

8

Downing as a representative Plaintiff in the Action, to add Downing's counsel as additional Class

9

Counsel in the Action, and to certification of the Modified Class.  Contemporaneously with the

10

filing of the application to the Court for a Preliminary Approval Order as set forth in Section VI-

11

A below, and solely for purposes of settlement, Plaintiff shall file, and Keurig will not oppose, a

12

motion to amend the First Amended Complaint to (i) add Downing as a representative Plaintiff in

13

this Action; (ii) add Downing's counsel as proposed additional Class Counsel; and (iii) seek

14

certification of the Modified Class.  Class Counsel shall request that the Court enter an order that,

15

among other things, certifies the Class for settlement purposes as set forth in this paragraph.

16

Keurig contends that certification of the alleged class (other than on a settlement basis) would not

17

be possible absent this settlement because individual issues would predominate, Plaintiffs

disagree with Keurig's contention in this regard.

18

In the event this Stipulation of Settlement and the settlement proposed herein is not finally

19

approved, or is terminated, canceled, or fails to become effective for any reason whatsoever, the

20

class certified for settlement purposes and the addition of Downing as a Plaintiff in the Action

21

and Downing's counsel as additional Class Counsel in the Action, to which the parties have

22

stipulated solely for the purpose of the settlement of the Action, shall be null and void and the

23

Parties will revert to their respective positions in the Action immediately prior to the execution of

24

this Stipulation of Settlement.  The approval of this Stipulation of Settlement and the settlement

25

proposed herein is not conditioned on the addition of Downing as an additional Plaintiff in the

26

Action or the addition of Downing's counsel as additional class counsel in the Action, and neither

27

Downing not being added as an additional Plaintiff in the Action or Downing's counsel not being

28

1    added as additional class counsel in the Action shall prevent the Stipulation of Settlement and the

2    settlement proposed herein from becoming final and effective if all other aspects of the

3    Stipulation of Settlement and the settlement proposed herein are approved.  Under no

4    circumstances may this Stipulation of Settlement, nor any negotiations, proceedings, documents

5    prepared, or statements made in connection with this Stipulation,  be used as an admission or as

6    evidence for any purpose, including without limitation, concerning the appropriateness of class

7    certification, in these or any other actions against Defendant or any other Released Party.

8    **VI.    CLASS NOTICE AND COURT APPROVAL**

9          A.    <u>Notice Order; Preliminary Approval</u>

10         On or before February 24, 2022, the Parties shall apply to the Court for a Preliminary

11   Approval Order substantially in the form and content of Exhibit A, conditionally certifying the

12   Class for settlement purposes as defined in Section V, for preliminary approval of the settlement,

13   for scheduling a final approval hearing, and for approving the contents and method of

14   dissemination of the proposed Publication Notice and Class Notice Package.  The Claim

15   Administrator shall provide a declaration to the Court in support of Preliminary Approval

16   attesting that the Notice Plan is the best notice that is practicable under the circumstances,

17   including the reasons for selection of the methods of notice and computation of the expected

18   notice reach.

19         B.    <u>The Notice Program</u>

20         The notice program shall consist of both notice by publication and by direct email notice

21   to all Class Members who purchased the Challenged Products during the Class Period directly

22   from Keurig on its website (www.keurig.com).  Class Counsel shall also place a link to the

23   Settlement Website on the websites of the Lexington Law Group (www.lexlawgroup.com) and

24   Shapiro Haber & Urmy (www.shulaw.com) for a period starting from the date the Publication

25   Notice is published, and continuing no longer than the end of the Claim Submission Period.  The

26   cost associated with the Publication Notice, the Email Notice and Class Notice Package shall be

27   paid from the Cash Payment Account as described in Section III.B.2(a), except those costs

28   associated with posting and maintaining notice on Class Counsel's Internet websites.  At least

1   fourteen (14) days prior to the Final Approval Hearing, the Claim Administrator shall provide a

2   declaration stating that notice was provided as required herein.

3               1.      Publication Notice

4        Commencing as soon as reasonably practicable after issuance of an order granting

5   Preliminary Approval to the Settlement set forth herein, and at least 90 days before the Final

6   Approval Hearing or some other date set by the Court, the Claim Administrator shall cause to be

7   published the Publication Notice substantially in the form and content of Exhibit B, and pursuant

8   to the Notice Plan described in Exhibit D, which generally describes the settlement and directs all

9   interested parties to a detailed Class Notice available on the Settlement Website and, at the

10  request of interested parties, by U.S. Mail.

11              2.      Email Notice

12       Commencing as soon as reasonably practicable after issuance of an order granting

13  Preliminary Approval to the Settlement set forth herein, and at least 90 days before the Final

14  Approval Hearing or some other date set by the Court, the Claim Administrator shall send the

15  Email Notice substantially in the form and content of Exhibit C to those Class Members who

16  were direct purchasers from Keurig.com during the Class Period, and pursuant to the Notice Plan

17  described in Exhibit D, which generally describes the settlement and directs all interested parties

18  to a detailed Class Notice available on the Settlement Website and, at the request of interested

19  parties, by U.S. Mail.

20       Within five (5) business days of the Court's issuance of an order granting Preliminary

21  Approval of the Settlement, Keurig shall provide Class Counsel with the last known email

22  addresses of all Class Members who purchased Challenged Products from Keurig.com during the

23  Class Period.  Class Counsel shall furnish the email addresses to the Claims Administrator solely

24  for purposes of providing Email Notice pursuant to this paragraph, and neither Class Counsel nor

25  the Claims Administrator may otherwise disseminate the email addresses or make any other use

26  of the email addresses.

27

28

CLASS ACTION
STIPULATION OF SETTLEMENT
CASE NO. 4:18-CV-06690-HSG

3.     Class Notice Package

The Class Notice Package shall be available in electronic format on the Settlement Website and mailed as a hard copy by the Claim Administrator upon request.  Each Class Notice Package shall contain a Class Notice substantially in the form of Exhibit E and the Claim Form substantially in the form of Exhibit F.

4.     Notice of Deadlines and Objections

The Publication Notice, the Email Notice and the Class Notice shall inform Class Members of the dates by which they must file any objections with the Court and submit Requests for Exclusions and submit Claim Forms to the Claim Administrator.

C.     Objections

Any Class Member, on his or her own, or through an attorney hired at his or her own expense, may object to the terms of the Settlement.  Class Members must file any objections and related notices of intent to appear at the Final Approval Hearing with the Court no later than 45 days prior to the Final Approval Hearing (the "Objection Deadline").  All objections to the Settlement by members of the Class shall be heard by this Court, and any Class Member filing an objection must be willing to demonstrate their standing (i.e., membership in the Class) in order for their objection to be valid.  To be effective, any such objection must be in writing and include the contents described below:

(a)     A reference to this case, *Kathleen Smith. v. Keurig Green Mountain, Inc.*, Case No. 4:18-cv-06690-HSG (N.D. Cal.);

(b)     The name, address, telephone number, and, if available, the email address of the Person objecting, and if represented by counsel, of his/her counsel;

(c)     A written statement of all grounds for the Objection, accompanied by any legal support for such Objection;

(d)     Whether he/she intends to appear at the Final Approval Hearing, either with or without counsel;

CLASS ACTION
STIPULATION OF SETTLEMENT
CASE NO. 4:18-CV-06690-HSG

(e)  A statement of his/her membership in the Class, including all information required by the Claim Form; and

(f)  A detailed list of any other objections submitted by the Class Member, or his/her counsel, to any class actions submitted in any court, whether state or otherwise, in the United States in the previous five (5) years.  If the Class Member or his/her counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he/she shall affirmatively state so in the written materials provided in connection with the Objection to this Settlement.

Any Class Member who fails to file with the Court a written objection by the Objection Deadline containing all of the information listed in items (a) through (f) of the previous paragraph shall not be permitted to object to the Settlement and shall be foreclosed from seeking any review of the Settlement or the terms of the Stipulation by any means, including but not limited to an appeal.

A Class Member who objects to the Settlement may also submit a Claim Form on or before the Claim Form Deadline, which shall be processed in the same way as all other Claim Forms.  A Class Member shall not be entitled to an extension to the Claim Form Deadline merely because the Class Member has also submitted an Objection.

Any Party may seek Court approval, prior to the Final Approval Hearing, to take a deposition of any Class Member who submits a timely written Objection.

D.  Requests for Exclusion

Class Members must file Requests for Exclusion on the Request for Exclusion Form, and any request to revoke such Request for Exclusion, with the Claim Administrator no later than the Request for Exclusion Deadline.  If a Class Member submits both a Claim Form and a Request

for Exclusion, the Claim Form shall take precedence and be considered valid and binding, and the Request for Exclusion shall be deemed to have been sent by mistake and rejected. Class Members who file a Request for Exclusion from this Settlement shall not be permitted to file an Objection to this Settlement or to intervene.  Copies of all Requests for Exclusion received by the Claim Administrator by the Request for Exclusion Deadline, together with copies of all written revocations of Requests for Exclusion received by the Request for Exclusion Deadline, shall be delivered to the Parties' counsel no later than 7 days after the Request for Exclusion Deadline, or at such other time as the Parties may mutually agree in writing.  The Claim Administrator shall also prepare a list of the names of the persons who have filed a valid and timely Request for Exclusion, and Class Counsel shall file that list with the Court.

     E.    <u>Final Approval Hearing</u>

The Parties shall request that, after notice is given, the Court hold a Final Approval Hearing for the purpose of determining whether final approval of the settlement of the Action as set forth herein is fair, adequate, and reasonable to the Class Members and binding on all Class Members who have not excluded themselves as provided herein; ordering that the settlement relief be provided as set forth in this Stipulation; ordering the releases as set forth in this Stipulation; and entering a Final Settlement Order and Judgment dismissing the Action with prejudice substantially in the form and content of Exhibit G.

     F.    <u>Parties' Duty to Defend</u>

From the date of execution of this Stipulation, the Parties, via Class Counsel and Defendant's Counsel, shall take all reasonable steps to defend the terms of this Stipulation as fair, reasonable, and adequate, shall defend the proposed Class as meeting the requirements of Federal Rule of Civil Procedure 23 as applied to proposed settlement class, and shall defend the notice program set forth in the Stipulation as meeting the requirements of Federal Rule of Civil Procedure 23 and giving the best and most reasonable notice practicable under the circumstances.

G.    Dismissal of Massachusetts Action.

Within three (3) business days of the occurrence of one of the events set forth in Section VII.A.4, Downing shall (a) file a stipulation with the United States District Court for the District of Massachusetts dismissing the Massachusetts Action with prejudice and without costs to either party, pursuant to pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), and (b) shall voluntarily dismiss his Rule 23(f) petition pending before United States Court of Appeals for the First Circuit.

VII.   CONDITIONS; TERMINATION

A.    This Settlement shall become final on the first date after which all of the following events and conditions have been met or have occurred (the "Effective Date"):

1.    The Court has preliminarily approved this Stipulation (including all attachments), the settlement set forth herein, and the method for providing notice to the Class;

2.    The Court has entered a Final Settlement Order and Judgment in the Action;

3.    The Massachusetts Action has been dismissed with prejudice; and

4.    One of the following has occurred:

(a)    The time to appeal from such orders has expired and no appeals have been timely filed;

(b)    If any such appeal has been filed, it has finally been resolved and the appeal has resulted in an affirmation of the Final Settlement Order and Judgment and such affirmance is no longer subject to further appeal or review; or

(c)    The Court, following the resolution of any such appeals, has entered a further order or orders approving the Settlement of the Action on the terms set forth in this Stipulation of Settlement, and either no further appeal has been taken from such order(s) or any such appeal has resulted in affirmation of such order(s).

Court approval of the attorneys' fees and costs award sought by Class Counsel and/or the incentive awards sought for Plaintiffs, or any denial, decrease or modification thereof by the Court or on appeal, shall not prevent this Settlement from becoming final and effective if all other

1   aspects of the final judgment have been approved, and the remainder of the terms of this

2   Settlement shall remain in effect.

3       B.      If the Settlement is not made final (per the provisions of Section VII.A), this entire

4   Stipulation shall become null and void as set forth in Section V, except that the Parties shall have

5   the option to agree in writing to waive the event or condition and proceed with this settlement, in

6   which event the Stipulation of Settlement shall be deemed to have become final on the date of

7   such written agreement.

8   **VIII.   COSTS, FEES, AND EXPENSES**

9       A.      <u>Attorneys' Fees and Expenses</u>

10          1.      The Parties agree that any award of attorneys' fees and expenses to Class

11  Counsel must be approved by the Court as set forth herein.

12          2.      Class Counsel intend to make an application for an award of attorneys' fees

13  of up to $3,000,000, which is 30% of the value of the Cash Payment, plus costs.  Keurig retains

14  the right to object to Plaintiffs' entitlement to such an award, or to the amount of award sought by

15  Plaintiffs.  The Claim Administrator shall pay the award of Class Counsels' fees and expenses

16  from the Cash Payment Account within 30 days after the entry of the Final Settlement Order and

17  Judgment.

18          3.      Attorneys' fees and expenses awarded by the Court shall be payable as set

19  forth above, notwithstanding the existence of any timely filed objections thereto, or potential for

20  appeal therefrom, or collateral attack on the settlement or any part thereof, subject to Class

21  Counsel's obligation to make appropriate refunds or repayments to the Cash Payment Account, if

22  and when, as a result of any appeal or further proceedings on remand, or successful collateral

23  attack, the fee or award of expenses is reduced or reversed.

24          4.      In the event the Judgment entered pursuant to this settlement does not

25  become final or is ultimately overturned on appeal as set forth in Section VII, Class Counsel shall

26  immediately return in full the amount of attorneys' fees and expenses paid to them pursuant to

27  this provision.

28

5.      In the event the amount of the attorneys' fees requested is decreased or denied by the Court or upon appeal, such denial or decrease in the requested fees shall have no effect on this Stipulation and shall not invalidate the settlement agreed to herein.

6.      Subject to Court approval, Class Counsel, in their sole discretion, shall allocate and distribute the award of attorneys' fees and expenses among counsel for the class members (including both counsel for Plaintiff Smith and for Downing) .  In the event that any Class Members object to any aspect of this Stipulation of Settlement, Keurig shall under no circumstances be obligated or required to pay attorneys' fees or costs claimed by or associated such objectors (if any).

B.      Class Representative Awards

Plaintiffs will apply for class representative service awards to be paid out of the Cash Payment Account to Plaintiffs in an amount not to exceed $5,000 for Plaintiff Smith and $1,000 to Downing.  Such awards shall be paid within 30 days after the Effective Date or within 30 days after the issuance of an order awarding such amount, whichever is later.  In the event that a Class Member appeals the award of attorneys' fees and costs, or the class representative service awards, Keurig shall not take a position contrary to this Stipulation.  In the event the amount of any of the class representative awards are decreased or denied by the Court or upon appeal, such denial or decrease in the requested award shall have no effect on this Stipulation and shall not invalidate the settlement agreed to herein.

C.      Claim Administration Costs and Costs of Class Notice

The costs associated with the administration of the claim process and with notifying the Class of this proposed settlement shall be paid from the Cash Payment Account as described in Section III.

## IX.    COVENANTS AND WARRANTIES

A.      Authority to Enter Agreement

Plaintiffs and Defendant each covenant and warrant that they have the full power and authority to enter into this Stipulation of Settlement and to carry out its terms, and that they have not previously assigned, sold, or otherwise pledged or encumbered any right, title, or interest in

the claims released herein or their right, power, and authority to enter into this Stipulation of Settlement, and that that the Stipulation has been duly and validly executed and delivered by such Party and constitutes its legal, valid, and binding obligation.  Any person signing this Stipulation of Settlement on behalf of any other person or entity represents and warrants that he or she has full power and authority to do so and that said other person or entity is bound hereby.

Class Counsel further represents and warrants that they are authorized to take all appropriate actions required or permitted to be taken by or on behalf of the Plaintiffs and the Class in order to effectuate the terms of this Stipulation and are also authorized to enter into appropriate modifications or amendments to this Stipulation on behalf of the Plaintiffs and the Class Members.

Plaintiffs further represent and warrant that they are entering into the Settlement on behalf of themselves individually and as representatives of the Class Members, of their own free will and without the receipt of any consideration other than what is provided in the Settlement or disclosed to, and authorized by, the Court.  Plaintiffs represent and warrant that they have reviewed the terms of the Settlement in consultation with Class Counsel and believes them to be fair and reasonable, and covenants that she will not file a request to be excluded from the Class or object to the Settlement.

B.      Represented by Counsel

In entering into this Stipulation of Settlement, the Parties represent that: they have relied upon the advice of attorneys of their own choice, concerning the legal consequences of this Stipulation of Settlement; the terms of this Stipulation of Settlement have been explained to them by their attorneys; and the terms of this Stipulation of Settlement are fully understood and voluntarily accepted by the Parties.

X.      MISCELLANEOUS

A.      Governing Law

The interpretation and construction of this Stipulation of Settlement shall be governed by the laws of the State of California.

CLASS ACTION
STIPULATION OF SETTLEMENT
CASE NO. 4:18-CV-06690-HSG

1

        B.      Counterparts

2       This Stipulation of Settlement may be executed in counterparts.  All counterparts so

3  executed shall constitute one agreement binding on all of the Parties hereto, notwithstanding that

4  all Parties are not signatories to the original or the same counterpart.  Signatures sent by email

5  shall be deemed original signatures and shall be binding.

6

        C.      Arms-Length Negotiations; No Drafting Party

7       The determination of the terms and conditions contained herein and the drafting of the

8  provisions of this Settlement have been by mutual understanding after negotiation, with

9  consideration by, and participation of, the Parties hereto and their counsel and under the

10  supervision of, and upon specific recommendations provided by, JAMS mediator the Honorable

11  Morton Denlow (Ret.).  Any statute or rule of construction that ambiguities are to be resolved

12  against the drafting party shall not be employed in the interpretation of this Stipulation of

13  Settlement, and the Parties agree that the drafting of this Stipulation has been a mutual

14  undertaking.

15

        D.      Entire Agreement

16       All agreements, covenants, representations and warranties, express or implied, written or

17  oral, of the Parties hereto concerning the subject matter hereof are contained in this Stipulation of

18  Settlement and the exhibits hereto.  Any and all prior or contemporaneous conversations,

19  negotiations, drafts, terms sheets, possible or alleged agreements, covenants, representations and

20  warranties concerning the subject matter of this Stipulation of Settlement are waived, merged

21  herein, and superseded hereby.

22

        E.      Retained Jurisdiction

23       The Court shall retain jurisdiction with respect to the implementation and enforcement of

24  the terms of this Stipulation, and all Parties hereto submit to the jurisdiction of the Court for

25  purposes of implementing and enforcing the settlement embodied in this Stipulation.

26

27

28

CLASS ACTION
STIPULATION OF SETTLEMENT
CASE NO. 4:18-CV-06690-HSG

1   F.      Cooperation

2       Each of the Parties hereto shall execute such additional pleadings and other documents

3   and take such additional actions as are reasonably necessary to effectuate the purposes of this

4   Stipulation of Settlement.

5   G.      Amendments in Writing

6       This Stipulation of Settlement may only be amended in writing signed by the Parties and

7   approved by the Court.

8   H.      Binding Effect; Successors and Assigns

9       This Stipulation of Settlement shall inure to the benefit of, and shall be binding upon, the

10  Parties hereto as well as the legal successors and assigns of the Parties hereto and each of them.

11  I.      Construction

12      As used in this Stipulation of Settlement, the terms "herein" and "hereof" shall refer to this

13  Stipulation in its entirety, including all exhibits and attachments, and not limited to any specific

14  sections.  Whenever appropriate in this Stipulation of Settlement, the singular shall be deemed to

15  refer to the plural, and the plural to the singular, and pronouns of any gender shall be deemed to

16  include both genders.

17  J.      Waiver in Writing

18      No waiver of any right under this Stipulation of Settlement shall be valid unless in

19  writing.

20  K.      Computation of Time

21      All time periods set forth herein shall be computed in business days, if seven days or

22  fewer, and calendar days, if eight days or more, unless otherwise expressly provided.  In

23  computing any period of time prescribed or allowed by this Stipulation or by order of the Court,

24  the day of the act, event, or default from which the designated period of time begins to run shall

25  not be included.  The last day of the period so computed shall be included, unless it is a Saturday,

26  a Sunday, or a legal or court holiday, or, when the act to be done is the filing of a paper in Court,

27  a day in which weather or other conditions have made the office of the clerk of the Court

28  inaccessible, in which event the period shall run until the end of the next day as not one of the

aforementioned days.  As used in this subsection, "legal or court holiday" includes New Year's Day, Martin Luther King Day, Presidents' Day, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day, and any other day appointed as a holiday by the President or the Congress of the United States.

L.      No Admission of Liability

Each of the Parties understands and agrees that he, she, or it has entered into this Stipulation of Settlement for purpose of purchasing peace and preventing the risks and costs of any further litigation or dispute.  This settlement involves disputed claims; specifically, Keurig denies any wrongdoing, and the Parties understand and agree that neither this Stipulation of Settlement, nor the fact of this settlement, may be used as evidence or admission of any wrongdoing by Keurig.  The Parties further agree that, to the fullest extent permitted by law, neither this Stipulation nor the Settlement, nor any act performed nor document executed pursuant to or in furtherance of this Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claim or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Released Party or the appropriateness of class certification in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  In addition, any failure of the Court to approve the Settlement and/or any objections or interventions may not be used as evidence in the Action, the Massachusetts Action, or any other proceeding for any purpose whatsoever.  However, the Released Parties may file the Stipulation and/or the Final Settlement Order in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

M.      Stay Pending Court Approval.

Class Counsel and Defendant's Counsel agree to stay all proceedings, other than those proceedings necessary to carry out or enforce the terms and conditions of this Settlement, until

1    the Effective Date of the Settlement has occurred.  If, despite the Parties' best efforts, this

2    Settlement should fail to become effective, the Parties will return to their prior positions in the

3    Actions as further set forth in this Agreement.

4          N.     Protective Orders.

5          All orders, agreements and designations regarding the confidentiality of documents and

6    information ("Protective Orders") remain in effect, and all Parties and counsel remain bound to

7    comply with the Protective Orders.

8          O.     Notice

9          Any notice to the Parties required by this Stipulation of Settlement shall be given in

10    writing by first-class U.S. Mail and e-mail to:

11          For Plaintiffs:

12–18

> Howard Hirsch
> Lexington Law Group
> 503 Divisadero Street
> San Francisco, CA 94117
> hhirsch@lexlawgroup.com
>
> Edward F. Haber
> Shapiro Haber & Urmy
> Seaport East
> Two Seaport Lane
> Boston, MA  02210
> ehaber@shulaw.com

For Defendant:

> Creighton R. Magid
> Dorsey & Whitney LLP
> 1401 New York Avenue, NW, Suite 900
> Washington, DC 20005
> magid.chip@dorsey.com
>
> Arthur C. Swanson
> Gibson Dunn & Crutcher LLP
> 2001 Ross Avenue, Suite 2100
> Dallas, TX 75201
> acswanson@gibsondunn.com

1   IN WITNESS WHEREOF, the parties hereto have executed this Stipulation of Settlement as of
2   the dates set forth below.

3   DATED: Feb. 23 , 2022            _____
4                                    KATHLEEN SMITH

5

6   DATED: _____, 2022
7                                    _____
                                     MATTHEW DOWNING
8

9   DATED: _____, 2022         KEURIG GREEN MOUNTAIN, INC.
10

11
12                                   _____
                                     BY: ANTHONEY SHOEMAKER
13                                        Chief Legal Officer, General Counsel and
                                          Secretary
14
    DATED: _____, 2022         LEXINGTON LAW GROUP
15

16
17                                   _____
                                     HOWARD HIRSCH
18                                   Attorneys for Plaintiffs and the Class

19  DATED: _____, 2022         LAW OFFICE OF GIDEON KRACOV
20

21
                                     _____
22                                   GIDEON KRACOV
                                     Attorneys for Plaintiffs and the Class
23
    DATED: _____, 2022         SHAPIRO HABER & URMY, LLP
24

25
26                                   _____
                                     EDWARD F. HABER
27                                   Attorneys for Plaintiffs and the Class

28

1  IN WITNESS WHEREOF, the parties hereto have executed this Stipulation of Settlement as of
2  the dates set forth below.

3

4  DATED: _____, 2022
   _____
   KATHLEEN SMITH

5

6  DATED: 2-24-22 _____, 2022
   _____
7  MATTHEW DOWNING

8

9  DATED: _____, 2022    KEURIG GREEN MOUNTAIN, INC.
10

11
   _____
12  BY:  ANTHONEY SHOEMAKER
       Chief Legal Officer, General Counsel and
13      Secretary

14  DATED: _____, 2022    LEXINGTON LAW GROUP
15

16
   _____
17  HOWARD HIRSCH
   Attorneys for Plaintiffs and the Class
18

19  DATED: _____, 2022    LAW OFFICE OF GIDEON KRACOV
20

21
   _____
22  GIDEON KRACOV
   Attorneys for Plaintiffs and the Class
23
   DATED: _____, 2022    SHAPIRO HABER & URMY, LLP
24

25

26
   _____
   EDWARD F. HABER
27  Attorneys for Plaintiffs and the Class

28

CLASS ACTION
STIPULATION OF SETTLEMENT
CASE NO. 4:18-CV-06690-HSG

DATED: _____, 2022

_____
KATHLEEN SMITH

DATED: _____, 2022

_____
MATTHEW DOWNING

DATED: _Feb. 24_____, 2022          KEURIG GREEN MOUNTAIN, INC.

_____
BY:  ANTHONY SHOEMAKER
        Chief Legal Officer and Secretary

DATED: _____, 2022          LEXINGTON LAW GROUP

_____
HOWARD HIRSCH
Attorneys for Plaintiffs and the Class

DATED: _____, 2022          LAW OFFICE OF GIDEON KRACOV

_____
GIDEON KRACOV
Attorneys for Plaintiffs and the Class

DATED: _____, 2022          SHAPIRO HABER & URMY, LLP

_____
EDWARD F. HABER
Attorneys for Plaintiffs and the Class

IN WITNESS WHEREOF, the parties hereto have executed this Stipulation of Settlement as of the dates set forth below.

DATED: _____, 2022

_____
KATHLEEN SMITH

DATED: _____, 2022

_____
MATTHEW DOWNING

DATED: _____, 2022          KEURIG GREEN MOUNTAIN, INC.

_____
BY:  ANTHONEY SHOEMAKER
        Chief Legal Officer, General Counsel and
        Secretary

DATED: February 24_____, 2022          LEXINGTON LAW GROUP

_____
HOWARD HIRSCH
Attorneys for Plaintiffs and the Class

DATED: _____, 2022          LAW OFFICE OF GIDEON KRACOV

_____
GIDEON KRACOV
Attorneys for Plaintiffs and the Class

DATED: _____, 2022          SHAPIRO HABER & URMY, LLP

_____
EDWARD F. HABER
Attorneys for Plaintiffs and the Class

1    IN WITNESS WHEREOF, the parties hereto have executed this *Stipulation of Settlement* as of
     the dates set forth below.

2

3    DATED: _____, 2022

4                                             _____
                                             KATHLEEN SMITH
5

6    DATED: _____, 2022

7                                             _____
                                             MATTHEW DOWNING
8

9    DATED: _____, 2022            KEURIG GREEN MOUNTAIN, INC.

10

11                                           _____

12                                           BY: ANTHONEY SHOEMAKER
                                                 Chief Legal Officer, General Counsel and
13                                               Secretary

14   DATED: _____, 2022            LEXINGTON LAW GROUP

15

16

17                                           _____
                                             HOWARD HIRSCH
18                                           Attorneys for Plaintiffs and the Class

19   DATED: __2/23__, 2022                   LAW OFFICE OF GIDEON KRACOV

20

21                                           _____

22                                           GIDEON KRACOV
                                             Attorneys for Plaintiffs and the Class
23

24   DATED: _____, 2022            SHAPIRO HABER & URMY, LLP

25

26                                           _____
                                             EDWARD F. HABER
27                                           Attorneys for Plaintiffs and the Class

28

                                                                    CLASS ACTION
                                        36              STIPULATION OF SETTLEMENT
                                                          CASE NO. 4:18-CV-06690-HSG

IN WITNESS WHEREOF, the parties hereto have executed this Stipulation of Settlement as of the dates set forth below.

DATED: _____, 2022

_____
KATHLEEN SMITH

DATED: _____, 2022

_____
MATTHEW DOWNING

DATED: _____, 2022       KEURIG GREEN MOUNTAIN, INC.

_____
BY:  ANTHONEY SHOEMAKER
     Chief Legal Officer, General Counsel and
     Secretary

DATED: _____, 2022       LEXINGTON LAW GROUP

_____
HOWARD HIRSCH
Attorneys for Plaintiffs and the Class

DATED: _____, 2022       LAW OFFICE OF GIDEON KRACOV

_____
GIDEON KRACOV
Attorneys for Plaintiffs and the Class

DATED: _2-24-22_, 2022       SHAPIRO HABER & URMY, LLP

_____
EDWARD F. HABER
Attorneys for Plaintiffs and the Class

1

2    DATED: **Feb 24** , 2022          DORSEY & WHITNEY LLP

3

4                                      _____
                                       CREIGHTON R. MAGID
5                                      Attorneys for Defendant KEURIG GREEN
                                       MOUNTAIN, INC.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**LIST OF EXHIBITS**

2        A.        Order re:  Preliminary Approval of Class Action Settlement

3        B.        Publication Notice

4        C.        Email Notice

5        D.        Notice Plan

6        E.        Notice of Class Action Settlement

7        F.        Claim Form

8        G.        Final Settlement Order and Judgment

9        H.        Sample Product Label

10       I.        Non-Exclusive Product List

11       J.        Request for Exclusion Form

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

1

**EXHIBIT [A]**

2

3

4

5

6

7

8

9                           **UNITED STATES DISTRICT COURT**

10                   **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11

12   KATHLEEN SMITH, on behalf of herself and  )   Case No.  4:18-cv-06690-HSG
     all others similarly situated,                        )
13                                                          )   <u>CLASS ACTION</u>
                                      Plaintiffs,           )
14                                                          )   [PROPOSED] ORDER PRELIMINARILY
              v.                                            )   APPROVING CLASS ACTION
15                                                          )   SETTLEMENT, CONDITIONALLY
     KEURIG GREEN MOUNTAIN, INC.,                           )   CERTIFYING THE SETTLEMENT CLASS,
16                                                          )   PROVIDING FOR NOTICE AND
                                                            )   SCHEDULING ORDER
17                                                          )
                                      Defendant.            )
18   _____                   )
                                                            )
19

20

21

22

23

24

25

26

27

28

WHEREAS, Plaintiff Kathleen Smith; Defendant Keurig Green Mountain, Inc.; and Matthew Downing, Plaintiff in the related matter of *Downing v. Keurig Green Mountain, Inc.*, Case No. 1:20-cv-11673, venued in the United States District Court for the District of Massachusetts, have entered into a Stipulation of Settlement, filed February 24, 2022, after arms-length settlement discussions conducted in good faith with the assistance of the Honorable Morton Denlow (Ret.);

WHEREAS, the Court has received and considered the Stipulation, including the accompanying exhibits;

WHEREAS, the Parties have made an application for an order preliminarily approving the settlement of this Action, conditionally certifying the settlement class, providing for notice and scheduling order, and for its dismissal with prejudice upon the terms and conditions set forth in the Stipulation; and

WHEREAS, the Court has reviewed the Parties' application for such order, and has found good cause for same.

NOW, THEREFORE, IT IS HEREBY ORDERED:

**A.     The Settlement Class Is Conditionally Certified.**

1.     Pursuant to Federal Rule of Civil Procedure 23, the Court, subject to this Court's final approval of the Settlement, hereby amends the class previously certified by order dated September 21, 2020 and certifies the following Class for settlement purposes only:

> All Persons in the United States who purchased the Challenged Products[1] for personal, family or household purposes within the Class Period.  Specifically excluded from the Class are (a) Defendant, (b) Defendant's Affiliates, (c) the officers, directors, or employees of Defendant and its Affiliates and their immediate family members, (d) any legal representative, heir, or assign of Defendant, (e) all federal court judges who have presided over this Action and their immediate family members; (f) the Hon. Morton Denlow (Ret.) and his immediate family members; (g) all persons who submit a valid and timely Request for Exclusion from the Class; and (h) those who purchased the Challenged Products for the purpose of resale.

---

[1]     All capitalized terms herein shall have the same meanings as set forth in the Stipulation unless otherwise specifically defined.

1

[PROPOSED] ORDER
PRELIMINARILY
APPROVING CLASS
ACTION SETTLEMENT

2.      Keurig Green Mountain Inc., for settlement purposes only and subject to this Court's final approval of the Settlement, hereby consents to the addition of Matthew Downing as a Plaintiff in the Action.

3.      With respect to the Class and for settlement purposes only, the Court preliminarily finds the prerequisites for a class action under Federal Rules of Civil Procedure 23(b)(2) and (b)(3) have been met, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the class representatives and Class Counsel; (e) that Defendant has acted on grounds that apply generally to the Class, such that final injunctive relief is appropriate respecting the Class as a whole; (f) predominance of common questions of fact and law among the Class; and (g) superiority.

4.      Pursuant to Federal Rule of Civil Procedure 23, the Court hereby appoints the Plaintiffs Kathleen Smith and Matthew Downing, as the class representatives.

5.      Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), the Court hereby appoints, subject to this Court's final approval of the Settlement and for settlement purposes only, the Lexington Law Group and Shapiro Haber & Urmy as Class Counsel.

**B.      The Stipulation Is Preliminarily Approved and Final Approval Schedule Set.**

6.      The Court hereby preliminarily approves the Stipulation and the terms and conditions of settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

7.      The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Stipulation, and hereby finds that the settlement falls within the range of reasonableness meriting possible final approval.  The Court therefore preliminarily approves the proposed settlement as set forth in the Stipulation.

8.      Pursuant to Federal Rule of Civil Procedure 23(e), the Court will hold a Final Approval Hearing on _____, at _____ a.m./p.m., in the Courtroom of the Honorable Haywood S. Gilliam, Jr., United States District Court for the Northern District of California,

2

[PROPOSED] ORDER
PRELIMINARILY
APPROVING CLASS
ACTION SETTLEMENT

Oakland Courthouse, Courtroom 2 - 4th Floor, 1301 Clay Street, Oakland, CA 94612, or by telephone conference or Zoom, for the following purposes:

(a)     finally determining whether the Class meets all applicable requirements of Federal Rule of Civil Procedure 23 and, thus, the Class should be certified for purposes of effectuating the settlement;

(b)     determining whether the proposed settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate and should be approved by the Court;

(c)     considering the application of Class Counsel for an award of attorneys' fees and reimbursement of expenses, as provided for under the Stipulation;

(d)     considering the applications of Plaintiffs for class representative incentive awards, as provided for under the Stipulation;

(e)     considering whether the Court should enter the [Proposed] Final Settlement Order and Judgment;

(f)     considering whether the release of the Released Claims as set forth in the Stipulation should be provided; and

(g)     ruling upon such other matters as the Court may deem just and appropriate.

9.     The Court may adjourn the Final Approval Hearing and later reconvene such hearing without further notice to Class Members.

10.     The Parties may further modify the Stipulation prior to the Final Approval Hearing so long as such modifications do not materially change the terms of the settlement provided thereunder.  The Court may approve the Stipulation with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Class Members.

11.     Any application for an award of attorneys' fees and expenses and/or class representative incentive awards must be filed with the Court and served at least forty days prior to the Final Approval Hearing.

3

[PROPOSED] ORDER
PRELIMINARILY
APPROVING CLASS
ACTION SETTLEMENT

12.     All papers in support of the settlement, other than the application for an award of attorneys' fees and expenses and/or class representative incentive awards, must be filed with the Court and served at least seven days prior to the Final Approval Hearing.

**C.     The Court Approves the Form and Method of Class Notice.**

13.     The Court approves, as to form and content, the proposed Publication Notice, Email Notice and Class Notice (collectively the "Notice"), which are Exhibits C, D and F, respectively, to the Stipulation.

14.     The Court finds that the distribution of Notice substantially in the manner and form set forth in the Stipulation meets the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

15.     The Court approves the designation of the Kroll Business Services to serve as the Court-appointed Claim Administrator for the settlement.  The Claim Administrator shall cause the Publication Notice to be published, disseminate the Email Notice and Class Notice, and supervise and carry out the notice procedure, the processing of claims, and other administrative functions, and shall respond to Class Member inquiries, as set forth in the Stipulation and this Order under the direction and supervision of the Court.

16.     The Court directs the Claim Administrator to establish a Settlement Website, making available copies of this Order, Class Notice, Claim Forms that may be downloaded and submitted online, by mail, or by facsimile, the Stipulation and all Exhibits thereto, a toll-free hotline, and such other information as may be of assistance to Class Members or required under the Stipulation.  The Class Notice shall be made available to Class Members through the Settlement Website on the date Publication Notice is first published and continuously thereafter until the end of the Claim Submission Period.  Class Counsel shall also place a link to the Settlement Website on Class Counsels' Internet websites for a period starting from the date the Publication Notice is published through no longer than the end of the Claim Submission Period.

4

[PROPOSED] ORDER
PRELIMINARILY
APPROVING CLASS
ACTION SETTLEMENT

17.     The Claim Administrator is ordered to commence publication of the Publication Notice at least 90 days before the Final Approval Hearing.

18.     The costs of Notice, processing of claims of Class Members, creating and maintaining the Settlement Website, and all other Claim Administrator and Notice expenses shall be paid from the Cash Payment Account in accordance with the applicable provisions of the Stipulation.

**D.      Procedure for Class Members to Participate in the Settlement.**

19.     The Court approves the Parties' proposed Claim Form.  Any Class Member who wishes to participate in the settlement shall complete a Claim Form in accordance with the instructions contained therein and submit it to the Claim Administrator prior to the end of the Claim Submission Period, which date will be specifically identified in the Claim Form.  Such deadline may be further extended without notice to the Class by written agreement of the Parties.

20.     The Claim Administrator shall have the authority to accept or reject claims in accordance with the Stipulation.

21.     Any Class Member may enter an appearance in the Action, at his or her own expense, individually or through counsel who is qualified to appear in the jurisdiction.  All Class Members who do not enter an appearance will be represented by Class Counsel.

**E.      Procedure for Requesting Exclusion from the Class.**

22.     All Class Members who do not timely exclude themselves from the Class shall be bound by all determinations and judgments in the Action concerning the settlement, whether favorable or unfavorable to the Class.

23.     Any person or entity falling within the definition of the Class may, upon his, her or its request, be excluded from the Class.  Any such person or entity must submit a request for exclusion to the Class Action Administrator, with a copy to Class Counsel and Defendant's Counsel, postmarked or delivered no later than 30 days prior to the date of the Final Approval Hearing, the date for which will be specifically identified in the Publication Notice and Class

5

[PROPOSED] ORDER
PRELIMINARILY
APPROVING CLASS
ACTION SETTLEMENT

1  Notice.  Requests for exclusion purportedly filed on behalf of groups of persons or entities are

2  prohibited and will be deemed to be void.

3       24.    Any Class Member who does not send a signed request for exclusion postmarked

4  or delivered on or before the time period described above will be deemed to be a Class Member

5  for all purposes and will be bound by all judgments and further orders of this Court related to the

6  Stipulation of Settlement of this Action and by the terms of the Stipulation, if finally approved by

7  the Court.  The written request for exclusion must include all information required by the Request

8  for Exclusion Form and  be signed by the potential Class Member.  All persons or entities who

9  submit valid and timely requests for exclusion in the manner set forth in the Stipulation shall have

10  no rights under the Stipulation and shall not be bound by the Stipulation or the Final Judgment and

11  Order.

12       25.    A list reflecting all requests for exclusions shall be filed with the Court by the

13  parties at or before the Final Approval Hearing.

14       **F.**    **Procedure for Objecting to the Settlement**

15       26.    Any Class Member who desires to object either to the settlement, application for

16  attorneys' fees and expenses, or class representative incentive awards must timely file with the

17  Clerk of this Court and timely serve on the Parties' counsel and the Claim Administrator by hand

18  or first-class mail a notice of the objection(s) and the grounds for such objections, together with

19  all papers that the Class Member desires to submit to the Court no later than 45 days prior to the

20  date of the Final Approval Hearing, the date for which will be specifically identified in the

21  Publication Notice and Class Notice.  The Court will consider such objection(s) and papers only

22  if such papers are timely received by the Clerk of the Court and by Class Counsel and by

23  Defendant's Counsel.  All objections must: (a) reference the name of the Action, "Smith  v. Keurig

24  Green Mountain, Inc., Case No. 4:18-CV-06690," (b) include the Class Member's name, current

25  postal address, current telephone number, and any email address; (b) demonstrate their standing

26  (i.e. membership in the Class), including information required by the Claim Form; (c) include a

27  written statement of all grounds  for the Class Member's objection, along with any legal support

28

[PROPOSED] ORDER
PRELIMINARILY
APPROVING CLASS
ACTION SETTLEMENT

on which the objection is based or on which the person objecting intends to rely; (d) state whether the Class Member and/or the Class Member's lawyer intends to appear at the Final Approval Hearing and (e) a detailed list of any other objections submitted by the Class Member, or Class Member's counsel, to any class actions submitted in any court, whether state or otherwise, in the United States in the previous five (5) years. If the Class Member or Class Member's counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, the Class Member shall affirmatively state so in the written materials provided in connection with the objection.  Plaintiff or Defendant may seek the Court's approval, prior to the Final Approval Hearing, to take a deposition of any Class Member who submits a timely written objection.

27.     Attendance at the Final Approval Hearing is not necessary; however, any Class Member wishing to be heard orally with respect to approval of the settlement, the applications for attorneys' fees and reimbursement of expenses, or the application for class representative incentive awards are required to provide written notice of their intention to appear at the Final Approval Hearing no later than 30 days prior to the date of the Final Approval Hearing, which date will be specifically identified in the Class Notice.  Class Members who do not oppose the settlement, the applications for attorneys' fees and expenses, or class representative incentive awards need not take any action to indicate their approval.  A Class Member's failure to submit a written objection in accordance with the procedure set forth in the Class Notice waives any right the Class Member may have to object to the settlement, attorneys' fees and expenses, or class representative incentive awards, to appear at the Final Approval Hearing, or to appeal or seek other review of the Final Judgment and Order.

IT IS SO ORDERED.

DATED: _____     _____
                                   HONORABLE HAYWOOD S. GILLIAM, JR.
                                   UNITED STATES DISTRICT COURT JUDGE

7                          [PROPOSED] ORDER
                           PRELIMINARILY
                           APPROVING CLASS
                           ACTION SETTLEMENT

# Exhibit B

**EXHIBIT B**

## <u>LEGAL NOTICE</u>

**IF YOU PURCHASED K CUP® SINGLE SERVE COFFEE PODS LABELED AS RECYCLABLE
Between June 8, 2016 and [Date of Publication Notice], 2022, You Could Get Money from a
Settlement.**

**What Is This Lawsuit About?**
A proposed settlement has been reached in a lawsuit known as *Smith v. Keurig Green Mountain, Inc.* Case No.
4:18-CV-06690-HSG, in United States District Court for the Northern District of California (the "Action").

The Plaintiff in the lawsuit claims that K Cup® single serving coffee pods were labeled as being recyclable when
they were not widely recyclable. Keurig denies any wrongdoing but has agreed to a settlement to avoid the
expense of continued litigation.

**Who is a Settlement Class Member?**
You are a Settlement Class Member if you purchased K Cup® single serving coffee pods labeled as recyclable in the
United States for personal, family or household purposes between June 8, 2016 and [Date of Publication Notice],
2022.  Excluded from eligible Class Members are (a) Keurig, (b) Keurig's Affiliates, (c) the officers, directors, or
employees of Keurig and its Affiliates and their immediate family members, (d) any legal representative, heir, or
assign of Keurig, (e) all federal court judges who have presided over this Action and their immediate family
members; (f) the Hon. Morton Denlow (Ret.) and his immediate family members; (g) all persons who submit a
valid and timely Request for Exclusion from the Class; and (h) those who purchased K Cup® single serving coffee
pods labeled as recyclable for the purpose of resale.

**What does the Settlement Provide?**
(1)  The settlement provides $10 million to pay valid claims (along with claims administrator costs, attorney fees
     and costs, and class representative awards) as follows:  <u>With Proof of Purchase</u>: You can get $3.50 per 100
     pods, or $0.35 per 10 pods, up to $36.00 maximum per household, or you can get $6.00 minimum per
     household regardless of quantity purchased. <u>Without Proof of Purchase</u>: You can get $5.00 per household
     from the Settlement. In each case, you must submit a valid Claim Form by **[Month 00, 2022]**. The actual
     amount received may vary based on the total number of claims filed.

(2)  Keurig also agrees to include the following qualifying statement, clearly and prominently, when it makes any
     recycling representation in connection with selling the pods: "Check Locally – Not Recycled in Many
     Communities."

**What are Your Rights?**
**Do Nothing**:  If you do nothing, you stay in the Settlement, but get no money, and you give up the right to sue
over the claims in this settlement.

**File a Claim**: You must submit a valid Claim Form by **[Month 00, 2022]** to get money from the Settlement.

**Exclude Yourself:** You can exclude yourself from the Settlement and keep your right to sue about the claims in
this lawsuit, but you will not get any money. Exclusion requests must be received by **[Month 00, 2022]**.

**Object:** You remain in the Settlement, but you tell the Court why you think the Settlement should not be
approved. Objections must be submitted by **[Month 00, 2022**. Details on how to object are on the website.

A Final Approval Hearing will be held on **[Month 00, 2022]** at **[00:00 x.m.]** at Courtroom __ of the United States
Courthouse, 1301 Clay Street, Oakland, California, to consider approval of the Settlement, a payment up to a total
of  $3,000,000 for Class Counsel for attorneys' fees, plus Class Counsel's expenses, and Class Representative

**EXHIBIT B**

incentive awards not to exceed $5,000 for Plaintiff Smith and $1,000 to Plaintiff Downing. All motions filed by Class Counsel will be available on the website. You may appear at the hearing, but you do not need to.

**This is only a summary.** More details about the Proposed Settlement and instructions on how to file a claim, object, or exclude yourself are available at **www.kcupsrecyclingsettlement.com** or by calling **1-000-000-0000.**

# Exhibit C

**EXHIBIT C**


TO:
FROM:
SUBJECT: Notice of K Cup® Single Serve Coffee Pods Settlement
_____

### IF YOU PURCHASED K CUP® SINGLE SERVE COFFEE PODS LABELED AS RECYCLABLE
### Between June 8, 2016 and [Date of Publication Notice], 2022, You Could Get Money from a
### Settlement.


**What Is This Lawsuit About?**

A proposed settlement has been reached in a lawsuit known as *Smith v. Keurig Green Mountain, Inc.* Case No. 4:18-CV-06690-HSG in United States District Court for the Northern District of California.

The Plaintiff in the lawsuit claims that K Cup® single serving coffee pods were labeled as being recyclable when they were not widely recyclable. Keurig denies any wrongdoing but has agreed to a settlement to avoid the expense of continued litigation.

**Who is a Settlement Class Member?**

You are a Settlement Class Member if you purchased K Cup® single serving coffee pods labeled as recyclable in the United States for personal, family or household purposes between June 8, 2016 and [Date of Publication Notice], 2022. Excluded from eligible Class Members are (a) Defendant Keurig, (b) Defendant Keurig's Affiliates, (c) the officers, directors, or employees of Defendant Keurig and its Affiliates and their immediate family members, (d) any legal representative, heir, or assign of Defendant Keurig, (e) all federal court judges who have presided over this Action and their immediate family members; (f) the Hon. Morton Denlow (Ret.) and his immediate family members; (g) all persons who submit a valid and timely Request for Exclusion from the Class; and (h) those who purchased K Cup® single serving coffee pods labeled as recyclable for the purpose of resale.

**What does the Settlement Provide?**

(1) The settlement provides $10 million to pay valid claims (along with claims administrator costs, attorney fees and costs, and class representative awards) as follows:  With Proof of Purchase: You can get $3.50 per 100 pods, or $0.35 per 10 pods, up to $36.00 maximum per household, or you can get $6.00 minimum per household regardless of quantity purchased. Without Proof of Purchase: You can get $5.00 per household from the Settlement. In each case, you must submit a valid Claim Form by **[Month 00, 2022]**. The actual amount received may vary based on the total number of claims filed.

(2) Keurig also agrees to include the following qualifying statement, clearly and prominently, when it makes any recycling representation in connection with selling the pods: "Check Locally – Not Recycled in Many Communities."


**What are Your Rights?**

**Do Nothing**:  If you do nothing, you stay in the Settlement, but get no money, and you give up the right to sue over the claims in this settlement.

**File a Claim**: You must submit a valid Claim Form by **[Month 00, 2022]** to get money from the Settlement.

**Exclude Yourself:** You can exclude yourself from the Settlement and keep your right to sue about the claims in this lawsuit, but you will not get any money. Exclusion request must be received by **[Month 00, 2022]**.

**Object:** You remain in the Settlement, but you tell the Court why you think the Settlement should not be approved. Objections must be submitted by **[Month 00, 2022]**.

## EXHIBIT C

A Final Approval Hearing will be held on [**Month 00, 2022**] at [**00:00 x.m.**] at Courtroom ___ of the United States Courthouse, 1301 Clay Street, Oakland, California, to consider approval of the Settlement, a payment up to a total of $3,000,000 for Class Counsel for attorneys' fees , plus Class Counsel's expenses, and Class Representative incentive awards not to exceed $5,000 for Plaintiff Smith and $1,000 to Plaintiff Downing. All motions filed by Class Counsel will be available on the website. You may appear at the hearing, but you do not need to.

**This is only a summary.** More details about the Proposed Settlement and instructions on how to file a claim, object, or exclude yourself are available at **www.WEBSITE.com** or by calling **1-000-000-0000.**

###

# Exhibit D

**EXHIBIT D**

**Notice Plan**

**1.**     **Settlement Website:**  A website regarding this action (www.kcupsrecyclingsettlement.com) will be established in February 2022 by the Claim Administrator to facilitate class claims and the disbursement of settlement funds.  Within 30 days following entry of the Preliminary Approval Order, the following Settlement documents will be posted on the website: (1) the Publication Notice; (2) a list of frequently asked questions and answers; (3) key deadlines; (4) downloadable copies of orders of the Court and other pleadings pertaining to the settlement; (5) a downloadable copy of the Stipulation of Settlement; (6) a downloadable copy of the Class Notice and Claim Form; (7) information about how to contact the Claim Administrator via a toll-free number, via email and mail; and (8) other information required for Class Members to file a claim.  The Settlement Website will be maintained until the end of the Claim Submission Period.  The relevant settlement documents will also be posted on Class Counsel's websites (www.lexlawgroup.com and www.shulaw.com) until the end of the Claim Submission Period.

**2.**     **Toll-Free Telephone Support:**  Within 30 days following entry of the Preliminary Approval Order, a toll-free telephone support system will be established by the Claim Administrator that will provide Class Members with: (1) general information about the settlement; (2) frequently asked questions and answers, as agreed by the Parties; and (3) the ability to request a Class Notice and Claim Form.  The toll-free telephone support system will also include the option to reach a live operator.  The telephone support system will be maintained until 101 days after entry of Final Settlement Order and Judgment.

**3.**     **CAFA Notice:**  The Claim Administrator will provide notice of the terms of the Stipulation of Settlement and other information to the appropriate federal and state official in each State within 10 days after the Stipulation of Settlement is filed with the Court for preliminary approval as required by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (2005) ("CAFA").

**4.**     **Published Notice:**  As soon as reasonably practicable following entry of the Preliminary Approval Order, and at least 90 days before the Final Approval Hearing, the Claim Administrator will provide notice of the settlement by a full-page advertisement in the national edition of People magazine.  The Claim Administrator will also publish a summary notice in a California edition of USA Today once a week for four weeks, in compliance with California's Consumer Legal Remedies Act, Civil Code § 1750, et seq. The notices will direct Class Members to the Settlement Website and the toll-free telephone number referenced above.  The specific language of these notices will be substantially as set forth in Exhibit C to the Stipulation of Settlement.

**5.**     **Email Notice.**  At least 90 days before the Final Approval Hearing or some other date set by the Court, the Claim Administrator will provide Email Notice to those Class

Members who were direct purchasers of the Challenged Products from Keurig.com during the Class Period.

**6.**    **PR Newswire Press Release:**  Within thirty (30) days following entry of the Preliminary Approval Order, the Claim Administrator will issue via PR Newswire a press release in English and Spanish targeting potential Class Members.  The press release will direct Class Members to the Settlement Website and the toll-free telephone number referenced above.

**7.**    **Internet and Mobile Media Advertisements:**  Within thirty (30) days following entry of the Preliminary Approval Order, the Claim Administrator will place internet advertisements in English and Spanish targeting potential Class Members on Multiple Inventory Exchanges, Google Ads, Facebook, Instagram, and Twitter.  The advertisements will continue for a period of approximately thirty (30) days.  The internet and mobile advertisements will direct Class Members to the Settlement Website and the toll-free telephone number referenced above.

# Exhibit E

**EXHIBIT E**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**IF YOU PURCHASED
K CUP® SINGLE SERVE COFFEE PODS LABELED AS RECYCLABLE
YOU MAY BE ENTITLED TO MONEY AND OTHER BENEFITS**

THIS NOTICE AFFECTS YOUR RIGHTS.

*A Federal Court authorized this notice.*
*This is not a solicitation from a lawyer.*

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| SUBMIT A CLAIM FORM | The only way to get a cash payment. |
| EXCLUDE YOURSELF | Get no settlement benefits.  Remove yourself from both the settlement and the lawsuit. |
| OBJECT | Write to the Court about why you don't like the settlement. |
| DO NOTHING | Get no cash payment.  Give up your rights. |

Please read this entire Class Notice carefully.

Your rights and options – **and the deadlines to exercise them** – are explained in this Notice.

## WHAT IS THIS LAWSUIT ABOUT?

A proposed settlement has been reached in a class action lawsuit about the labeling and advertising of K Cup® single serving coffee pods labeled as recyclable. The plaintiffs in the lawsuit assert that the packaging and advertising for these products misled consumers to believe that the Products were widely recyclable. Defendant Keurig Green Mountain, Inc. ("Keurig") denies all the plaintiffs' allegations and is entering into this settlement to avoid burdensome and costly litigation. The settlement is not an admission of wrongdoing. The court has not decided who is right and who is wrong.

## WHO IS INCLUDED IN THE SETTLEMENT CLASS?

You may be a member of the Class if you purchased K Cup® single serving coffee pods labeled as recyclable in the United States for personal, family or household purposes during the time period from June 8, 2016 through the date the notice to the Class is first published. The K Cup® single serve coffee pods labeled as recyclable at issue in the litigation, are referred to as the "Challenged Products."

The following persons are excluded from the settlement class: (a) Keurig; (b) Keurig's Affiliates (as further defined in the Settlement), (c) the officers, directors, or employees of Keurig and its Affiliates and their immediate family; (d) any legal representative, heir, or assign of Keurig; (e) all federal court judges who have presided over this Action and their immediate family; (f) the Hon. Morton Denlow (Ret.) and his immediate family members; (g) all persons who submit a valid and timely Request for Exclusion from the Class; and (h) those who purchased the Challenged Products for the purpose of resale.

## THE SETTLEMENT BENEFITS – WHAT YOU MAY GET

### INJUNCTIVE RELIEF

Keurig shall not represent that K Cup® pods are recyclable without clearly and prominently include the following qualifying statement: "Check Locally – Not Recycled in Many Communities." Keurig must also increase the font size of its qualifying statement on all labels and packaging.

### CASH PAYMENTS AND COUPONS FROM THE CLAIM PROCESS

Keurig shall pay a total of $10 million in cash for payment of approved Class Member claims, certain notice and administrative costs, incentive awards to the named plaintiffs, and attorneys' fees and costs. If you purchased one or more Challenged Products, you are eligible to receive a cash payment. The amount to which you may be eligible will depend on the statements in your Claim Form. Details are provided below.

## HOW YOU GET SETTLEMENT BENEFITS – SUBMITTING A CLAIM FORM

### HOW CAN I RECEIVE BENEFITS UNDER THE SETTLEMENT?

You must return a Claim Form to receive a cash payment under the settlement. A copy of the Claim Form is included in this Notice Package. Claim Forms are also available at www.kcupsrecyclingsettlement.com or by calling 1-800-xxx-xxxx.

### HOW MUCH WILL I RECEIVE?

**Cash Payments**

**A.  No Proof of Purchase – $5.00 per Household**

If you elect to receive the cash payment and do not have any proof of purchase, such as a receipt, you may be eligible to receive $5.00 per household.

**B.  With Proof of Purchase – $36.00 Maximum Payment**

If you elect to receive the cash payment and have proof of purchase, you are eligible to receive $3.50 per 100 pods purchased (35 cents per 10 pods).  The maximum cash payment is $36.00 per household and the minimum total payment is $6.00 if you have proof of purchase for your purchases.

## DO I NEED TO HAVE MY RECEIPTS TO PARTICIPATE IN THE SETTLEMENT?

You do **not** need to submit proof of purchase if you are submitting a claim for Challenged Products.  However, you may be eligible to receive up to $31.00 more in cash than the $5.00 minimum if you have proof of purchase, such as receipts, email or order or shipping confirmations.

## HOW DO I SEND IN A CLAIM?

The Claim Forms are simple and easy to complete.

The Claim Form requires that you provide:

- Your name, mailing address, and other contact information; AND

- The approximate number of pods that you purchased, the particular pods you purchased, and the approximate date(s) within the class period when you purchased the pods; AND

- Your signature, under penalty of perjury, confirming that the information provided is true and correct; AND

- Provide a receipt or receipts showing each Challenged Product purchase on which the claim is based, or other similar documentation that reflects an eligible purchase (i.e., email order or shipping confirmations).

*Please return a Claim Form if you think that you have a claim.  Returning a Claim Form is the only way to receive a payment from this settlement.  No claimant or household may submit more than one Claim Form, and two or more claimants may not submit Claim Forms for the same alleged purchases or household.*

The Claim Administrator may request additional information if the Claim Form is insufficient to process your claim.  Failure to provide any requested documentation may result in the denial of your claim and may limit the type of remedy you receive.

## WHEN IS THE CLAIM FORM DUE?

You must file your claim, so that it is postmarked or submitted online by 11:59 p.m. Pacific time, no later than [30 days after the Final Approval Hearing], 2022.

## WHO DECIDES MY CLAIM?

The Claim Forms will be reviewed by an independent Claim Administrator according to criteria agreed to by the parties.

The Claim Administrator may contact you or other persons listed in your Claim Form if he or she needs additional information or otherwise wants to verify information in your Claim Form.

The Claim Administrator's determination is final.  Neither you nor Keurig can appeal or contest the decision of the Claim Administrator.

WHEN WOULD I GET MY PAYMENT?

The Court will hold a hearing on _____ to decide whether to approve the settlement.  If the Court approves the settlement, after that there may be appeals.  It is always uncertain how long these appeals will take to resolve, but resolving them can take more than a year.  If there are no appeals or other delays, you should be sent your cash payment by the Claim Administrator in approximately _____.

WHAT IF THE FUND IS TOO SMALL?  TOO LARGE?

If the total amount of cash claims, certain notice and administrative costs, incentive awards to the named plaintiffs, and attorneys' fees and costs exceeds the cash balance, all approved claims for cash payments will be reduced pro rata, based on the respective dollar amounts of the approved claims, until the total aggregate of approved claims equals the cash balance.

If, after everyone sends in Claim Forms, the total of all approved claims, certain notice and administrative costs, incentive awards to the named plaintiffs, and attorneys' fees and costs are *less than* the cash balance, the unused money will be donated to the Ocean Conservancy (75%) and Consumer Reports, Inc. (25%), nonprofit foundations that will donate the funds to charitable organizations that best serve the needs of the Class.  Such funds will not be returned to Keurig.

WHAT HAPPENS IF I DO NOTHING AT ALL?

You ***must*** return a Claim Form to receive any payment.  If you do nothing, you will get no money from the settlement.  But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Keurig or any affiliated entities about the legal issues in this case.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

HOW DO I GET OUT OF THE SETTLEMENT?

If you do not wish to be included in the Class and receive settlement benefits, you must send a written request stating that you want to be excluded from this lawsuit.  In order for your exclusion request to be valid, it must: (1) contain your name, current postal address, current telephone number, any email address, and your original signature; (b) reference the name of the Action, "*Smith v. Keurig Green Mountain, Inc.*, Case No. 4:18-CV-06690-HSG;" and (c) be postmarked no later than 45 days prior to the Final Approval Hearing and mailed to:

**Keurig K Cup® Pods Class Settlement**
**Claims Administrator**
**XXX**
**P.O. Box XXXX**
**XXX**

If you asked to be excluded, you will not get any settlement payment, and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit.  You may be able to sue (or continue to sue) Keurig or any affiliated entity in the future.

If you have a pending lawsuit against Keurig, speak to your lawyer immediately.  You may need to exclude yourself from this lawsuit in order to continue your own lawsuit.  Remember, the exclusion deadline is [45 days prior to Final Approval Hearing date].

## THE LAWYERS REPRESENTING YOU

### DO I HAVE LAWYERS IN THIS CASE?

The Court appointed the Lexington Law Group [and Shapiro Haber & Urmy] to represent you and other Class Members.  These lawyers are called Class Counsel.  If you want to be represented by your own lawyer, you may hire one at your own expense.

### HOW WILL THE LAWYERS BE PAID?

Class Counsel will ask the Court to award them attorneys' fees and expenses.  Class Counsel will make an application to the Court for an amount up to $3,000,000 in attorneys' fees, plus their out-of-pocket expenses.

One of the named plaintiffs, Kathleen Smith, will also ask the Court to award her an amount not to exceed $5,000 for her extensive time and effort acting as plaintiff and for her willingness to bring this litigation and act on behalf of consumers.  One of the named plaintiffs, Matthew Downing, will ask the Court to award him an amount not to exceed $1,000 for his time and effort acting as a plaintiff and for his willingness to bring this litigation and act on behalf of consumers.  These amounts, if approved by the Court, will be paid from the Claim Fund.

The costs to administer the settlement, to review Claim Forms, and notify Class Members about this settlement will be paid out of the Claim Fund.  These costs shall not exceed $500,000.

## OBJECTING TO THE SETTLEMENT

### HOW DO I TELL THE COURT THAT I DO NOT LIKE THE SETTLEMENT?

If you are a Class Member, you can object to the settlement if you do not like any part of it and the Court will consider your views.  In order for your objection to be valid, you must send a letter to the Court and the parties and it must (a) reference the name of the Action, "*Smith v. Keurig Green Mountain, Inc.*, Case No. 4:18-CV-06690-HSG (N.D. California)"; (b) your name, current postal address, current telephone number, and any email address; and if represented by counsel, the name and email address of your counsel; (c) a written statement of all grounds for the objection, accompanied by any legal support for such objection; (d) whether you intend to appear at the Final Approval Hearing, either with or without counsel; (e) contain *a statement under penalty of perjury that you purchased Keurig K Cup® Pods labeled as "Recyclable" that are at issue in the litigation in the United States during the during the time period of June 8, 2016 through [Date of Notice], including all other information required in a Claim Form*; and (f) a detailed list of any other objections submitted by you, or your counsel, to any class actions submitted in any court in the United States in the past five (5) years.  If you or your counsel have not objected to any other class action settlement in the United States in the past five (5) years, you must state so.  This objection **must be postmarked** no later than [45 days prior to the Final Approval Hearing date].  Send your objection to:

> Clerk of the Court
> United States District Court
> Northern District of California (Oakland Division)
> 1301 Clay Street
> Oakland, CA 94612

### WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING?

Objecting is telling the Court that you do not like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class or the lawsuit. You cannot request exclusion **and** object to the settlement. If you exclude yourself, you have no basis to object because the case no longer affects you.

## RELEASE OF CLASS MEMBERS' CLAIMS AND DISMISSAL OF LAWSUIT

IN RETURN FOR THESE SETTLEMENT BENEFITS, WHAT AM I GIVING UP?

If the Court approves the proposed settlement and you do not request to be excluded from the Class, you must release (give up) all claims that are subject to the Released Claims, and the case will be dismissed on the merits and with prejudice. The Released Claims include all claims that were or could have been raised based on the facts alleged in the lawsuit. A copy of the release is attached to this notice as Exhibit 1. **If you remain in the Class, you may not assert any of those claims in any other lawsuit or proceeding. This includes any other lawsuit or proceeding already in progress.**

## THE FINAL APPROVAL HEARING

WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Judge will hold a Final Approval Hearing at ___ on _____ at the United States District Court for the Northern District of California 1301 Clay Street, Oakland, CA 94612, in Courtroom 2 on the 4th Floor (but may be held by Zoom or teleconference). At this hearing, the Judge will consider whether the settlement is fair, reasonable and adequate. If there are objections, the Judge will consider them. The Judge will listen to Class Members who have asked to speak at the hearing. Any Class Member wishing to be heard orally with respect to approval of the settlement are required to provide written notice of their intention to appear at the Final Approval Hearing no later than [30 days prior to the date of the Final Approval Hearing.]

After the hearing, the Judge will decide whether to approve the settlement. We do not know how long this decision will take.

DO I HAVE TO COME TO THE HEARING?

No. Class Counsel will answer questions the Judge may have. But, you are welcome to come at your own expense. If you submit an objection, you do not have to come to the Court to talk about it. As long as you delivered your written objection on time, the Judge will consider it. You may also pay your own lawyer to attend, but it is not necessary.

## GETTING MORE INFORMATION

ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?

This Notice summarizes the proposed settlement. More details are in the Stipulation of Settlement. You can get a copy of the Stipulation of Settlement by writing to **K Cup® Single Serve Coffee Pod Class Settlement, Claims Administrator, XXXX** or on the internet at www.kcupsrecyclingsettlement.com.

If you have questions about how to complete a Claim Form, you can call the Claim Administrator at _____. You can also contact attorneys for the class at www.lexlawgroup.com.

**PLEASE DO NOT CALL OR WRITE TO THE COURT FOR INFORMATION OR ADVICE.**

DATED: _____

/s/ Hon. Haywood S. Gilliam, Jr.

BY ORDER OF THE U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**Exhibit 1 – Released Claims**

**[Excerpted from pages 19-21 of the Stipulation of Settlement]**

**RELEASES**

A.      As of the Effective Date, and except as to such rights or claims as may be created by this Stipulation, in consideration of the settlement obligations set forth herein, all Releasing Parties, whether individual, class, representative, legal, equitable, administrative, direct or indirect, or any other type or in any other capacity, release and forever discharge all Released Parties from any and all claims, demands, rights, causes of action, suits, petitions, complaints, damages of any kind, liabilities, debts, punitive or statutory damages, penalties, losses, and issues of any kind or nature whatsoever, asserted or unasserted, known or unknown, suspected or unsuspected (including, but not limited to, any and all claims relating to or alleging deceptive or unfair business practices, false or misleading advertising, intentional or negligent misrepresentation, negligence, concealment, omission, unfair competition, promise without intent to perform, unsuitability, unjust enrichment, and any and all claims or causes of action arising under or based upon any statute, act, ordinance, or regulation governing or applying to business practices generally), existing now or in the future, arising out of or related to (1) Recycling Representations made with respect to the Challenged Products prior to the Graphics Transition End Date and/or (2) Settlement Recycling Representations made with respect to the Challenged Products, provided, however, that this release shall not apply to claims or causes of action arising from a final determination or regulation made by a governmental entity pursuant to statute (such as California S.B. 343) that the Challenged Products, polypropylene products, or polypropylene products of the Challenged Products' dimensions (with such dimensions specified by such governmental entity) are not recyclable under such statute and are not otherwise permitted to make a qualified statement substantially similar to the Settlement Recycling Representation.  For the purposes of this paragraph, a Recycling Representation shall be considered to have been "made," with respect to printed materials, as of the date of printing.

B.      No Released Party that complies with the terms set forth in Section III.A herein shall be liable for another party's failure to comply with such terms, nor shall the failure of any entity to comply with the terms set forth in Section III.A herein void or limit in any way the release provided to the Released Parties that comply with such terms.  A Noncompliant Partner Brand shall be solely responsible for the failure of any Noncompliant Partner Brand Products to comply with the terms set forth in Section III.A herein, and Defendant's manufacture, sale or distribution of Noncompliant Partner Brand Products shall not be deemed

noncompliance with the terms set forth in Section III.A herein and shall not void or limit in any way the release otherwise provided to Defendant and the other Released Parties.

C.      With respect to the Released Claims, each Class Member shall be deemed to have waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits conferred by any law of any state of the United States, or principle of common law or otherwise, which is similar, comparable, or equivalent to section 1542 of the California Civil Code, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Class Members understand and acknowledge the significance of these waivers of California Civil Code section 1542 and any other applicable federal, state or other statute, case law, rule or regulation relating to limitations on releases.  In connection with such waivers and relinquishment, the Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally, and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the release of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

D.      The Parties shall be deemed to have agreed that the release set forth herein will be and may be raised as a complete defense to and will preclude any action or proceeding against any of the Released Parties based on the Released Claims.

E.      As of the Effective Date, by operation of entry of judgment, the Released Parties shall be deemed to have fully released and forever discharged Plaintiffs, all other Class Members and Class Counsel from any and all claims of abuse of process, malicious prosecution, or any other claims arising out of the initiation, prosecution, or resolution of the Action, including, but not limited to, claims for attorneys' fees, costs of suit or sanctions of any kind, or any claims arising out of the allocation or distribution of any of the consideration distributed pursuant to this Stipulation of Settlement.

# Exhibit F

# EXHIBIT F

### K CUP® SINGLE SERVE COFFEE PODS LABELED AS RECYCLABLE ("Challenged Products")

### CLAIM FORM

**You can also submit online at www.kcupsrecyclingsettlement.com.**

Use this Claim Form to claim refunds of a portion of the purchase price of one or more of the Challenged Products (up to a maximum of **$36 with proof of purchase** or **$5.00** if you do not have proof of purchase information). This Claim Form is only for claims concerning the purchase(s) of Challenged Products set out on the attached list and only for those purchases made in the United States during the time period of June 8, 2016 through the date notice to the class is first published. You cannot use this form to make a claim concerning the purchase(s) of any other products manufactured by Keurig Green Mountain, Inc. or another company. You may submit only one Claim Form per household.  A "household" means any number of persons cohabitating and related by blood or marriage in the same dwelling unit or physical address.  **All Claim Forms must be postmarked or submitted online by 11:59 p.m. Pacific Time [30 Days after Final Approval Hearing].**  If mailing, please return this form to:

Keurig K Cup® Pods Class Settlement
Claims Administrator
XXX Claims Group
P.O. Box XXXX
XXX-XXX

| | |
|---|---|
| **1.** | **Class Member Information:** |

Name: _____   Telephone or email: _____

Address: _____

City: _____   State: _____   Zip Code: _____

| | |
|---|---|
| **2.** | **Payment Options (for more details, please consult the Class Notice, available on website):** |

**If you have proof of purchase (in the form of receipts, email orders, or shipping confirmation(s)) for your Challenged Products purchased in the United States between June 8, 2016 through** the date notice to the class is first published**, please check the box below, identify the applicable purchases as noted below, and mail this form along with your proof of purchase to the address above.**

☐ Eligible for up to $36 in cash per household with proof of purchase. (Actual amount will be based on $3.50 per 100 pods purchased (35 cents per 10 pods) with a $6.00 minimum).

**Purchases of Challenged Product(s):**
Product(s):
Number of pods:
Purchase date(s):

_____

**If you do _not_ have proof of purchase, but purchased Challenged Products in the United States between June 8, 2016 through** the date notice to the class is first published**, please check the box below and mail this form to the address above:**

☐ Eligible for up to $5.00 per household without receipts.

**Purchases of Challenged Product(s):**
Product(s):
Approximate number of pods:
Approximate purchase date(s):

| | |
|---|---|
| **3.** | **You _must_ sign below:** |

| **28 U.S.C. §1746 AFFIRMATION** |
| --- |
| I UNDERSTAND THAT THE DECISION OF THE CLAIM ADMINISTRATOR IS FINAL AND BINDING ON ME AND ON KEURIG.<br><br>I SWEAR UNDER PENALTY OF PERJURY THAT THE INFORMATION ON THIS CLAIM FORM IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.<br><br>SIGNATURE: _____   DATE: _____ |
| **CLAIM FORMS MUST BE POSTMARKED OR SUBMITTED ONLINE BY [30 Days prior to Final Hearing].**<br>**QUESTIONS?  VISIT www.kcupsrecyclingsettlement.com OR CALL 1-800-xxx-xxxx.** |

# Exhibit G

**EXHIBIT G**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KATHLEEN SMITH and MATTHEW DOWNING, on behalf of themselves and all others similarly situated, | Case No. 4:18-cv-06690-HSG |
| Plaintiffs, | CLASS ACTION |
| v. | **[PROPOSED] FINAL SETTLEMENT ORDER AND JUDGMENT** |
| KEURIG GREEN MOUNTAIN, INC., | Judge:   Hon. Haywood S. Gilliam, Jr. |
| Defendant. | |

IT IS HEREBY ADJUDGED AND DECREED THAT:

1. This Judgment incorporates by reference the definitions in the Stipulation of Settlement dated _____, 2022 ("Stipulation"), attached as Exhibit A, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation unless set forth differently herein.  The terms of the Stipulation are fully incorporated in this Judgment as if set forth fully here.

2. The Court has jurisdiction over the subject matter of this action and all Parties to the action, including all Class Members who do not timely and validly exclude themselves from the Class.  The list of excluded Class Members is attached as Exhibit B.

3. Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court hereby amends the class previously certified by order dated September 21, 2020 by certifying the following Class:

> All Persons in the United States who purchased the Challenged Products for personal, family or household purposes within the Class Period.  Specifically excluded from the Class are (a) Defendant, (b) Defendant's Affiliates, (c) the officers, directors, or employees of Defendant and its Affiliates and their immediate family members, (d) any legal representative, heir, or assign of Defendant, (e) all federal court judges who have presided over this Action and their immediate family members; (f) the Hon. Morton Denlow (Ret.) and his immediate family members; (g) all persons who submit a valid and timely Request for Exclusion from the Class; and (h) those who purchased the Challenged Products for the purpose of resale.

4. Pursuant to Federal Rule of Civil Procedure 23(c)(3), all such persons or entities who satisfy the Class definition above, except those Class Members who timely and validly excluded themselves from the Class, are Class Members bound by this Judgment.

5. For settlement purposes only, the Court finds:

(a) Pursuant to Federal Rule of Civil Procedure 23(a), Kathleen Smith and Matthew Downing are members of the Class, their claims are typical of the Class, and they fairly and adequately protected the interests of the Class throughout the proceedings in the Action. Accordingly, the Court hereby appoints Kathleen Smith and Matthew Downing as class representatives;

[PROPOSED] FINAL
SETTLEMENT ORDER AND
JUDGMENT

(b)     The Class meets all of the requirements of Federal Rules of Civil Procedure 23(b)(2) and (b)(3) for certification of the class claims alleged in the First Amended Complaint filed by Kathleen Smith, including: ((a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the class representatives and Class Counsel; (e) that Defendant has acted on grounds that apply generally to the Class, such that final injunctive relief is appropriate respecting the Class as a whole; (f) predominance of common questions of fact and law among the Class; and (g) superiority; and

(c)     Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, Class Counsel have fairly and adequately represented the Class for purposes of entering into and implementing the settlement.  Accordingly, the Court hereby appoints Class Counsel as counsel to represent Class Members.

6.     Persons or entities that filed timely and valid exclusion requests are not bound by this Judgment or the terms of the Stipulation and may pursue their own individual remedies against Defendant.  However, such excluded parties are not entitled to any rights or benefits provided to Class Members by the terms of the Stipulation.  The list of persons and entities excluded from the Class because they filed timely and valid requests for exclusion is attached hereto as Exhibit B.

7.     The Court directed that notice be given to Class members by publication and other means pursuant to the notice program proposed by the Parties in the Stipulation and approved by the Court.  The Parties have demonstrated compliance with this Court's Preliminary Approval Order regarding class notice.  The Class Notice advised Class members of the terms of the settlement; the Final Approval Hearing and their right to appear at such hearing; their rights to remain in or opt out of the Class and to object to the settlement; the procedures for exercising such rights; and the binding effect of this Judgment, whether favorable or unfavorable, to the Class.

8.     The distribution of the notice to the Class constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, 28 U.S.C. §1715 and any other applicable law.

[PROPOSED] FINAL
SETTLEMENT ORDER AND
JUDGMENT

9.      Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds after a hearing and based upon all submissions of the Parties and other persons that the settlement proposed by the Parties is fair, reasonable, and adequate.  The terms and provisions of the Stipulation are the product of arms-length negotiations conducted in good faith and with the assistance the Honorable Morton Denlow (Ret.).  The Court has considered any timely and valid objections to the Settlement and finds that such objections are without merit and should be overruled.  Approval of the Stipulation will result in substantial savings of time, money and effort to the Court and the Parties, and will further the interests of justice.

10.      Upon the Effective Date, the named Plaintiffs and each Class Member other than those listed on Exhibit B shall be deemed to have, and by operation of this Final Settlement Order and Judgment shall have released, waived and discharged with prejudice Defendant and the other Released Parties from any and all Released Claims as set forth in Section IV of the Stipulation.

11.      All Class Members who have not timely and validly submitted requests for exclusion are bound by this Judgment and by the terms of the Stipulation.

12.      The Plaintiffs in the Action initiated this lawsuit, acted to protect the Class, and assisted their counsel.  Their efforts have produced the Stipulation entered into in good faith that provides a fair, reasonable, adequate and certain result for the Class.  Plaintiff Smith is entitled to an incentive award of $_____.  Plaintiff Downing is entitled to an incentive award of $_____.  Class Counsel is entitled to reasonable attorneys' fees of $_____ and reasonable expenses of $_____.

13.      The Court hereby dismisses the Action with prejudice, and the Released Parties are hereby released from all further liability for the Released Claims.

14.      Without affecting the finality of this Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Judgment and the Stipulation, and all matters ancillary thereto.

3

[PROPOSED] FINAL
SETTLEMENT ORDER AND
JUDGMENT

15.     The Court finding that no reason exists for delay in ordering final judgment pursuant to Federal Rule of Civil Procedure 54(b), the clerk is hereby directed to enter this Judgment forthwith.

16.     The Parties are hereby authorized without needing further approval from the Court to agree to and adopt such modifications and expansions of the Stipulation, including without limitation the claim review procedure, that are consistent with this Judgment and do not limit the rights of Class Members under the Stipulation.


**IT IS SO ORDERED.**


DATED: _____        _____
                                  HONORABLE HAYWOOD GILLIAM, JR.
                                  UNITED STATES DISTRICT COURT JUDGE

4                               [PROPOSED] FINAL
                                SETTLEMENT ORDER AND
                                JUDGMENT

# Exhibit H

## EXHIBIT H

Representative examples of the new qualifying language and font size ratio:





# Exhibit I

**EXHIBIT I**

Amazon Fresh
Wellsley Farms
Harris Teeter
Kirkland Signature
Kroger
Private Selection
Simple Truth
Market Basket
Bowl and Basket
Wholesome Pantry
Great Value
Executive Suite
Royal Cup
Java Roast
Shazam
Bigelow
Celestial Seasonings
Dunkin Donuts
illy
Cafe Bustelo
Folgers
Joffrey's Coffee & Tea Co.
Ethical Bean
Baileys
Gevalia
Hershey
Maxwell House
York Peppermint
Yuban
Lavazza
Seattle's Best Coffee
Starbucks
Peets
French Market
Luzianne
New England Coffee

Eight O'Clock
Lipton
Red Rose
Tazo Tea
Tim Hortons
Twinings
 Barista Prima Coffeehouse
Café Escapes
Coffee People
Donut House Collection
Diedrich Coffee
The Original Donut Shop
Gloria Jean's
Green Mountain Coffee Roasters
Green Mountain Naturals
Revv
Timothy's
Tullys
Van Houtte
Motts
Snapple
Caribou
Cinnabon
Emeril's
Kahlua
Laughing Man
Krispy Kreme Doughnuts
McCafe
Newmans Own Organic
Panera
Swiss Miss Hot Cocoa

# Exhibit J

## EXHIBIT J

### <u>REQUEST FOR EXCLUSION FORM</u>

**Read the enclosed legal notice carefully before filling out this form.**

  The undersigned has read the Notice of Class Action dated [DATE], and does NOT wish to remain a member of the certified Class in the case of *Smith v. Keurig Green Mountain, Inc*., Case No. 4:18-CV-06690-HSG, now pending before the United States District Court for the Northern District of California.

Date:
Signature:
Printed Name:
Mailing Address:
Telephone:


If you wish to exclude yourself from the Class, you must complete and return this form by first-class mail postmarked by [DATE] [45 days prior to the Final Approval Hearing].

  [Name and Address of Claims Administrator]

# Exhibit 2

| FIRST NAME | LAST NAME |
| --- | --- |
| SUSAN | ABBATTE |
| HELGE | BLUCHER |
| TERESA | BRIGHT |
| LEE | COLE JR. |
| DEBORAH | DAVIS |
| ALEXANDER | FINKEL |
| VICTORIA | RAFA |
| JAMES | RYAN |
| PATTY | SMARR |
| MARK | SULLIVAN |
| WENDY | ULCH |
| RICKY | VANCE |